Davor Rukavina, Esq.
Texas Bar No. 24030781
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone:　(214) 855-7500
E-mail:　　drukavina@munsch.com
　　　　　kjaksa@munsch.com

PROPOSED COUNSEL TO THE
DEBTORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FCI SAND OPERATIONS, LLC, *et al.*, | § | Case No. 25-80481-mvl-11 |
| | § | |
| Debtors.¹ | § | Jointly Administered |

**AMENDED DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ AT LEAST TWO (2) BUSINESS DAYS BEFORE THE START OF THE HEARING. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET AT LEAST TWO (2) BUSINESS DAYS BEFORE THE START OF THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HYBRID HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 30, 2025 AT 2:00 P.M. (CT) IN COURTROOM 1424, FLOOR 14, 1100 COMMERCE ST., DALLAS, TEXAS 75242. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207 ACCESS CODE: 2301-476-1957. VIDEO COMMUNICATION WILL BE BY THE USE OF CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE LARSON'S HOME PAGE. THE MEETING CODE IS 2301-476-1957. CLICK**

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: FCI Sand Operations, LLC (2539) and FCI South, LLC (4193) (the "Debtors"). The location of the Debtors' service address is 606 County Rd. 121, Marble Falls, TX 78654.

> THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.
>
> HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LARSON'S HOME PAGE OR BELOW. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.
>
> **[ELECTRONIC APPEARANCES | NORTHERN DISTRICT OF TEXAS | UNITED STATES BANKRUPTCY COURT](#)**.

COME NOW FCI Sand Operations, LLC ("FCI Sand") and FCI South, LLC ("FCI South," and together, the "Debtors"), the debtors-in-possession in the above styled and numbered bankruptcy cases (the "Bankruptcy Cases"), and file this their *Amended Motion for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* (the "Motion") and respectfully state:

## I. RELIEF REQUESTED

1. By this Motion, the Debtors request entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course, and (ii) granting related relief.

## II. JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2), a matter that arises exclusively under the provisions of the United States Code, Title 11 §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), and as to which the Court accordingly has the power consistent with the United States Constitution to enter

a final order. The Debtors expressly consent to such a final disposition by this Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code, rules 2014, 2016, and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), rules 2014-1 and 2016-1 of the Local Court Rules of the United States Bankruptcy Court for the Northern District of Texas ("Local Rules"), and the Procedures for Complex Cases in the Northern District of Texas.

### III.    BACKGROUND

4.     On July 30, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division to be jointly administered. The Bankruptcy Cases are procedurally being jointly administered. The Debtors continue to operate their business and to manage their estates as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 21, 2025, the United States Trustee appointed a statutory committee of unsecured creditors in these Chapter 11 Cases (the "Committee"). No trustee, or examiner has been appointed.

### IV.    BASIS FOR RELIEF REQUESTED

5.     The Debtors employ various attorneys, accountants, auditors, and other professionals in the ordinary course of their businesses (collectively, the "OCPs"). The OCPs provide services for the Debtors in a variety of matters unrelated to these chapter 11 cases, including specialized legal services, accounting services, tax services, and certain consulting services. A non-exclusive list of the Debtors' current OCPs (the "OCP List") is attached hereto as **Exhibit B**. The Debtors may also seek to employ additional OCPs as necessary in the course of

these chapter 11 cases, subject to the procedures set forth herein and in **Annex 1** to **Exhibit A** attached hereto (collectively, the "OCP Procedures").

6. The Debtors submit that the continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest. The OCPs have significant knowledge, expertise, and familiarity with the Debtors and their operations. Although the Debtors anticipate that the OCPs will wish to continue to serve the Debtors during these chapter 11 cases, many would not be in a position to do so if the Debtors cannot pay them on a regular basis. Without the knowledge, expertise, and familiarity that the OCPs have, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals. Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operations of the Debtors' businesses. Moreover, in light of the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

7. Although an OCP may hold a relatively small unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs has an interest materially adverse to the Debtors, their creditors, or other parties in interest.

### V.   THE DEBTORS' PROPOSED OCP PROCEDURES

8. The OCP Procedures will establish a streamlined process for the retention and compensation of OCPs during these chapter 11 cases upon notice to the following key parties:

(a) the Debtors; (b) Munsch Hardt Kopf & Harr, P.C., as proposed counsel to the Debtors; (c) the Office of the United States Trustee for the Northern District of Texas; (d) counsel to the Prepetition Lender; (e) counsel to GrayStreet Credit LLC (the "DIP Lender"); (f) counsel to the Committee and (g) counsel to Ramming Materials, LLC (collectively, the "Notice Parties").

9. The OCP Procedures enable the Debtors to employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form annexed as **Annex 2** to **Exhibit A** attached hereto and incorporated by reference herein (each, a "Declaration of Disinterestedness"), which will state that the respective OCP does not have any material interest adverse to the Debtors or their estates. Additionally, the Notice Parties will have an opportunity to object to any proposed retention pursuant to the OCP Procedures. The OCP Procedures further provide that fees paid to OCPs, excluding costs and disbursements, may not exceed (a) $50,000 per month per OCP in the aggregate, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Monthly Cap") and (b) $200,000 per OCP in the aggregate for the entire period during which these chapter 11 cases are pending (the "OCP Case Cap," and collectively with the OCP Monthly Cap, the "OCP Cap").

10. To the extent any OCP seeks compensation in excess of any applicable OCP Cap (the "Excess Fees"), the OCP shall file a notice of fees in excess of the applicable OCP Cap (a "Notice of Excess Fees") with the Court and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Notice Parties and any other party in interest shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the applicable OCP may be paid 100% of its fees and 100% of its expenses without the need to file a

fee application. If an objection is timely filed and such objection cannot be resolved within 14 days, the Debtors will schedule the matter for a hearing before the Court.

11. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

## VI. BASIS FOR RELIEF REQUESTED

12. Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services for the estate. 11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

    a. whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

    b. whether the entity is involved in negotiating the terms of a plan of reorganization;

    c. whether the entity's employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    d. whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

Case 25-80481-mvl11    Doc 129    Filed 09/10/25    Entered 09/10/25 15:21:55    Desc
Main Document    Page 7 of 10


    e.    the extent of the entity's involvement in the administration of the debtor's estate; and

    f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re First Merchs, Acceptance Corp.*, No. 97-1500 (JJF), 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.*, 331 B.R. 169, 174 (Bankr. D. Del. 2005) (applying the *First Merchs.* factors and holding that litigation consulting firm was not a "professional" for section 327 purposes); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring approval of the fees under section 327 of the Bankruptcy Code of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than a debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). The foregoing factors must be considered as a whole when determining if any entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

    13.    Upon consideration of all the factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention proceedings under section 327 of the Bankruptcy Code. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to

establish clear mechanisms for retention and compensation of the OCPs pursuant to the OCP Procedures and thereby avoid any subsequent controversy with respect thereto.

14. The Debtors respectfully submit that: (a) the retention of the OCPs as provided herein is reasonably necessary for the day-to-day operations of the Debtors' businesses; (b) expenses for the OCPs will be monitored closely by the Debtors; and (c) the OCPs will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-ordinary course professional.

15. Courts in the Fifth Circuit have authorized debtors to employ OCPs in large chapter 11 cases using similar retention and payment procedures. *See, e.g., In re Lilis Energy, Inc.*, No. 20-33274 (MI) (Bankr. S.D. Tex. Aug. 14, 2020) (approving a monthly cap of $50,000 per professional on average over a three-month rolling basis and an aggregate total cap per professional during the chapter 11 case of $200,000); *In re Tuesday Morning Corp.*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. July 14, 2020) (approving a monthly cap of $40,000 per professional on average over a three-month rolling basis); *In re Unit Corp.*, No. 20-32740 (DRJ) (Bankr. S.D. Tex. June 17, 2020) (approving a monthly cap of $50,000 per professional on average over a three-month rolling basis and an aggregate total cap per professional during the chapter 11 case of $150,000); *In re Pioneer Energy Servs. Corp.*, No. 20-31425 (DRJ) (Bankr. S.D. Tex. Mar. 1, 2020) (approving a monthly cap of $50,000 per professional accrued on a rolling basis and an aggregate total cap per professional during the chapter 11 case of $500,000).

16. For the reasons set forth herein, the Debtors respectfully submit that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and therefore should be granted.

### VII. WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

17.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### VIII. RESERVATION OF RIGHTS

18.     For the avoidance of doubt, nothing in this Motion is intended to be, nor should it be construed as (a) an implication or admission as to the validity or priority of any claim or lien against the Debtors, (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim or lien, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, or (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.  In addition, nothing in this Motion or the relief requested herein should be interpreted as the assumption or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code.

### IX. CONCLUSION

WHEREFORE, premises considered, the Debtors respectfully request that this Court enter the Proposed Order: (a) approving the Motion; (b) authorize the Debtors to retain and compensate professionals utilized in the ordinary course; and (c) granting all other and further relief to which the Debtors may be entitled at law or in equity.

*[Remainder of page intentionally left blank]*

RESPECTFULLY SUBMITTED this 10th day of September, 2025.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Kyle Jaksa*
Davor Rukavina, Esq.
Texas Bar No. 24030781
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone: (214) 855-7500
E-mail: drukavina@munsch.com
E-mail: kjaksa@munsch.com

**PROPOSED COUNSEL TO THE DEBTORS**

**CERTIFICATE OF SERVICE**

I certify that, on September 10, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and via first class US mail, postage prepaid, on the attached Master Service List.

By: */s/ Kyle Jaksa*
J. Kyle Jaksa, Esq.