**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FCI SAND OPERATIONS, LLC, *et. al.*,[1] | § | Case No. 25-80481-mvl-11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| | § | |
| | § | |

**ORDER AUTHORIZING THE DEBTORS' EMERGENCY APPLICATION
FOR AUTHORIZATION TO (I) AMEND GLASSRATNER ADVISORY &
CAPITAL GROUP, LLC'S RETENTION TO INCLUDE PROVIDING THE
DEBTORS A CHIEF RESTRUCTURING OFFICER, AND (II) DESIGNATE
MARK SHAPIRO AS THE DEBTORS' CHIEF RESTRUCTURING OFFICER**
**[Related to Dkt. No. 80]**

Upon consideration of the application (the "Application")[2] of FCI Sand Operations, LLC

and FCI South, LLC (collectively, the "Debtors"), pursuant to sections 105(a), 327 and 363(b) of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: FCI Sand Operations, LLC (2539) and FCI South, LLC (4193) (the "Debtors"). The location of the Debtors' service address is 606 County Rd. 121, Marble Falls, TX 78654.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order (this "Order") (i) authorizing the amendment of the services and retention of GlassRatner Advisory & Capital Group, LLC ("GlassRatner") to include providing the Debtors a chief restructuring officer; (ii) authorizing the retention and designation of Mark Shapiro as the Debtors' Chief Restructuring Officer, effective as of December 3, 2025 on the terms set forth in the Engagement Letter annexed to the Application as Exhibit C and the Declaration annexed to the Application as Exhibit B, all as more fully described in the Application; and this Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. § 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to sections 105(a), 327 and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to amend the services and retention of GlassRatner to include providing the Debtors a chief restructuring officer and retain and designate Mr. Shapiro as the Debtors' Chief

Restructuring Officer, effective as of December 3, 2025 on the terms set forth in the Engagement Letter.

2.      Notwithstanding any corporate governance documents or agreements to the contrary, including the Debtors' limited liability company agreements, Mr. Shapiro is hereby appointed as the Debtors' Chief Restructuring Officer with sole authority with respect to the following:

   a.  The sale of substantially all of the Debtors' assets, including sole authority to approve any sale and to determine whether to accept any bid on the Debtors' assets;

   b.  The negotiation and terms of any postpetition financing, including the sole authority to approve any budget associated with any financing; and

   c.  The Debtors' finances and accounts.

3.      All capital expenditures shall be subject to the applicable DIP budget approved by Mr. Shapiro.

4.      In the event Mr. Shapiro resigns for cause or is terminated without cause, a hearing will be scheduled to appoint a chapter 11 trustee within seven (7) days of such resignation or termination.

5.      The Debtors' current management shall retain the duty and authority to operate the Debtors in the ordinary course, subject to the restrictions in paragraphs 2 and 3.

6.      GlassRatner shall be compensated in accordance with interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Complex Case Procedures, the *Order Granting Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses* [Dkt. No. 141] and any further order of the Court.

7.  GlassRatner shall file a final fee application with a summary of fees earned and expenses incurred along with a summary of the fees and expenses paid to date to obtain final approval of its fees and expenses; *provided, however*, Mr. Shapiro shall make a reasonable effort to comply with the U.S. Trustee's requests for information, both in connection with the Application and any interim or final fee applications to be filed by Mr. Shapiro in these chapter 11 cases.

8.  The Debtors, GlassRatner, and Mr. Shapiro are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9.  To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Declaration, and this Order, the terms of this Order shall govern.

10.  Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application and satisfied the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules.

11.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, the Engagement Letter and/or the services provided by Mr. Shapiro.

### END OF ORDER ###

4

Submitted by:

Davor Rukavina, Esq.
Texas Bar No. 24030781
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone:   (214) 855-7500
E-mail:       drukavina@munsch.com
              kjaksa@munsch.com

**COUNSEL TO THE DEBTORS**