

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 11, 2025**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | |
| FCI SAND OPERATIONS, LLC. *et al.* | Case No. 25-80481 |
| Debtors. | Chapter 11 Case<br>(Jointly Administered) |

**ORDER APPROVING THE DEBTORS' EMERGENCY MOTION FOR APPROVAL OF
ADDITIONAL POSTPETITION FINANCING ON FIRST PRIORITY, PRIMING BASIS**

Upon the *Debtors' Emergency Motion for Approval of Additional Postpetition Financing on First Priority, Priming Basis* (the "Motion")[1] of the above captioned debtors and debtors in possession, FCI Sand Operations, LLC ("FCI"), debtor-in-possession and debtor-in-possession FCI South, LLC ("South", collectively with FCI, the "Debtors" or "Borrowers"), seeking entry of an order (this "Order") pursuant to sections 105, 363, 364, 503, and 507 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion or DIP Amendment, as applicable.

Rules of the U.S. Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and Section D.10 of the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures") *inter alia*:

(i)     authorizing the Debtors to enter into amendment to the DIP Loan (the "DIP Amendment,") with GrayStreet Credit, LLC ("GrayStreet" or "DIP Lender"), in which the DIP Lender will make available additional funds up to $5,000,000 (the "Additional DIP Financing");

(ii)     authorizing the Debtors to execute and deliver the DIP Amendment and any other agreements, instruments, and other loan documents and/or documents related thereto (as amended, restated, supplemented, waived, and/or modified from time to time) and to perform such other acts as may be necessary or desirable in connection with the DIP Amendment; and

(iii)     granting related relief.

The Court having considered the Motion and the DIP Amendment and the evidence submitted and argument made at the hearing on the Motion (the "Hearing"); and notice of the Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), and all applicable Local Rules; and it appearing that approval of the final relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and otherwise is fair and reasonable and in the best interests of the Debtors, their estates, and all parties in interest, and is essential for the continued operation of the Debtors' businesses and the maximization of the value of the Debtors' assets; and it appearing that the Debtors' entry into the DIP Amendment is a sound and prudent exercise of the Debtors' business judgment; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[2]

1. **Authorization of the DIP Amendment**. The DIP Amendment is hereby approved as modified herein, said modifications consisting of: (i) the addition of a provision waiving potential defaults as of the date hereof; and (ii) extending the original milestones through March 31, 2026. The Debtors are expressly and immediately authorized and empowered to execute and deliver the DIP Amendment and to incur and to perform the obligations in accordance with, and subject to, the terms of this Order and the DIP Amendment, and to deliver all instruments, certificates, agreements, and documents that may be required or necessary for the performance by the Debtors under the DIP Amendment.

2. **Terms**. All terms and conditions of the *Final Order Granting Debtors' Motion for Interim and Final Approval of Superpriority and First Priority Secured Postpetition Financing* [Dkt. No. 140] ("First DIP Order") shall remain in full force and effect and apply to the Additional DIP Financing except those expressly amended by this Order and the DIP Amendment.

3. **Budget**. The Budget attached hereto as Exhibit "A" is approved and shall additionally constitute authority to use the DIP Lender's cash collateral as provided therein, subject to such variances as provided for in the First DIP Order, until such time as an Event of Default occurs. For the avoidance of doubt, any expenditure in the Budget that requires Court approval to pay shall continue to be so required. Furthermore, in agreeing to the Motion, no party waives any objection it may have to expenses in the Budget and reserves all rights to contest the same.

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3

4. **Maturity Date**. The DIP Obligations shall become due and payable in full upon the earliest to occur of (a) the date a plan of reorganization becomes effective, (b) September 18, 2026; (c) the date on which all the DIP Loans shall become due and payable in full hereunder, whether by acceleration or otherwise in accordance with the applicable DIP Order; or (d) the payment in full of all outstanding DIP Obligations under the DIP Facility and the termination of all commitments in connection therewith (the "DIP Maturity Date").

5. **Milestone**. The Milestones will be revised per the following:

    a. A Plan of Reorganization shall be filed by March 31, 2026.

6. **Events of Default.** Paragraph 21.a.2. of the First DIP Order shall be amended to state, "A Plan of Reorganization shall be filed by March 31, 2026."

### End of Order ###

Submitted by:

Davor Rukavina, Esq.
Texas Bar No. 24030781
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone:   (214) 855-7500
E-mail:       drukavina@munsch.com
              kjaksa@munsch.com

**COUNSEL TO THE DEBTORS**