Substitute Trustee's Deed with Bill of Sale

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

Date:             December 7, 2021

Trustee:          Lee McCann

Substitute Trustee:   Robert McWilliams

Deed of Trust:

    Date:             November 13, 2018

    Grantor:          ATLAS MINING, LLC, a Texas limited liability company

    Beneficiary:      SABINE STATE BANK & TRUST COMPANY, a Louisiana financial institution

    Recording information:      Recorded under County Clerk's File No. 226199 of the Official Public Records of Real Property of Live Oak County, Texas

    Property:          All interest of Grantor in and to:

1.     The land described as the real property described in Exhibit A attached hereto and made a part hereof (the "*Land*");

2.     To the extent owned by Grantor, all substances in, on, under, or above the Land which were, as of the date of the Deed of Trust, or may become in the future, intrinsically valuable (that is, valuable in themselves) and which now or may be in the future enjoyed through extraction or removal from the property, including without limitation, oil, gas, and all other hydrocarbons, coal, lignite, carbon dioxide and all other nonhydrocarbon gases, uranium and all other radioactive substances, and gold, silver, copper, iron and all other metallic substances or ores (collectively, the "*Minerals*");

3.     All materials, supplies, equipment, systems, apparatus, and other items owned as of the date of the Deed of Trust, or thereafter acquired by Grantor and, as of the date of the Deed of Trust or thereafter, attached to, installed in, or used in connection with (temporarily or permanently) any of the Improvements (as defined below) or the Land, which were owned as of the date of the Deed of Trust or thereafter acquired by Grantor and were, as of the date of the Deed of Trust, or thereafter attached to the Land or the Improvements, and including but not limited to any and all partitions, dynamos, window screens and shades, draperies, rugs and other floor coverings, awnings, motors, engines, boilers, furnaces, pipes, cleaning, call and sprinkler systems, fire extinguishing apparatus and equipment, water tanks, swimming pools, heating, ventilating, refrigeration, plumbing,

*ACTIVE 61538508v1*



EXHIBIT
TRS-1

236362    Bk    Vol    Pg
OR    451    463

laundry, lighting, generating, cleaning, waste disposal, transportation (of people or things, including but not limited to, stairways, elevators, escalators, and conveyors), incinerating, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and lighting, traffic control, waste disposal, raw and potable water, gas, electrical, storm and sanitary sewer, telephone and cable television facilities, and all other utilities whether or not situated in easements, together with all accessions, appurtenances, replacements, betterments, and substitutions for any of the foregoing and the proceeds thereof (collectively, the "*Fixtures*");

4.     Any and all buildings, covered garages, air conditioning towers, open parking areas, structures and other improvements of any kind or nature, and any and all additions, alterations, betterments or appurtenances thereto, as of the date of the Deed of Trust or at any time thereafter situated, placed, or constructed upon the Land or any part thereof (collectively, the "*Improvements*");

5.     All of the right, title, and interest of Grantor in and to (i) furniture, furnishings, equipment, machinery, goods (including, but not limited to, crops, farm products, timber and timber to be cut, and as extracted collateral); (ii) general intangibles, money, insurance proceeds, accounts, contract and subcontract rights, trademarks, trade names, copyrights, chattel paper, instruments, investment property, letter of credit rights, inventory; (iii) all cash funds, fees (whether refundable, returnable or reimbursable), deposit accounts or other funds or evidences of cash, credit or indebtedness deposited by or on behalf of Grantor with any governmental agencies, boards, corporations, providers of utility services, public or private, including specifically, but without limitation, all refundable, returnable, or reimbursable tap fees, utility deposits, commitment fees and development costs, any awards, remunerations, reimbursements, settlements, or compensation made prior the date of the Deed of Trust or thereafter by any Governmental Authority (as defined in the Deed of Trust) pertaining to the Land, Improvements, Fixtures, Contracts (as defined below), or Personalty, including but not limited to those for any vacation of, or change of grade in, any streets affecting the Land or the Improvements and those for municipal utility district or other utility costs incurred or deposits made in connection with the Land; and (iv) all other personal property of any kind or character as defined in and subject to the provisions of the Texas Business and Commerce Code (Article 9 - Secured Transactions); any and all of which were owned as of the date of the Deed of Trust or thereafter acquired by Grantor, and which were as of the date of the Deed of Trust or thereafter situated in, on, or about the Land or the Improvements, or used in or necessary to the complete and proper planning, development, construction, financing, use, occupancy, or operation thereof, or acquired (whether delivered to the Land or stored elsewhere) for use in or on the Land or the Improvements, together with all accessions, replacements, and substitutions thereto or therefor and the proceeds thereof (collectively, the "*Personalty*");

6.     All of the right, title, and interest of Grantor, including equitable rights, in, to, and under any and all (i) contracts for the purchase of all or any portion of the Property, whether such contracts were as of the date of the Deed of Trust or at any time thereafter existing, including but without limitation, any and all earnest money or other deposits escrowed or to be escrowed or letters of credit provided or to be provided by the purchasers under the contracts, including all amendments and supplements to and renewals and extensions of the contracts at any time made,

236362   Bk   Vol   Pg
OR   451   464

and together with all payments, earnings, income, and profits arising from the sale of all or any portion of the Property or from the contracts and all other sums due or to become due under and pursuant thereto and together with any and all earnest money, security, letters of credit or other deposits under any of the contracts; (ii) contracts, licenses, permits, and rights relating to living unit equivalents or other entitlements for water, wastewater, and other utility services whether executed, granted, or issued by a private person or entity or a governmental or quasi-governmental agency, which are directly or indirectly related to, or connected with, the development, ownership, maintenance or operation of the Property, whether such contracts, licenses, and permits are now or at any time thereafter existing, including without limitation, any and all rights of living unit equivalents or other entitlements with respect to water, wastewater, and other utility services, certificates, licenses, zoning variances, permits, and no-action letters from each governmental authority required: (a) to evidence compliance by Grantor and all improvements constructed or to be constructed on the Property with all Legal Requirements (as defined in the Deed of Trust) applicable to the Property, and (b) to develop and/or operate the Property as a commercial and/or residential project, as the case may be; (iii) any and all right, title, and interest Grantor may have in any financing arrangements relating to the financing of or the purchase of all or any portion of the Property by future purchasers; and (iv) all other contracts which in any way relate to the use, enjoyment, occupancy, operation, maintenance, repair, management or ownership of the Property (save and except any and all Leases), including but not limited to maintenance and service contracts and management agreements (collectively, the "**Contracts**"); and

7. Any and all leases, master leases, subleases, licenses, concessions, or other agreements (whether written or oral, or in effect as of the date of the Deed of Trust or thereafter) which grant to third parties a possessory interest in and to, or the right to use or occupy, all or any part of the Property, together with all security and other deposits or payments made in connection therewith (collectively, the "**Leases**");

8. Together with any and all other security and collateral of any nature whatsoever, given as of the date of the Deed of Trust or thereafter for the repayment of the Indebtedness (as defined in the Deed of Trust) or the performance and discharge of the Obligations (as defined in the Deed of Trust).

Note:

| | |
|---|---|
| Date: | November 13, 2018 |
| Principal Amount: | $11,000,000.00 |
| Borrower: | ATLAS MINING, LLC, a Texas limited liability company |
| Mortgagee: | SABINE STATE BANK & TRUST COMPANY, a Louisiana financial institution |

Date of Sale (first Tuesday of month): December 7, 2021

Time of Sale: 10:00 a.m., CST

Case 25-80481-mvl11   Doc 426-1   Filed 04/21/26   Entered 04/21/26 18:01:48   Desc
Exhibit TRS-1 Substitute Trustees Deed   Page 4 of 41

Bk   Vol   Pg
236362   OR   451   465

| | |
|---|---|
| Place of Sale: | on the front steps of the Live Oak County Courthouse, 301 Houston Street, George West, Texas 78022, or as otherwise designated by the Live Oak County, Texas Commissioner's Court. |
| Buyer: | THREE RIVERS SAND, LLC, a Texas limited liability company |
| Buyer's Mailing Address: | 1715 S. University Drive, Nacogdoches, Texas 75961, Attn.: Bazil Moore |
| Amount of Sale: | $ 11,000,000.00 |

A default existed under the Deed of Trust and Mortgagee or its agent directed Substitute Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted and filed and Mortgagee either personally or by agent served notice of the sale to each debtor, as required by Section 51.002 of the Texas Property Code. In accordance with that statute and the Deed of Trust, Substitute Trustee sold the Property to Buyer (as shown above), who was the highest bidder at the public auction for the Amount of Sale (as shown above). The sale was made on the Date of Sale (as shown above), began at the Time of Sale (as shown above) or not later than three hours thereafter, and was concluded by 3:00 P.M.

Substitute Trustee, subject to any prior liens and other exceptions to conveyance and warranty in the Deed of Trust and for the Amount of Sale paid by Buyer as consideration, grants, sells, and conveys the Property to Buyer, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's successors and assigns forever. Substitute Trustee binds Grantor and Grantor's successors to warrant and forever defend all and singular the Property to Buyer and Buyer's successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

SUBSTITUTE TRUSTEE HAS NOT MADE, AND DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS, AND WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

Robert McWilliams
_____
Robert McWilliams, Substitute Trustee

SUBSCRIBED AND SWORN TO before me by ROBERT MCWILLIAMS, in his capacity as Substitute Trustee, on December 7, 2021.

(Seal)

AMY BRYSCH
NOTARY PUBLIC
STATE OF TEXAS
ID # 1062736-0
My Comm. Expires 03-28-2024

Notary Public, State of Texas

Printed Name: Amy Brysch

My Commission Expires: 3-28-2024

ACTIVE 61538508v1

236362   Bk   Vol   Pg
         OR    451   467

## EXHIBIT A

## DESCRIPTION OF THE LAND

### [SEE ATTACHED]



236362   Bk   Vol   Pg
OR   451   468

EXHIBIT A
TRACT 1

**Land Surveying Company: Payne Industries, LLC**
**Firm Registration No: 10193780**
**Phone: (979) 567-4500**
**Website: www.payne-llc.com**

**FIELD NOTE DESCRIPTION OF 30.034 ACRES, MORE OR LESS, BEING PART OF THE MICHAEL CRONICAN SURVEY, ABSTRACT 135, LIVE OAK COUNTY, TEXAS, AND BEING OUT OF THE 4239.14 ACRES DESCRIBED IN DEED TO CUATRO PAISANAS RANCH INC, RECORDED IN VOLUME 243, PAGE 118, OF THE DEED RECORDS OF LIVE OAK COUNTY, TEXAS, MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:**

**BEGINNING** at a 1/2" iron rod set with plastic cap stamped "Payne 6064", in the northwest corner of the herein described tract;

**THENCE** leaving the **POINT OF BEGINNING**, along the northwest line of the herein described tract, **N 45°10'27" E a distance of 373.55 feet** to a 1/2" iron rod set with plastic cap stamped "Payne 6064", for the north corner of this description;

**THENCE** along the northeast line of the herein described tract, **S 36°51'36" E a distance of 1371.46 feet** to a 1/2" iron rod set with a plastic cap stamped "Payne 6064", for the east corner of this description;

**THENCE** along the southeast line of the herein described tract, **S 41°17'31" W a distance of 1105.67 feet** to a 1/2" iron rod set with plastic cap stamped "Payne 6064", for the south corner of this description;

**THENCE** along the southwest line of the herein described tract, **N 61°55'20" W a distance of 459.24 feet** to a 1/2" iron rod set with plastic cap stamped "Payne 6064", for the southwest corner of this description;

**THENCE** along the west line of the herein described tract, **N 1°51'57" E a distance of 1449.35 feet** to the **POINT OF BEGINNING**. There are 30.034 acres, more or less, described in these field notes.

All iron rods set are capped with a plastic cap stamped "Payne 6064". The bearing basis for this survey was determined from GPS observations and refers to Grid North. This description was prepared by Payne Industries, LLC from an on the ground survey performed on July 18, 2018 and corresponds to a survey plat referenced as job number 1008-014.

Phillip C. Payne       RPLS #6064
Job No. 1008-014
August 9, 2018



Page 1 of 1

Bk   Vol   Pg
236362  OR   451   469

*EXHIBIT B*
*TRACT 2*

**Land Surveying Company: Payne Industries, LLC**
**Firm Registration No: 10193780**
**Phone: (979) 567-4500**
**Website: www.payne-llc.com**

**FIELD NOTE DESCRIPTION OF A 70 FOOT WIDE ACCESS ROAD EASEMENT, BEING 2.592 ACRES, MORE OR LESS, SITUATED IN THE MICHAEL CRONICAN SURVEY, ABSTRACT 135, AND THE CARL STERNBERG SURVEY, ABSTRACT 423, LIVE OAK COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:**

**BEGINNING** at a 1/2" iron rod set with plastic cap stamped "Payne 6064", at the southwest corner of a 30.034 acre tract, said point having Texas State Plane Coordinate System, (NAD 83), South Central Zone values of N: 13333335.79 and E: 2238156.07, for the southeast corner of this description;

**THENCE,** leaving the **POINT OF BEGINNING** and said 30.034 acre tract, S 85°54'50" W a distance of 651.00 feet to a point of curvature;

**THENCE** Along a curve to the left with a delta of 08°03'13", a radius of 865.88 feet, an arc length of 121.71 feet and a chord which bears S 81°53'14" W a distance of 121.61 feet to a point;

**THENCE,** S 77°51'29" W a distance of 525.23 feet to a point of curvature;

**THENCE** Along a curve to the left with a delta of 43°40'24", a radius of 417.23 feet, an arc length of 318.03 feet and a chord which bears S 55°51'02" W a distance of 310.39 feet to a point, for the southwest corner of this description;

**THENCE,** N 06°41'06" W a distance of 98.52 feet to a point of curvature, for the northwest corner of this description;

**THENCE** Along a curve to the right with a delta of 34°52'05", a radius of 487.23 feet, an arc length of 296.51 feet and a chord which bears N 60°15'57" E a distance of 291.96 feet to a point;

**THENCE,** N 77°51'29" E a distance of 525.33 feet to a point of curvature;

**THENCE** Along a curve to the right with a delta of 08°03'13", a radius of 935.88 feet, an arc length of 131.55 feet and a chord which bears N 81°53'14" E a distance of 131.44 feet to a point;

**THENCE,** N 85°54'50" E a distance of 658.30 feet to a point in the west boundary line of said 30.034 acre tract, for the northeast corner of this description;

**THENCE** along the west boundary line of said 30.034 acre tract, S 01°51'57" W a distance of 70.38 feet to the **POINT OF BEGINNING**. There are 2.592 acres, more or less, described in these field notes.

All iron rods set are capped with a plastic cap stamped "Payne 6064". The bearing basis for this survey was determined from GPS observations and refers to Grid North. This description was prepared by Payne Industries, LLC from an on the ground survey performed on July 18, 2018 and corresponds to a survey plat referenced as job number 1008-014.

Phillip C. Payne       RPLS #6064
Job No. 1008-014
August 9, 2018

Page 1 of 1

236362   Bk   Vol   Pg
OR   451   470

*EXHIBIT C*
*TRACT 3*

**Land Surveying Company: Payne Industries, LLC**
**Firm Registration No: 10193780**
**Phone: (979) 567-4500**
**Website: www.payne-llc.com**

**FIELD NOTE DESCRIPTION OF A 70 FOOT WIDE ACCESS ROAD EASEMENT, BEING 3.827 ACRES, MORE OR LESS, SITUATED IN THE MICHAEL CRONICAN SURVEY, ABSTRACT 135, AND THE CARL STERNBERG SURVEY, ABSTRACT 423, LIVE OAK COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:**

**BEGINNING** at a 1/2" iron rod set with plastic cap stamped "Payne 6064", at the southwest corner of a 30.034 acre tract, said point having Texas State Plane Coordinate System, (NAD 83), South Central Zone values of N: 13333335.79 and E: 2238156.07, for the north corner of this description;

**THENCE**, leaving the **POINT OF BEGINNING**, along the southwest boundary line of said 30.034 acre tract, **S 61°55'20" E a distance of 73.15 feet** to a point, for the northeast corner of this description;

**THENCE**, leaving said 30.034 acre tract, **S 11°12'50" W a distance of 210.62 feet** to a point;

**THENCE, S 00°04'46" W a distance of 133.15 feet** to a point;

**THENCE, S 00°09'51" W a distance of 387.77 feet** to a point, for the east corner of this description;

**THENCE, S 54°10'42" W a distance of 1687.69 feet** to a point, for the southwest corner of this description;

**THENCE, N 07°05'49" W a distance of 79.82 feet** to a point, for the northwest corner of this description;

**THENCE, N 54°10'42" E a distance of 1613.65 feet** to a point, for the west corner of this description;

**THENCE, N 00°09'51" E a distance of 352.04 feet** to a point;

**THENCE, N 00°04'46" E a distance of 139.92 feet** to a point;

**THENCE, N 11°12'50" E a distance of 238.67 feet** to the **POINT OF BEGINNING**. There are 3.827 acres, more or less, described in these field notes.

All iron rods set are capped with a plastic cap stamped "Payne 6064". The bearing basis for this survey was determined from GPS observations and refers to Grid North. This description was prepared by Payne Industries, LLC from an on the ground survey performed on July 18, 2018 and corresponds to a survey plat referenced as job number 1008-014.

Phillip C. Payne     RPLS #6064
Job No. 1008-014
August 9, 2018



Page 1 of 1

236362  OR  451  471

235872  Bk  Vol  Pg
        OR  448  143

**AFTER RECORDING RETURN TO**:

Greenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002
Attn: Kristen E. Bollinger

## APPOINTMENT OF SUBSTITUTE TRUSTEE

STATE OF TEXAS          §
                        §        KNOW ALL PERSONS BY THESE PRESENTS:
COUNTY OF LIVE OAK      §

THAT, Lee McCann (the "Initial Trustee") was designated as trustee under that certain Deed of Trust (the "Deed of Trust"), dated November 13, 2018 executed by Atlas Mining, LLC, a Texas limited liability company, as grantor, and filed for record and recorded in the Official Public Records in Live Oak County, Texas, under Instrument Number 1790413, covering certain real property more particularly described therein (the "Mortgaged Property"), in favor of Sabine State Bank & Trust Company, a Louisiana financial institution (the "Beneficiary").

WHEREAS, under the terms of the Deed of Trust, the holder of the indebtedness secured thereby is authorized and empowered to appoint a substitute trustee to any trustee appointed under the Deed of Trust.

NOW, THEREFORE, Beneficiary, the owner and holder of the indebtedness secured by the Deed of Trust, does (i) remove the Initial Trustee, and any other successor trustee who may have been appointed from time to time, as the original trustee or successor trustee under the Deed of Trust, and (ii) name, constitute and appoint Robert McWilliams, a resident of Live Oak County, Texas as a substitute and successor trustee under the Deed of Trust (the "Substitute Trustee"), to act under and pursuant to the terms of the Deed of Trust. Beneficiary further does hereby request that the Substitute Trustee sell the Mortgaged Property in accordance with the terms and provisions contained in the Deed of Trust and the laws of the State of Texas.

*[Remainder of Page Intentionally Left Blank]*

Appointment of Substitute Trustee -- Page 1

*ACTIVE 60043199v3*

236362 OR 451 472

235872 BK OR Vol 448 Pg 144

EXECUTED EFFECTIVE as of October 7th, 2021.

**BENEFICIARY:**

**SABINE STATE BANK & TRUST COMPANY,**
a Louisiana financial institution

By: _____
Name: Loo H McCann
Title: Pres Secrt / CEO / COO

State of Louisiana
Parish of Sabine _____

On this 7th day of October, 2021, before me personally appeared Loo H McCann, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed it as his free act and deed.

(Seal)

Suzette Anderson
Notary Public ID#058009
Sabine Parish, Louisiana
Commission is for life.

_____
[Signature of notarial officer]

Notary
[Title (and Rank)]
Notary ID Number: 058009

Appointment of Substitute Trustee -- Page 2

ACTIVE 60043199v3

235872    Bk    Vol    Pg
        OR    448    145

Filed for Record in:
Live Oak County
On: Oct 12,2021  at  11:21A
Document Number:          235872
Amount:                    30.00
Receipt Number - 27366
                   By,
Ida Vasquez, Deputy
Ida Vasquez, County Clerk
Live Oak County

STATE OF TEXAS
COUNTY OF LIVE OAK
THIS IS TO CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT
COPY OF THE DOCUMENT ON FILE IN
MY OFFICE WITNESS MY HAND AND
OFFICIAL SEAL. THIS ____12____ DAY OF

_____Oct_____, 20_21_.
IDA VASQUEZ, COUNTY CLERK

BY __Rebecca_____
            DEPUTY

Hold: Schneder &
         McWilliam

Bk   Vol   Pg
236362   OR   451   474

STATE OF TEXAS               §
                            §
COUNTY OF LIVE OAK           §

**AFFIDAVIT OF FILING AND POSTING**

**Date**: November 15, 2021

**Affiant**: Robert McWilliams

**Deed of Trust**: Deed of Trust dated as of November 13, 2018, by Atlas Mining, LLC, a Texas limited liability company, to Lee McCann, Trustee, for the benefit of Sabine State Bank & Trust Company, a Louisiana financial institution ("*Noteholder*"), covering, in part, certain tracts of land located in Live Oak County, Texas, as more particularly described therein, which Deed of Trust is recorded as Instrument Number 1790413 in the Official Public Records of Real Property of Live Oak County, Texas (as amended and/or modified [if applicable])

**Original Trustee**: Lee McCann

**Borrower**: Atlas Mining, LLC, a Texas limited liability company

**Secures**: $11,000,000 Revolving Line of Credit Promissory Note dated November 13, 2018 made by Borrower in favor of Noteholder, as payee

**Substitute Trustee**: Robert McWilliams, whose address is 301 Bowie Street, George West, Texas 78022

**Notice of Sale by Substitute Trustee**: The Notice of Substitute Trustee's Sale filed with the County Clerk of Live Oak County, Texas, in compliance with Section 51.002 of the Texas Property Code. A true and correct copy of the Notice of Substitute Trustee's Sale is attached hereto as *Exhibit A*.

**[Signature of Affiant is on Following Page]**

236362   Bk
OR   Vol
451   Pg
475

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Affiant, a person well known to me, who upon oath stated:

I am over the age of 18 years, have never been convicted of a felony or a crime of moral turpitude and have personal knowledge of the facts set forth herein. I am the Substitute Trustee with respect to the matters set forth herein. On Monday, November 15, 2021, I performed the following actions as Substitute Trustee:

(a)     Filed the Notice of Substitute Trustee's Sale with the County Clerk of Live Oak County, Texas, at approximately 10:00 a.m., Central Time; and

(b)     Posted a file-stamped and signed Notice of Substitute Trustee's Sale by Substitute Trustee on the bulletin board designated for such postings located outside the Live Oak County courthouse at approximately 10:01 a.m., Central Time.

**AFFIANT**:

_Robert McWilliams_
ROBERT MCWILLIAMS

SUBSCRIBED AND SWORN TO before me by Robert McWilliams, on November 15, 2021.

(Seal)

_Rita Anzaldua_
Notary Public, State of Texas

Printed Name: RITA ANZALDUA

My Commission Expires: 8-19-2022

RITA ANZALDUA
NOTARY PUBLIC
STATE OF TEXAS
ID # 12430707-1
My Comm. Expires 08-19-2022

ACTIVE 60573180v1

2

Bk   Vol   Pg
236362   OR   451   476

## Exhibit A

### Notice of Substitute Trustee's Sale

_____[_SEE ATTACHED_]_____



Bk   Vol   Pg
236362   OR   451   476

236362  Bk OR  Vol 451  Pg 477

**AFTER RECORDING RETURN TO**:

Greenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002
Attn: Kristen E. Bollinger

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

November 15, 2021 (the "*Effective Date*")

Notice is hereby given that a public nonjudicial foreclosure sale (the "*Foreclosure*"), at auction, of the Mortgaged Property (defined below) will be held at the date, time and place specified in this notice.

**DATE OF SALE**: Tuesday, December 7, 2021 (the first [1st] Tuesday of that month).

**TIME OF SALE**: The earliest time at which the Foreclosure will occur is 10:00 a.m. The Foreclosure shall begin at that time or not later than three (3) hours after that time.

**PLACE OF SALE**: The Foreclosure will take place on the front steps of the Live Oak County Courthouse, 301 Houston Street, George West, Texas 78022, or as otherwise designated by the Live Oak County, Texas Commissioner's Court.

**INDEBTEDNESS PROMPTING SALE**: (i) $11,000,000 Revolving Line of Credit Promissory Note dated November 13, 2018 (the "*Senior Note*") executed by Atlas Mining, LLC, a Texas limited liability company ("*Borrower*"), payable to the order of Sabine State Bank & Trust Company, a Louisiana financial institution ("*Noteholder*"); and (ii) $1,682,950.00 Fixed Rate Term Loan Promissory Note dated April 17, 2019 (the "*Subordinate Note*" and, collectively with the Senior Note, the "*Notes*") executed by Borrower and payable to the order of Noteholder. The Notes and all documents executed in connection with, or relating in any way to the Notes evidence loans (the "*Loans*") originally made by Noteholder to Borrower.

**DEEDS OF TRUST CREATING LIENS THAT ARE THE SUBJECT OF SALE**: Deed of Trust securing the Senior Note dated as of November 13, 2018 (the "*Deed of Trust*") by Borrower to Lee McCann, Trustee, for the benefit of Noteholder, covering, in part, certain tracts of land (the "*Land*") located in Live Oak County, Texas, as more particularly described therein and on *Exhibit A* attached hereto, which Deed of Trust is recorded as Instrument Number 1790413 in the Official Public Records of Real Property of Live Oak County, Texas

**PROPERTY BEING SOLD**: The Land, Minerals, Fixtures, Improvements, Personalty, and all other items located in Live Oak County, Texas, as described in the Deed of Trust and on *Exhibit B* attached hereto (collectively, the "*Mortgaged Property*").

**SUBSTITUTE TRUSTEE**: On October 7, 2021, Robert McWilliams was appointed substitute trustee.

FILED *November 15* A.D. 20 *21*
LIVE OAK COUNTY, TEXAS
IDA VASQUEZ, CLERK, COUNTY COURT
BY _____ DEPUTY
AT _____ O'CLOCK ___

*ACTIVE 60026986v5*

*1*

Pursuant to the terms and provisions contained within the Notes, the Deed of Trust, and other applicable loan documents, the Loans have been accelerated according to their terms and are in default, all appropriate notices have been provided and all cure periods have expired. Accordingly, therefore, all of the unpaid balance of (i) principal balances due under the Notes, (ii) accrued interest due under the Notes, and (iii) all other amounts provided for under the Notes, are due and payable in full. Noteholder has requested that the undersigned, as Substitute Trustee under the Deed of Trust, sell the Mortgaged Property for cash (except Noteholder may bid credit against the indebtedness due and owing), the proceeds of such nonjudicial foreclosure sale to be applied in accordance with the provisions of the Deed of Trust.

Therefore, at the date, time and place set forth above, as Substitute Trustee (or any subsequently appointed substitute trustee) will sell the Mortgaged Property to the highest bidder for cash pursuant to the terms of the Deed of Trust and applicable law.

IN WITNESS WHEREOF, this Notice of Substitute Trustee's Sale has been executed to be effective on the Effective Date.

By: _Robert McWilliams_

Robert McWilliams, Substitute Trustee

STATE OF TEXAS §
§
COUNTY OF LIVE OAK §

This instrument was acknowledged before me on _November 10_, 2021, by Robert McWilliams, as Substitute Trustee, in the capacity herein stated.

(Seal)

_Amy Brysch_
Notary Public, State of Texas

AMY BRYSCH
NOTARY PUBLIC
STATE OF TEXAS
ID # 1062736-0
My Comm. Expires 03-28-2024

Printed Name: _Amy Brysch_

My Commission Expires: _03·28·2024_

ACTIVE 60026986v5

2

Bk    Vol    Pg
236362    OR    451    479

# EXHIBIT A

## The Land

[SEE ATTACHED]



*3*

*ACTIVE 60026986v5*



EXHIBIT A
TRACT 1

**Land Surveying Company: Payne Industries, LLC**
**Firm Registration No: 10193780**
**Phone: (979) 567-4500**
**Website: www.payne-llc.com**

**FIELD NOTE DESCRIPTION OF 30.034 ACRES, MORE OR LESS, BEING PART OF THE MICHAEL CRONICAN SURVEY, ABSTRACT 135, LIVE OAK COUNTY, TEXAS, AND BEING OUT OF THE 4239.14 ACRES DESCRIBED IN DEED TO CUATRO PAISANAS RANCH INC, RECORDED IN VOLUME 243, PAGE 118, OF THE DEED RECORDS OF LIVE OAK COUNTY, TEXAS, MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:**

**BEGINNING** at a 1/2" iron rod set with plastic cap stamped "Payne 6064", in the northwest corner of the herein described tract;

**THENCE** leaving the **POINT OF BEGINNING**, along the northwest line of the herein described tract, **N 45°10'27" E a distance of 373.55 feet** to a 1/2" iron rod set with plastic cap stamped "Payne 6064", for the north corner of this description;

**THENCE** along the northeast line of the herein described tract, **S 36°51'36" E a distance of 1371.46 feet** to a 1/2" iron rod set with a plastic cap stamped "Payne 6064", for the east corner of this description;

**THENCE** along the southeast line of the herein described tract, **S 41°17'31" W a distance of 1105.67 feet** to a 1/2" iron rod set with plastic cap stamped "Payne 6064", for the south corner of this description;

**THENCE** along the southwest line of the herein described tract, **N 61°55'20" W a distance of 459.24 feet** to a 1/2" iron rod set with plastic cap stamped "Payne 6064", for the southwest corner of this description;

**THENCE** along the west line of the herein described tract, **N 1°51'57" E a distance of 1449.35 feet** to the **POINT OF BEGINNING**. There are 30.034 acres, more or less, described in these field notes.

All iron rods set are capped with a plastic cap stamped "Payne 6064". The bearing basis for this survey was determined from GPS observations and refers to Grid North. This description was prepared by Payne Industries, LLC from an on the ground survey performed on July 18, 2018 and corresponds to a survey plat referenced as job number 1008-014.

Phillip C. Payne      RPLS #6064
Job No. 1008-014
August 9, 2018



Bk    Vol    Pg
236362.    OR    451    481

*EXHIBIT B*
*TRACT 2*

**Land Surveying Company: Payne Industries, LLC**
**Firm Registration No: 10193780**
**Phone: (979) 567-4500**
**Website: www.payne-llc.com**

**FIELD NOTE DESCRIPTION OF A 70 FOOT WIDE ACCESS ROAD EASEMENT, BEING 2.592 ACRES, MORE OR LESS, SITUATED IN THE MICHAEL CRONICAN SURVEY, ABSTRACT 135, AND THE CARL STERNBERG SURVEY, ABSTRACT 423, LIVE OAK COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:**

**BEGINNING** at a 1/2" iron rod set with plastic cap stamped "Payne 6064", at the southwest corner of a 30.034 acre tract, said point having Texas State Plane Coordinate System, (NAD 83), South Central Zone values of N: 13333335.79 and E: 2238156.07, for the southeast corner of this description;

**THENCE**, leaving the **POINT OF BEGINNING** and said 30.034 acre tract, S 85°54'50" W a distance of 651.00 feet to a point of curvature;

**THENCE** Along a curve to the left with a delta of 08°03'13", a radius of 865.88 feet, an arc length of 121.71 feet and a chord which bears S 81°53'14" W a distance of 121.61 feet to a point;

**THENCE**, S 77°51'29" W a distance of 525.23 feet to a point of curvature;

**THENCE** Along a curve to the left with a delta of 43°40'24", a radius of 417.23 feet, an arc length of 318.03 feet and a chord which bears S 55°51'02" W a distance of 310.39 feet to a point, for the southwest corner of this description;

**THENCE**, N 06°41'06" W a distance of 98.52 feet to a point of curvature, for the northwest corner of this description;

**THENCE** Along a curve to the right with a delta of 34°52'05", a radius of 487.23 feet, an arc length of 296.51 feet and a chord which bears N 60°15'57" E a distance of 291.96 feet to a point;

**THENCE**, N 77°51'29" E a distance of 525.33 feet to a point of curvature;

**THENCE** Along a curve to the right with a delta of 08°03'13", a radius of 935.88 feet, an arc length of 131.55 feet and a chord which bears N 81°53'14" E a distance of 131.44 feet to a point;

**THENCE**, N 85°54'50" E a distance of 658.30 feet to a point in the west boundary line of said 30.034 acre tract, for the northeast corner of this description;

**THENCE** along the west boundary line of said 30.034 acre tract, S 01°51'57" W a distance of 70.38 feet to the **POINT OF BEGINNING**. There are 2.592 acres, more or less, described in these field notes.

All iron rods set are capped with a plastic cap stamped "Payne 6064". The bearing basis for this survey was determined from GPS observations and refers to Grid North. This description was prepared by Payne Industries, LLC from an on the ground survey performed on July 18, 2018 and corresponds to a survey plat referenced as job number 1008-014.

Phillip C. Payne    RPLS #6064
Job No. 1008-014
August 9, 2018



Page 1 of 1

*EXHIBIT C*
*TRACT 3*

**Land Surveying Company: Payne Industries, LLC**
**Firm Registration No: 10193780**
**Phone: (979) 567-4500**
**Website: www.payne-llc.com**

**FIELD NOTE DESCRIPTION OF A 70 FOOT WIDE ACCESS ROAD EASEMENT, BEING 3.827 ACRES, MORE OR LESS, SITUATED IN THE MICHAEL CRONICAN SURVEY, ABSTRACT 135, AND THE CARL STERNBERG SURVEY, ABSTRACT 423, LIVE OAK COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:**

**BEGINNING** at a 1/2" iron rod set with plastic cap stamped "Payne 6064", at the southwest corner of a 30.034 acre tract, said point having Texas State Plane Coordinate System, (NAD 83), South Central Zone values of N: 13333335.79 and E: 2238156.07, for the north corner of this description;

**THENCE,** leaving the **POINT OF BEGINNING**, along the southwest boundary line of said 30.034 acre tract, **S 61°55'20" E a distance of 73.15 feet** to a point, for the northeast corner of this description;

**THENCE,** leaving said 30.034 acre tract, **S 11°12'50" W a distance of 210.62 feet** to a point;

**THENCE, S 00°04'46" W a distance of 133.15 feet** to a point;

**THENCE, S 00°09'51" W a distance of 387.77 feet** to a point, for the east corner of this description;

**THENCE, S 54°10'42" W a distance of 1687.69 feet** to a point, for the southwest corner of this description;

**THENCE, N 07°05'49" W a distance of 79.82 feet** to a point, for the northwest corner of this description;

**THENCE, N 54°10'42" E a distance of 1613.65 feet** to a point, for the west corner of this description;

**THENCE, N 00°09'51" E a distance of 352.04 feet** to a point;

**THENCE, N 00°04'46" E a distance of 139.92 feet** to a point;

**THENCE, N 11°12'50" E a distance of 238.67 feet** to the **POINT OF BEGINNING**. There are 3.827 acres, more or less, described in these field notes.

All iron rods set are capped with a plastic cap stamped "Payne 6064". The bearing basis for this survey was determined from GPS observations and refers to Grid North. This description was prepared by Payne Industries, LLC from an on the ground survey performed on July 18, 2018 and corresponds to a survey plat referenced as job number 1008-014.

Phillip C. Payne      RPLS #6064
Job No. 1008-014
August 9, 2018



Page 1 of 1

## EXHIBIT B

### The Mortgaged Property

As used herein, the term "Mortgaged Property" shall mean the following:

1. The Land;

2. To the extent owned by Borrower, all substances in, on, under, or above the Land which are now, or may become in the future, intrinsically valuable (that is, valuable in themselves) and which now or may be in the future enjoyed through extraction or removal from the property, including without limitation, oil, gas, and all other hydrocarbons, coal, lignite, carbon dioxide and all other nonhydrocarbon gases, uranium and all other radioactive substances, and gold, silver, copper, iron and all other metallic substances or ores (collectively, the "*Minerals*");

3. All materials, supplies, equipment, systems, apparatus, and other items now owned or hereafter acquired by Borrower and now or hereafter attached to, installed in, or used in connection with (temporarily or permanently) any of the Improvements (as defined below) or the Land, which are now owned or hereafter acquired by Borrower and are now or hereafter attached to the Land or the Improvements, and including but not limited to any and all partitions, dynamos, window screens and shades, draperies, rugs and other floor coverings, awnings, motors, engines, boilers, furnaces, pipes, cleaning, call and sprinkler systems, fire extinguishing apparatus and equipment, water tanks, swimming pools, heating, ventilating, refrigeration, plumbing, laundry, lighting, generating, cleaning, waste disposal, transportation (of people or things, including but not limited to, stairways, elevators, escalators, and conveyors), incinerating, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and lighting, traffic control, waste disposal, raw and potable water, gas, electrical, storm and sanitary sewer, telephone and cable television facilities, and all other utilities whether or not situated in easements, together with all accessions, appurtenances, replacements, betterments, and substitutions for any of the foregoing and the proceeds thereof (collectively, the "*Fixtures*");

4. Any and all buildings, covered garages, air conditioning towers, open parking areas, structures and other improvements of any kind or nature, and any and all additions, alterations, betterments or appurtenances thereto, now or at any time hereafter situated, placed, or constructed upon the Land or any part thereof (collectively, the "*Improvements*");

5. All of the right, title, and interest of Borrower in and to (i) furniture, furnishings, equipment, machinery, goods (including, but not limited to, crops, farm products, timber and timber to be cut, and as extracted collateral); (ii) general intangibles, money, insurance proceeds, accounts, contract and subcontract rights, trademarks, trade names, copyrights, chattel paper, instruments, investment property, letter of credit rights, inventory; (iii) all

*4*

cash funds, fees (whether refundable, returnable or reimbursable), deposit accounts or other funds or evidences of cash, credit or indebtedness deposited by or on behalf of Borrower with any governmental agencies, boards, corporations, providers of utility services, public or private, including specifically, but without limitation, all refundable, returnable, or reimbursable tap fees, utility deposits, commitment fees and development costs, any awards, remunerations, reimbursements, settlements, or compensation heretofore made or hereafter to be made by any Governmental Authority (as defined in the Deed of Trust) pertaining to the Land, Improvements, Fixtures, Contracts (as defined below), or Personalty, including but not limited to those for any vacation of, or change of grade in, any streets affecting the Land or the Improvements and those for municipal utility district or other utility costs incurred or deposits made in connection with the Land; and (iv) all other personal property of any kind or character as defined in and subject to the provisions of the Code (Article 9 - Secured Transactions); any and all of which are now owned or hereafter acquired by Borrower, and which are now or hereafter situated in, on, or about the Land or the Improvements, or used in or necessary to the complete and proper planning, development, construction, financing, use, occupancy, or operation thereof, or acquired (whether delivered to the Land or stored elsewhere) for use in or on the Land or the Improvements, together with all accessions, replacements, and substitutions thereto or therefor and the proceeds thereof (collectively, the "*Personalty*");

6. All of the right, title, and interest of Borrower, including equitable rights, in, to, and under any and all (i) contracts for the purchase of all or any portion of the Mortgaged Property, whether such contracts are now or at any time hereafter existing, including but without limitation, any and all earnest money or other deposits escrowed or to be escrowed or letters of credit provided or to be provided by the purchasers under the contracts, including all amendments and supplements to and renewals and extensions of the contracts at any time made, and together with all payments, earnings, income, and profits arising from the sale of all or any portion of the Mortgaged Property or from the contracts and all other sums due or to become due under and pursuant thereto and together with any and all earnest money, security, letters of credit or other deposits under any of the contracts; (ii) contracts, licenses, permits, and rights relating to living unit equivalents or other entitlements for water, wastewater, and other utility services whether executed, granted, or issued by a private person or entity or a governmental or quasi-governmental agency, which are directly or indirectly related to, or connected with, the development, ownership, maintenance or operation of the Mortgaged Property, whether such contracts, licenses, and permits are now or at any time thereafter existing, including without limitation, any and all rights of living unit equivalents or other entitlements with respect to water, wastewater, and other utility services, certificates, licenses, zoning variances, permits, and no-action letters from each governmental authority required: (a) to evidence compliance by Borrower and all improvements constructed or to be constructed on the Mortgaged Property with all Legal Requirements (as defined in the Deed of Trust) applicable to the Mortgaged Property, and (b) to develop and/or operate the Mortgaged Property as a commercial and/or residential project, as the case may be; (iii) any and all right, title, and interest Borrower may have in any financing arrangements relating to the financing of or the purchase of all or any portion of the Mortgaged Property by future purchasers; and (iv) all other contracts which in any way relate to the use, enjoyment, occupancy, operation, maintenance, repair,

*ACTIVE 60026986v5*

management or ownership of the Mortgaged Property (save and except any and all Leases), including but not limited to maintenance and service contracts and management agreements (collectively, the "*Contracts*"); and

7. Any and all leases, master leases, subleases, licenses, concessions, or other agreements (whether written or oral, or now or hereafter in effect) which grant to third parties a possessory interest in and to, or the right to use or occupy, all or any part of the Mortgaged Property, together with all security and other deposits or payments made in connection therewith (collectively, the "*Leases*");

together with any and all other security and collateral of any nature whatsoever, now or hereafter given for the repayment of the Indebtedness (as defined in the Deed of Trust) or the performance and discharge of the Obligations (as defined in the Deed of Trust).

As used in this Exhibit B, the term "now" refers to the date of the Deed of Trust.

6

ACTIVE 60026986v5

**GT GreenbergTraurig**

FILE COPY 9/8/21

Kristen E. Bollinger
Tel 713.374.3593
Fax 713.374.3505
bollingerk@gtlaw.com

September 8, 2021

*Via Certified Mail and Return Receipt Requested*
Atlas Mining, LLC
6004 S. First Street
Lufkin, Texas 75901



Certified Article Number
9414 7266 9904 2155 4820 95
SENDER'S RECORD

Re:   **NOTICE OF DEFAULT AND INTENT TO ACCELERATE**

Ladies and Gentlemen:

Reference is hereby made to:

(i)   The $11,000,000.00 Revolving Line of Credit Promissory Note dated November 13, 2018 (the *"Senior Note"*) executed by Atlas Mining, LLC, a Texas limited liability company (*"Borrower"*), payable to the order of Sabine State Bank & Trust Company, a Louisiana financial institution (*"Lender"*);

(ii)  The Deed of Trust dated as of November 13, 2018 (*"Deed of Trust"*) by Borrower to Lee McCann, Trustee for the benefit of Lender, securing the Senior Note and covering, in part, certain tracts of land located in Live Oak County, Texas, as more particularly described therein, which Deed of Trust is recorded as Instrument Number 1790413 in the Official Public Records of Real Property of Live Oak County;

(iii) The Pledge and Security Agreement dated as of November 13, 2018 (the *"Senior Pledge and Security Agreement"*) by and between Borrower and Lender in connection with the Senior Note and the Deed of Trust;

(iv)  The Surface Mining Lease Agreement effective August 10, 2018 (the *"Lease"*) by and between Cuatro Paisanas Ranch, Inc., as lessor, and Borrower, as lessee, as amended;

(v)   The $1,682,950.00 Fixed Rate Term Loan Promissory Note dated April 17, 2019 (the *"Subordinate Note"* and, collectively with the Senior Note, the *"Notes"*) executed by Borrower and payable to the order of Lender; and

(vi)  The Pledge and Security Agreement dated as of April 17, 2019 (the *"Subordinate Pledge and Security Agreement"*) by and between Borrower and Lender in connection with the Subordinate Note.

September 8, 2021
Page 2

With respect to the Loans,[1] this firm is legal counsel to Lender. Lender is the current (i) owner and holder of the (x) right to receive payments due under the Notes, and (y) outstanding indebtedness evidenced by the Notes, and (ii) the current owner of the liens, security interests, terms and provisions contained within the Deed of Trust, the Subordinate Pledge and Security Agreement, and all other documents executed in connection therewith or relating in anyway thereto.[2]

On behalf of Lender, the undersigned hereby notifies you that:

1. An Event of Default has occurred and is continuing under Section 3.6 of the Deed of Trust as a result of the filing of federal tax liens against the Property[3] in the Office of the Secretary of State of the State of Texas (i) on January 19, 2021 under Filing No. 210002456969, (ii) on May 10, 2021 under Filing No. 210019466433, and (iii) on July 6, 2021 under Filing No. 210028536118.

2. An Event of Default has occurred and is continuing under Section 3.10 of the Deed of Trust as a result of the judgment rendered on March 24, 2020 against Borrower in Cause No. L-20-0024-CV-A in the 36th Judicial District, Live Oak County, Texas and such judgment remains outstanding.

3. An Event of Default has occurred and is continuing under Section 4.5 of the Deed of Trust because a default by Borrower has occurred and is continuing under the Lease.

4. An Event of Default has occurred and is continuing under Section 4.9 of the Deed of Trust because the following affidavits have been filed in the Official Public Records of Live Oak County, Texas (the "*Records*") against the Land:

   a. Affidavit Claiming Mechanic's and Materialman's Lien recorded in Volume 410, Page 533 of the Records;
   b. Affidavit Claiming Mechanic's and Materialman's Lien recorded in Volume 411, Page 442 of the Records;
   c. Affidavit Claiming Mechanic's and Materialman's Lien recorded in Volume 420, Page 591 of the Records; and
   d. Affidavit Claiming Mineral Contractor's Lien recorded in Volume 423, Page 210 of the Records.

5. An Event of Default has occurred and is continuing under Sections 5.7 and 6.7 of the Deed of Trust because, after entering into the Senior Note, Borrower entered into that certain Promissory Note dated February 7, 2020 by and between Borrower, as borrower, and Cuatro Paisanas Ranch, Inc., as lender.

6. An Event of Default has occurred and is continuing under Sections 4.1.2 and 4.1.6 of the Senior Pledge and Security Agreement because of the federal tax liens referenced in clause 1 above.

---

[1] For purposes hereof, the term "*Loans*" shall refer to the debts evidenced by the Notes made by Borrower to Lender.

[2] All such documents shall collectively be referred to as the "*Loan Documents*". All capitalized terms used in this Notice of Default and Intent of Accelerate and not otherwise defined herein shall have the same meanings as given to them in the Loan Documents.

[3] For purposes hereof, the term "*Property*" shall hereinafter be referred to as the real property, personal property, and general intangibles described in the Deed of Trust and the Subordinate Pledge and Security Agreement.

Greenberg Traurig, LLP □ Attorneys at Law □ WWW.GTLAW.COM
*ACTIVE 59770260v4*

September 8, 2021
Page 3

7. An Event of Default has occurred and is continuing under Section 4.15 of the Deed of Trust as a result of Borrower's failure to promptly notify Lender of the Events of Default described in clauses 1-6 above.

8. The Events of Default described in clauses 1-7 above additionally constitute Events of Default under Section 3.1(b) of the Senior Note.

9. An Event of Default has occurred and is continuing under Section 5(b) of the Subordinate Pledge and Security Agreement because of the federal tax liens referenced in clause 1 above.

All such Events of Default, collectively, are referred to herein as the *"Existing Events of Default."* As a result of the occurrence and continuance of the Existing Events of Default, on behalf of and at the request and direction of Lender, formal demand is hereby made that the Borrower cure the Existing Events of Default on or before 1:00 p.m., CDT, September 21, 2021. You are further notified that if you fail to cure the Existing Events of Default in accordance with the foregoing demand on or before 1:00 p.m., CDT, September 21, 2021, then pursuant to Section 7.1(c) of the Deed of Trust, the Lender will declare immediately due and payable the entire indebtednesses secured by the Deed of Trust and the Subordinate Pledge and Security Agreement.

Additionally, if the Existing Events of Default are not cured on or before the stated date and time, then Borrower is advised that Lender intends to exercise its remedies available under the Loan Documents or otherwise at law or in equity, and furthermore, additional attorneys' fees and other costs of collection incurred by Lender shall accrue for which Borrower, any guarantor and/or any other obligated party may be liable. If the Property is sold at judicial or non-judicial foreclosure sales for amounts insufficient to satisfy the entire unpaid principal balance of and all accrued but unpaid interest on the Notes and all other amounts due thereunder, you may be liable for the deficiency, subject to any limitations on liability, including, but not limited to, constitutional limitations, statutory limitations and/or any limitations on liability contained within the Loan Documents.

This correspondence supersedes any prior correspondence from Lender, or its respective agents or representatives, with respect to the current defaults under the Loan Documents. This notice is not intended to contain an exhaustive or complete listing of all defaults or Events of Default which currently exist under the Loan Documents or of all items which may, with the giving of notice or the passage of time or both, become defaults or Events of Default under any of the Loan Documents and nothing contained in this letter shall constitute a waiver of any such defaults or other Events of Default. This letter shall have no effect on, and does not waive, limit or relinquish, any other rights or remedies available to the Lender at law, in equity, or under the Loan Documents and all such rights shall be cumulative and may be pursued separately, successively or concurrently against any one or more of the Borrower, any guarantor, any pledgor, as well as against any or all collateral securing the repayment of the Notes, all at the sole discretion of the Lender.

Lender reserves the right to exercise, in such order as Lender elects, any one or more of the remedies available to Lender pursuant to the Loan Documents or otherwise at law or in equity (including, without limitation, actions to collect the rents and other income from the Property), and nothing contained in this letter shall constitute a waiver of any rights of Lender to pursue such rights and remedies. Borrower shall not be entitled to expect an opportunity to cure any future default solely by reason of Lender's election to grant the cure period set forth herein, and Borrower shall not be entitled to expect notice of maturity or specification of Borrower's obligations under the Loan Documents solely by reason of Lender's election to provide the notices and specifications set forth in this letter. Lender also reserves the right, without further notice to you or any other person or entity, to exercise any other rights or remedies available to it. Lender's failure to exercise any such other right or remedy available to it, whether under the Note, the Deed of Trust, the other Loan Documents, at law, or in equity, now or from time to time, is not and is not to be taken to be, a waiver of any or all of Lender's other rights or remedies.

Greenberg Traurig, LLP ☐ Attorneys at Law ☐ WWW.GTLAW.COM
*ACTIVE 59770260v4*

September 8, 2021
Page 4

Borrower is hereby advised that negotiations, if any, between Borrower and Lender shall not constitute a waiver of Lender's right to exercise its rights and remedies under the Loan Documents or otherwise at law or in equity, including, but not limited to, those described in this letter. Any such waiver shall not be effective unless set forth in writing, duly executed by an authorized representative of Lender. Borrower shall not be entitled to rely upon any verbal statements made or purported to be made by or on behalf of Lender in connection with any alleged agreement by or on behalf of Lender to refrain from exercising any of its rights under the Loan Documents or otherwise at law or in equity.

Neither this letter nor any statement by or on behalf of Lender as to the amount due and owing under the Loan Documents shall constitute a waiver of any rights of Lender to collect any additional amounts to which Lender may be lawfully entitled pursuant to the terms of the Loan Documents or otherwise at law or in equity. The specific enumeration of default contained in this letter shall not constitute a waiver of any other default which may now or hereafter exist under the Loan Documents.

Nothing herein is intended as or shall be construed as an election of remedies by the Lender.

THIS FIRM AND LENDER ARE ATTEMPTING TO COLLECT THE INDEBTEDNESS EVIDENCED BY THE NOTES AND/OR SECURED BY THE LIENS, SECURITY INTERESTS, TERMS AND PROVISIONS CONTAINED WITHIN THE LOAN DOCUMENTS AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNLESS THE EXISTING EVENTS OF DEFAULT ARE CURED AS AND WHEN PROVIDED IN THIS LETTER, LENDER CURRENTLY INTENDS TO DECLARE THE ENTIRE OUTSTANDING PRINCIPAL BALANCES OF THE NOTES, ALL INTEREST ACCRUED THEREON, AND ALL OTHER AMOUNTS DUE (INCLUDING, WITHOUT LIMITATION, ANY LATE CHARGES, DEFAULT INTEREST, *ETC.*) IMMEDIATELY DUE AND PAYABLE AND COMMENCE A FORECLOSURE ACTION AND TO PURSUE ALL OTHER REMEDIES AVAILABLE TO IT UNDER THE LOAN DOCUMENTS. IF A DEFICIENCY THEREAFTER REMAINS ON THE INDEBTEDNESS, THE LENDER MAY ALSO SEEK TO HOLD BORROWER OR ANY GUARANTOR PERSONALLY LIABLE FOR ANY REMAINING DEFICIENCY.

To the extent your obligations have been discharged, dismissed, or are subject to an automatic stay of a bankruptcy order under Title 11 of the United States Code, this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect any such obligation. This notice is given pursuant to 11 U.S.C. Section 362(b)11, if applicable.

In addition, Lender has instructed me to inform you that notwithstanding past informalities and accommodations with respect to the Loans, if any, from this date forward Lender intends to insist upon strict compliance with the terms and conditions of the Loan Documents. Furthermore, this correspondence is provided notwithstanding Borrower's express waiver, pursuant to Section 3.2 of the Senior Note, of notice of nonpayment or nonperformance, notice of intent to accelerate, notice of acceleration, and any other notice or action.

September 8, 2021
Page 5

Please note that we represent <u>only</u> the Lender's interests. We cannot and will not advise you in connection with this matter. If you have any questions, please consult your legal counsel.

Best Regards

*Kristen E. Bollinger*

Kristen E. Bollinger
Associate

cc:   Harold Estes, *Via Certified Mail and Return Receipt Requested*
      Bazil Moore, *Via Certified Mail and Return Receipt Requested*
      Samuel Mark Brockington, *Via Certified Mail and Return Receipt Requested*
      Lee McCann
      John L. Whitehead
      Karl Burrer
      Gerald P. Lance

Certified Article Number
9414 7266 9904 2155 4821 01
SENDER'S RECORD

Certified Article Number
9414 7266 9904 2155 4821 32
SENDER'S RECORD

Certified Article Number
9414 7266 9904 2155 4821 25
SENDER'S RECORD

Return Receipt (Form 3811) Barcode

9590 9266 9904 2155 4821 28

Article Addressed to:

Samuel Mark Brockington
5316 Stonewall Road
Little Rock, AR 72207

Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4821 25

Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100

Domestic Return Receipt

---

Return Receipt (Form 3811) Barcode

9590 9266 9904 2155 4821 04

Article Addressed to:

Harold Estes
6004 South First Street
Lufkin, TX 75901

Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4821 01

Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100

Domestic Return Receipt

---

Return Receipt (Form 3811) Barcode

9590 9266 9904 2155 4821 35

Article Addressed to:

Bazil Moore
1715 South University Street
Nacogdoches, TX 75961

Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4821 32

Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    HOLLOWAY | C. Date of Delivery   9/10/19

D. Is delivery address different from item 1? ☒ Yes ☐ No
If YES, enter delivery address below:

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100

Domestic Return Receipt

---

Return Receipt (Form 3811) Barcode

9590 9266 9904 2155 4820 98

Article Addressed to:

Atlas Mining, LLC
6004 S. First Street
Lufkin, TX 75901

Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4820 95

Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100

Domestic Return Receipt

 **GreenbergTraurig**



FILE COPY  9/30/21

Kristen E. Bollinger
Tel 713.374.3593
Fax 713.374.3505
bollingerk@gtlaw.com

September 30, 2021

*Via Certified Mail and Return Receipt Requested*
Atlas Mining, LLC
6004 S. First Street
Lufkin, Texas 75901

Re:    **NOTICE OF ACCELERATION**
$11,000,000 Revolving Line of Credit Promissory Note dated November 13, 2018 (the
"*Senior Note*") executed by Atlas Mining, LLC, a Texas limited liability company
("*Borrower*"), payable to the order of Sabine State Bank & Trust Company, a Louisiana
financial institution ("*Noteholder*"), at its principal offices at 297 Elizabeth Street, Many,
Louisiana 71449 and secured in part by a Deed of Trust ("*Deed of Trust*") dated as of
November 13, 2018 by Borrower to Lee McCann, Trustee, for the benefit of Noteholder,
covering, in part, certain tracts of land located in Live Oak County, Texas, as more
particularly described therein, which is recorded as Instrument Number 1790413 in the
Official Public Records of Real Property of Live Oak County, Texas; and $1,682,950.00
Fixed Rate Term Loan Promissory Note dated April 17, 2019 (the "*Subordinate Note*"
and, collectively with the Senior Note, the "*Notes*") executed by Borrower and payable to
the order of Noteholder and secured in part by the Pledge and Security Agreement dated
as of April 17, 2019 (the "*Subordinate Pledge and Security Agreement*") by and
between Borrower and Noteholder in connection with the Subordinate Note, which is
recorded as Instrument Number 1833771 in the Official Public Records of Real Property
of Live Oak County, Texas

Ladies and Gentlemen:

This firm is legal counsel to Noteholder in connection with (a) the Senior Note executed
by Borrower, as maker, payable to the order of Noteholder, as payee, in the original principal
amount of $11,000,000.00, and (b) the Subordinate Note executed by Borrower, as maker, payable
to the order of Noteholder, as payee, in the original principal amount of $1,682,950.00. Each of
the Notes evidences a loan (collectively, the "*Loans*") originally made by Noteholder to Borrower.

The right to receive payments due under the Notes, and the outstanding indebtedness
evidenced by the Notes, is secured by, among other things, the liens, security interests, terms and

Greenberg Traurig, LLP | Attorneys at Law

1000 Louisiana Street | Suite 1700 | Houston, Texas 77002 | T +1 713.374.3500 | F +1 713.374.3505

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City.
Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco.
Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as "Greenberg Traurig Germany, LLP", a separate UK registered legal entity. "Greenberg Traurig, S.C., "Greenberg Traurig Santa Maria, "Greenberg Traurig LLP Foreign Legal Consultant Office, "A branch of Greenberg Traurig, P.A., Florida, USA. ≈GT Tokyo Horitsu Jimusho and Greenberg Traurig
Gaikokuhojimugoshi Jimusho "Greenberg Traurig Nowakowska-Zimoch Wysokinski sp k.

ACTIVE 60024828v2                                                                                                    www.gtlaw.com

September 30, 2021
Page 2

provisions contained within the Deed of Trust and the Subordinate Pledge and Security Agreement covering, among other things, that certain real and personal property described therein and situated in Live Oak County, Texas. The Notes, the Deed of Trust, the Subordinate Pledge and Security Agreement, and all other documents executed in connection therewith or relating in any way thereto are hereinafter sometimes referred to individually or collectively as the "***Loan Documents.***"

Pursuant to terms and provisions contained within the Loan Documents, the Notes are in default and all cure periods have expired. We sent you a Notice of Default Letter dated September 8, 2021, and you have not timely cured the defaults described therein. Accordingly, the entire unpaid balance of principal of, and accrued interest on, each of the Notes is hereby accelerated and is now due and payable in full.

If any debtor who is obligated to pay all or any portion of the Loans has filed a petition for relief under Title 11 of the United States Code (the "***Bankruptcy Code***"), or has had a petition filed against him or her pursuant to the Bankruptcy Code, and any such petition has not been dismissed, then as to any such debtor, this Letter is not intended as an act to collect, assess or recover a claim against such debtor, and any claims asserted against such debtor by Noteholder on account of the Loans will be properly asserted in such debtor's bankruptcy proceedings in accordance with the Bankruptcy Code.

Noteholder does not intend to waive, and nothing contained herein shall be construed as a waiver of, any of the rights and remedies of Noteholder under the Loan Documents, or under applicable law. In addition, all of Noteholder's claims and demands regarding the Loans, whenever made, and whether for principal, interest or otherwise (including amounts due under any guaranty), are intended to comply in all respects, both independently and collectively, with applicable usury laws, and are accordingly limited so that applicable usury laws are not violated.

You are hereby advised that negotiations, if any, between yourself and Noteholder (or any of its respective agents) shall not constitute a waiver of Noteholder's right to exercise its rights and remedies under the Loan Documents or otherwise at law or in equity, including, without limitation, those described in this Letter. Any such waiver shall not be effective unless set forth in writing, duly executed by an authorized representative of Noteholder. You shall not be entitled to rely upon any verbal statements made or purported to be made by or on behalf of Noteholder in connection with any alleged agreement by or on behalf of Noteholder to refrain from exercising any of its rights under the Loan Documents or otherwise at law or in equity.

If you have any questions, please do not hesitate to contact my colleague, Karl Burrer, at (713) 374-3612.

Best Regards,

*Kristen E. Bollinger*

Kristen E. Bollinger
Associate

September 30, 2021
Page 3

cc:   Harold Estes, *Via Certified Mail and Return Receipt Requested*
Bazil Moore, *Via Certified Mail and Return Receipt Requested*
Samuel Mark Brockington, *Via Certified Mail and Return Receipt Requested*
Lee McCann
John L. Whitehead
Karl Burrer
Gerald P. Lance

**Certified Article Number**

9414 7266 9904 2155 4821 63

**SENDER'S RECORD**

**Certified Article Number**

9414 7266 9904 2155 4821 70

**SENDER'S RECORD**

**Certified Article Number**

9414 7266 9904 2155 4821 87

**SENDER'S RECORD**

Return Receipt (Form 3811) Barcode

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Cynthia Kay Mohundro ☐ Agent ☑ Addressee

B. Received by (Printed Name)    C. Date of Delivery

9590 9266 9904 2155 4821 59

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Article Addressed to:

Atlas Mining, LLC
6004 S. First Street
Lufkin, TX 75901

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100

Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4821 56

Form 3811, Facsimile, July 2015    Domestic Return Receipt

---

Return Receipt (Form 3811) Barcode

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

9590 9266 9904 2155 4821 80

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Article Addressed to:

Samuel Mark Brockington
5316 Stonewall Road
Little Rock, AR 72207

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100

Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4821 87

Form 3811, Facsimile, July 2015    Domestic Return Receipt

---

Return Receipt (Form 3811) Barcode

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Mualy ☑ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
HOLLOWAY    10/4/24

9590 9266 9904 2155 4821 73

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Article Addressed to:

Bazil Moore
1715 South University Street
Nacogdoches, TX 75961

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100

Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4821 70

Form 3811, Facsimile, July 2015    Domestic Return Receipt

236362 OR 451 495
BK Vol Pg

 **GreenbergTraurig**

FILE COPY 11/15/a1

Kristen E. Bollinger
Tel 713.374.3593
Fax 713.374.3505
bollingerk@gtlaw.com

November 15, 2021

**_Via Certified Mail and Return Receipt Requested_**
Atlas Mining, LLC
6004 S. First Street
Lufkin, Texas 75901



Certified Article Number

9414 7266 9904 2155 4826 13

SENDER'S RECORD

Re: **NOTICE OF FORECLOSURE**

$11,000,000 Revolving Line of Credit Promissory Note dated November 13, 2018 (the "**_Senior Note_**") executed by Atlas Mining, LLC, a Texas limited liability company ("**_Borrower_**"), payable to the order of Sabine State Bank & Trust Company, a Louisiana financial institution ("**_Noteholder_**"), at its principal offices at 297 Elizabeth Street, Many, Louisiana 71449 and secured in part by a Deed of Trust ("**_Deed of Trust_**") dated as of November 13, 2018 by Borrower to Lee McCann, Trustee, for the benefit of Noteholder, covering, in part, certain tracts of land located in Live Oak County, Texas, as more particularly described therein, which is recorded as Instrument Number 1790413 in the Official Public Records of Real Property of Live Oak County, Texas; and $1,682,950.00 Fixed Rate Term Loan Promissory Note dated April 17, 2019 (the "**_Subordinate Note_**" and, collectively with the Senior Note, the "**_Notes_**") executed by Borrower and payable to the order of Noteholder and secured in part by the Pledge and Security Agreement dated as of April 17, 2019 (the "**_Subordinate Pledge and Security Agreement_**") by and between Borrower and Noteholder in connection with the Subordinate Note, which is recorded as Instrument Number 1833771 in the Official Public Records of Real Property of Live Oak County, Texas

Ladies and Gentlemen:

The Notes are in default and the indebtedness under each of the Notes (collectively, the "**_Indebtedness_**") has previously been accelerated. You are receiving this notice because you are obligated for the Indebtedness. Noteholder has appointed Robert McWilliams as Substitute Trustee and directed him to foreclose on all of the Mortgaged Property, as such term is defined in the Deed of Trust, unless payment in full of the described Indebtedness is made prior to the foreclosure date. A copy of the Notice of Substitute Trustee's Sale is enclosed with this letter. Please note that such foreclosure will begin no earlier than 10:00 a.m. and no later than three (3)

**Greenberg Traurig, LLP | Attorneys at Law**

1000 Louisiana Street | Suite 1700 | Houston, Texas 77002 | T +1 713.374.3500 | F +1 713.374.3505

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

ACTIVE 60029308v5                                                                                    www.gtlaw.com

Bk   Vol   Pg
236362   OR   451   497

November 15, 2021
Page 2

hours after that time on the first Tuesday of the next month, same being December 7, 2021, on the front steps of the Live Oak County Courthouse, 301 Houston Street, George West, Texas 78022 in the area designated or described in the attached Notice of Substitute Trustee's Sale.

If any debtor who is obligated to pay all or any portion of the Indebtedness has filed a petition for relief under Title 11 of the United States Code (the "*Bankruptcy Code*"), or has had a petition filed against him or her pursuant to the Bankruptcy Code, and any such petition has not been dismissed, then as to any such debtor, this letter is not intended as an act to collect, assess or recover a claim against such debtor, and any claims asserted against such debtor by Noteholder on account of the Indebtedness will be properly asserted in such debtor's bankruptcy proceedings in accordance with the Bankruptcy Code.

Noteholder does not intend to waive, and nothing contained herein shall be construed as a waiver of, any of the rights and remedies of Noteholder under the loan documents relating to the Indebtedness (collectively, the "*Loan Documents*"), or under applicable law. In addition, all of Noteholder's claims and demands regarding the Indebtedness, whenever made, and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with applicable usury laws, and are accordingly limited so that applicable usury laws are not violated.

You are hereby advised that negotiations, if any, between yourself and Noteholder (or its servicer or any of its respective agents) shall not constitute a waiver of Noteholder's right to exercise its rights and remedies under the Loan Documents or otherwise at law or in equity, including, without limitation, those described in this letter. Any such waiver shall not be effective unless set forth in writing and duly executed by an authorized representative of Noteholder. You shall not be entitled to rely upon any verbal statements made or purported to be made by or on behalf of Noteholder in connection with any alleged agreement by or on behalf of Noteholder to refrain from exercising any of its rights under the Loan Documents or otherwise at law or in equity.

If you have any questions, please do not hesitate to contact my colleague, Karl Burrer at (713) 374-3612, or me at (713) 374-3593.

Best Regards

*Kristen E. Bollinger*

Kristen E. Bollinger
Associate

Enclosure

cc:   Harold Estes
6004 South First Street
Lufkin, TX 75901
*Via Certified Mail and Return Receipt Requested*

Certified Article Number

9414 7266 9904 2155 4826 20

SENDER'S RECORD

Greenberg Traurig, LLP | Attorneys at Law
ACTIVE 60029308v5                                                    www.gtlaw.com

Bk    Vol    Pg
236362    OR    451    498

November 15, 2021
Page 3

Bazil Moore
1715 South University Street
Nacogdoches, TX 75961
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4826 37
SENDER'S RECORD

Samuel Mark Brockington
5316 Stonewall Road
Little Rock, AR 72207
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4818 69
SENDER'S RECORD

Lee McCann
John L. Whitehead
Karl Burrer
Gerald P. Lance

OCC Civil & Mechanical, LLC
P.O. Box 190
Waxahachie, TX 75165
Attn.: President
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4826 51
SENDER'S RECORD

Sunbelt Rentals, Inc.
1275 West Mound Street
Columbus, OH 43223
Attn.: Lien Coordinator
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4826 68
SENDER'S RECORD

Wright Materials, Inc.
5706 FM 3088
Robstown, TX 78380-5248
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4826 75
SENDER'S RECORD

IndustrialQUIP, LLC
P.O. Box 9055
Corpus Christi, TX 78469
Attn.: Vice President
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4826 82
SENDER'S RECORD

Mid-Coast Valve & Equipment, Inc. d/b/a Coastal Valve & Equipment
P.O. Box 864
George West, TX 78022
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4826 99
SENDER'S RECORD

236362 OR 451 499

November 15, 2021
Page 4

Redco Endeavors, Inc.
P.O. Box 10
Gilmer, TX 75644
Attn.: Justin Donaho, CEO
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4827 05
SENDER'S RECORD

J&S Materials, LLC
22592 State Hwy. 16 South
Von Ormy, TX 78069
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4827 12
SENDER'S RECORD

TBC, Inc. d/b/a Texas Bearing Company
P.O. Box 1579
Amarillo, TX 79105-1579
*Via Certified Mail and Return Receipt Requested*

Certified Article Number
9414 7266 9904 2155 4827 29
SENDER'S RECORD



Bk Vol Pg
236362 OR 451 501

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4826 92

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name): TINA JOHNSON C. Date of Delivery: 11-17-21

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

Postmark AOS 906

1. Article Addressed to:
Mid-Coast Valve & Equipment, Inc.
d/b/a Coastal Valve & Equipment
P.O. Box 864
George West, TX 78022

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100
Kristen Bollinger

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2155 4826 99

PS Form 3811, Facsimile, July 2015    Domestic Return Receipt

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4826 78

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Nicole Smith ☐ Agent ☐ Addressee

B. Received by (Printed Name): NICOLE SMITH C. Date of Delivery: 11-18-21

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

1. Article Addressed to:
Wright Materials, Inc.
5706 FM 3088
Robstown, TX 78380-5248

Postmark AOS 029

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100
Kristen Bollinger

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2155 4826 75

PS Form 3811, Facsimile, July 2015    Domestic Return Receipt

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4827 22

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name): C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

Postmark NOV 18 2021 AMARILLO 79105

1. Article Addressed to:
TBC, Inc.
d/b/a Texas Bearing Company
P.O. Box 1579
Amarillo, TX 79105-1579

Postmark AOS 913

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100
Kristen Bollinger

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2155 4827 29

PS Form 3811, Facsimile, July 2015    Domestic Return Receipt

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4826 61

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name): C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

1. Article Addressed to:
Sunbelt Rentals, Inc.
Attn.: Lien Coordinator
1275 West Mound Street
Columbus, OH 43223

Postmark AOS 027

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
202983.010100
Kristen Bollinger

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2155 4826 68

PS Form 3811, Facsimile, July 2015    Domestic Return Receipt

236362    Bk    Vol    Pg
         OR    451    502

---

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4818 62

1. Article Addressed to:

Samuel Mark Brockington
5316 Stonewall Road
Little Rock, AR 72207

Postmark
AOS 025

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4818 69

PS Form 3811, Facsimile, July 2015

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Elizabeth Vega    11/18/21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

**Reference Information**
202983.010100

Domestic Return Receipt

---

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4826 23

1. Article Addressed to:

Harold Estes
6004 S. First Street
Lufkin, TX 75901

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4826 20

PS Form 3811, Facsimile, July 2015

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Thomas Richey  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Theresa Richey

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Postmark
AOS 907

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

**Reference Information**
202983.010100

Kristen Bollinger

Domestic Return Receipt

---

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4826 30

1. Article Addressed to:

Bazil Moore
1715 South University Street
Nacogdoches, TX 75961

Postmark
AOS 026

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4826 37

PS Form 3811, Facsimile, July 2015

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

**Reference Information**
202983.010100

Kristen Bollinger

Domestic Return Receipt

---

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2155 4826 16

1. Article Addressed to:

Atlas Mining, LLC
6004 S. First Street
Lufkin, TX 75901

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2155 4826 13

PS Form 3811, Facsimile, July 2015

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Thomas Richey  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Theresa Richey

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Postmark
AOS 908

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

**Reference Information**
202983.010100

Kristen Bollinger

Domestic Return Receipt