**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

<u>When recorded, return to:</u>

Sabine State Bank & Trust Company
297 Elizabeth Street
Many, Louisiana 71449

## DEED OF TRUST

### [Live Oak County]

This Deed of Trust (herein referred to as the "Deed of Trust"), is entered into as of December 7, 2021, by THREE RIVERS SAND, LLC, a Texas limited liability company, as Grantor, whose mailing address for notice hereunder is at 1715 S. University Drive, Nacogdoches, Texas 75961 to LEE MCCANN, Trustee, whose address is 297 Elizabeth Street, Many, Louisiana 71449, for the benefit of the hereinafter described Beneficiary.

### WITNESSETH:

### ARTICLE I
### DEFINITIONS

Section 1.1    <u>DEFINITIONS</u>. As used herein, the following terms shall have the following meanings:

<u>Architectural Barrier Laws</u>: Any and all architectural barrier laws including, without limitation, the Americans with Disabilities Act of 1990, P.L. 101-336, and the Architectural Barrier Act, 23 Tex. Rev. Civ. Stat. art. 9102, as amended, or any successor thereto.

<u>Beneficiary</u>: SABINE STATE BANK & TRUST COMPANY, a Louisiana financial institution, whose address for notice hereunder is 297 Elizabeth Street, Many, Louisiana 71449, and the subsequent holder or holders, from time to time, of the Note.

<u>Charges</u>: All fees, charges and/or other things of value, if any, contracted for, charged, received, taken or reserved by Beneficiary in connection with the transactions relating to the Note and the Loan Documents, which are treated as interest under applicable law.

Deed of Trust- Page 1

**EXHIBIT**
**TRS-2**

<u>Code</u>: The Uniform Commercial Code, as amended from time to time, in effect in the state in which the Mortgaged Property is located.

<u>Constituent Party</u>: Any signatory to this Deed of Trust that signs on Grantor's behalf that is a corporation, general partnership, limited partnership, limited liability company, joint venture, trust, or other type of business organization.

<u>Contracts</u>: All of the right, title, and interest of Grantor, including equitable rights, in, to, and under any and all (i) contracts for the purchase of all or any portion of the Mortgaged Property, whether such contracts are now or at any time hereafter existing, including but without limitation, any and all earnest money or other deposits escrowed or to be escrowed or letters of credit provided or to be provided by the purchasers under the contracts, including all amendments and supplements to and renewals and extensions of the contracts at any time made, and together with all payments, earnings, income, and profits arising from the sale of all or any portion of the Mortgaged Property or from the contracts and all other sums due or to become due under and pursuant thereto and together with any and all earnest money, security, letters of credit or other deposits under any of the contracts; (ii) contracts, licenses, permits, and rights relating to living unit equivalents or other entitlements for water, wastewater, and other utility services whether executed, granted, or issued by a private person or entity or a governmental or quasi-governmental agency, which are directly or indirectly related to, or connected with, the development, ownership, maintenance or operation of the Mortgaged Property, whether such contracts, licenses, and permits are now or at any time thereafter existing, including without limitation, any and all rights of living unit equivalents or other entitlements with respect to water, wastewater, and other utility services, certificates, licenses, zoning variances, permits, and no-action letters from each governmental authority required: (a) to evidence compliance by Grantor and all improvements constructed or to be constructed on the Mortgaged Property with all Legal Requirements applicable to the Mortgaged Property, and (b) to develop and/or operate the Mortgaged Property as a commercial and/or residential project, as the case may be; (iii) any and all right, title, and interest Grantor may have in any financing arrangements relating to the financing of or the purchase of all or any portion of the Mortgaged Property by future purchasers; and (iv) all other contracts which in any way relate to the use, enjoyment, occupancy, operation, maintenance, repair, management or ownership of the Mortgaged Property (save and except any and all Leases), including but not limited to maintenance and service contracts and management agreements.

<u>Debtor Relief Laws</u>: Title 11 of the United States Code, as now or hereafter in effect, or any other applicable law, domestic or foreign, as now or hereafter in effect, relating to bankruptcy, insolvency, liquidation, receivership, reorganization, arrangement or composition, extension or adjustment of debts, or similar laws affecting the rights of creditors.

Default Rate: The rate of interest specified in the Note to be paid by the maker of the Note from and after the occurrence of a default in payment under the provisions of the Note and Loan Documents but not in excess of the Maximum Lawful Rate.

Disposition: Any sale, lease (except as permitted under this Deed of Trust), exchange, assignment, conveyance, transfer, trade, or other disposition of all or any portion of the Mortgaged Property (or any interest therein) or all or any part of the beneficial ownership interest in Grantor (if Grantor is a corporation, partnership, general partnership, limited partnership, joint venture, trust, or other type of business association or legal entity).

ERISA: The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended, and any and all successor statutes thereof.

Event of Default: Any happening or occurrence described in Article VI hereof.

Fixtures: All materials, supplies, equipment, systems, apparatus, and other items now owned or hereafter acquired by Grantor and now or hereafter attached to, installed in, or used in connection with (temporarily or permanently) any of the Improvements or the Land, which are now owned or hereafter acquired by Grantor and are now or hereafter attached to the Land or the Improvements, and including but not limited to any and all partitions, dynamos, window screens and shades, draperies, rugs and other floor coverings, awnings, motors, engines, boilers, furnaces, pipes, cleaning, call and sprinkler systems, fire extinguishing apparatus and equipment, water tanks, swimming pools, heating, ventilating, refrigeration, plumbing, laundry, lighting, generating, cleaning, waste disposal, transportation (of people or things, including but not limited to, stairways, elevators, escalators, and conveyors), incinerating, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and lighting, traffic control, waste disposal, raw and potable water, gas, electrical, storm and sanitary sewer, telephone and cable television facilities, and all other utilities whether or not situated in easements, together with all accessions, appurtenances, replacements, betterments, and substitutions for any of the foregoing and the proceeds thereof.

GAAP: Generally accepted accounting principles, as promulgated by the Financial Accounting Standards Board.

Governmental Authority: Any and all applicable courts, boards, agencies, commissions, offices, or authorities of any nature whatsoever for any governmental unit (federal, state, county, district, municipal, city or otherwise), whether now or hereafter in existence.

Grantor: The individuals or entities described as Grantor in the initial paragraph of this Deed of Trust and any and all subsequent owners of the Mortgaged Property or any part thereof (without hereby implying Beneficiary's consent to any Disposition of all or any part of the Mortgaged Property).

Bk    Vol    Pg
237171   OR    457   429

Impositions: (i) All real estate and personal property taxes, charges, assessments, standby fees, excises, and levies and any interest, costs, or penalties with respect thereto, general and special, ordinary and extraordinary, foreseen and unforeseen, of any kind and nature whatsoever which at any time prior to or after the execution hereof may be assessed, levied, or imposed upon the Mortgaged Property or the ownership, use, occupancy, or enjoyment thereof, or any portion thereof, or the sidewalks, streets, or alleyways adjacent thereto; (ii) any charges, fees, license payments, or other sums payable for or under any easement, license, or agreement maintained for the benefit of the Mortgaged Property; (iii) water, gas, sewer, electricity, and other utility charges and fees relating to the Mortgaged Property; and (iv) assessments and charges arising under any subdivision, condominium, planned unit development, or other declarations, restrictions, regimes, or agreements affecting the Mortgaged Property.

Improvements: Any and all buildings, covered garages, air conditioning towers, open parking areas, structures and other improvements of any kind or nature, and any and all additions, alterations, betterments or appurtenances thereto, now or at any time hereafter situated, placed, or constructed upon the Land or any part thereof.

Indebtedness: (i) The principal of, interest on, or other sums evidenced by the Note or the Loan Documents; (ii) any other amounts, payments, or premiums payable under the Loan Documents; (iii) such additional or future sums (whether or not obligatory), with interest thereon, as may hereafter be borrowed or advanced from Beneficiary, its successors or assigns, by the then record owner of the Mortgaged Property, when evidenced by a promissory note which, by its terms, is secured hereby (it being contemplated by Grantor and Beneficiary that such future indebtedness may be incurred); and (iv) any and all other indebtedness, obligations, and liabilities of any kind or character of Grantor to Beneficiary, now or hereafter existing, absolute or contingent, due or not due, arising by operation of law or otherwise, or direct or indirect, primary or secondary, joint, several, joint and several, fixed or contingent, secured or unsecured by additional or different security or securities, including indebtedness, obligations, and liabilities to Beneficiary of Grantor as a member of any partnership, joint venture, trust or other type of business association, or other group, and whether incurred by Grantor as principal, surety, endorser, guarantor, accommodation party or otherwise, and any and all renewals, modifications, amendments, restatements, rearrangements, consolidations, substitutions, replacements, enlargements, and extensions thereof, it being contemplated by Grantor and Beneficiary that Grantor may hereafter become indebted to Beneficiary in further sum or sums. Notwithstanding the foregoing provisions of this definition, this Deed of Trust shall not secure any such other loan, advance, debt, obligation or liability with respect to which Beneficiary is by applicable law prohibited from obtaining a lien on real estate, nor shall this definition operate or be effective to constitute or require any assumption or payment by any person, in any way, of any debt or obligation of any other person to the extent that the same would violate or exceed the limit provided in any applicable usury or other law.

Bk Vol Pg
237171 OR 457 430

Land: All that certain real property or interest therein situated in the County of Live Oak, Texas as follows:

TRACT 1:

30.034 acres of land, more or less, out of the MICHAEL CRONICAN SURVEY, ABSTRACT 135, in Live Oak County, Texas, being a part of a 4,239.14 acre tract conveyed to Cuatro Paisanas Ranch, Inc. by deed recorded in Volume 243, Page 118, Deed Records of Live Oak County, Texas, said 30.034 acre tract being more particularly described In Exhibit A attached hereto.

TRACT 2:

A 70 foot wide access easement out of the MICHAEL CRONICAN SURVEY, ABSTRACT 135, and the CARL STERNBERG SURVEY, ABSTRACT 423, in Live Oak County, Texas, being a part of 4,239.14 acre tract conveyed to Cuatro Paisanas Ranch, Inc. by deed recorded in Volume 243, Page 118, Deed Records of Live Oak County, Texas, said 2.592 acre tract being more particularly described in Exhibit B attached hereto.

TRACT 3:

A 70 foot wide access easement out of the MICHAEL CRONICAN SURVEY, ABSTRACT 135, and the CARL STERNBERG SURVEY, ABSTRACT 423, in Live Oak County, Texas, being a part of 4,239.14 acre tract conveyed to Cuatro Paisanas Ranch, Inc. by deed recorded in Volume 243, Page 118, Deed Records of Live Oak County, Texas, said 3.817 acre tract being more particularly described in Exhibit C attached hereto.

and being more particularly described in Exhibits "A" "B" and "C" attached hereto and incorporated herein by this reference, together with all right, title, interest, and privileges of Grantor in and to (i) all streets, ways, roads, alleys, easements, rights-of-way, licenses, rights of ingress and egress, vehicle parking rights and public places, existing or proposed, abutting, adjacent, used in connection with or pertaining to such real property or the improvements thereon; (ii) any strips or gores of real property between such real property and abutting or adjacent properties; (iii) all water and water rights, timber and crops pertaining to such real estate; and (iv) all appurtenances and all reversions and remainders in or to such real property.

Leases: Any and all leases, master leases, subleases, licenses, concessions, or other agreements (whether written or oral, or now or hereafter in effect) which grant to third parties a possessory interest in and to, or the right to use or occupy, all or any part of the Mortgaged Property, together with all security and other deposits or payments made in connection therewith.

Legal Requirements: (i) Any and all present and future judicial decisions, statutes (including Architectural Barrier Laws and Environmental Laws), rulings, rules,

Bk    Vol    Pg
237171    OR    457    431

regulations, permits, certificates, or ordinances of any Governmental Authority in any way applicable to Grantor or any Constituent Party or the Mortgaged Property, including, without limiting the generality of the foregoing, the ownership, use, occupancy, possession, operation, maintenance, alteration, repair, or reconstruction thereof; (ii) any and all covenants, conditions, and restrictions contained in any deeds, other forms of conveyance, or in any other instruments of any nature that relate in any way or are applicable to the Mortgaged Property or the ownership, use, or occupancy thereof; (iii) Grantor's presently or subsequently effective bylaws and articles of incorporation, operating agreement and articles of organization or partnership, limited partnership, joint venture, trust, or other form of business association agreement; (iv) any and all Leases; (v) any and all Contracts; and (vi) any and all leases, other than those described in (iv) above, and other contracts (written or oral), other than those described in (v) above, of any nature that relate in any way to the Mortgaged Property and to which Grantor may be bound, including, without limiting the generality of the foregoing, any lease or other contract pursuant to which Grantor is granted a possessory interest in and to the Land and/or the Improvements.

Loan Documents: The Note, this Deed of Trust, the Pledge and Security Agreement, the Assignment of Lease and any and all other documents now or hereafter executed by Grantor, or any other person or party in connection with the loan evidenced by the Note or in connection with the payment of the Indebtedness or the performance and discharge of the Obligations.

Material Adverse Effect: Any act, event, condition or circumstance which could materially and adversely affect the business, operations, condition (financial or otherwise), performance or assets of Grantor or any Constituent Party, the ability of Grantor or any Constituent Party to perform its obligations under any Loan Document to which it is a party or by which it is bound or the enforceability of any Loan Document.

Maximum Lawful Rate: The maximum lawful rate of interest which may be contracted for, charged, taken, received or reserved by Beneficiary in accordance with the applicable laws of the State of Texas (or applicable United States federal law to the extent that it permits Beneficiary to contract for, charge, take, receive or reserve a greater amount of interest than under Texas law), taking into account all Charges (as herein defined) made in connection with the transaction evidenced by the Note and the other Loan Documents. To the extent that Beneficiary is relying on Chapter 303 of the Texas Finance Code to determine the Maximum Lawful Rate payable on the Note and/or the Related Indebtedness, Beneficiary will utilize the weekly ceiling from time to time in effect as provided in such Chapter 303, as amended. To the extent United States federal law permits Beneficiary to contract for, charge, take, receive or reserve a greater amount of interest than under Texas law, Beneficiary will rely on United States federal law instead of such Chapter 303 for the purpose of determining the Maximum Lawful Rate. Additionally, to the extent permitted by applicable law now or hereafter in effect, Beneficiary may, at its option and from time to time, utilize any other method of establishing the Maximum Lawful Rate under such

Chapter 303 or under other applicable law by giving notice, if required, to Grantor as provided by applicable law now or hereafter in effect.

Minerals: To the extent owned by Grantor, all substances in, on, under, or above the Land which are now, or may become in the future, intrinsically valuable (that is, valuable in themselves) and which now or may be in the future enjoyed through extraction or removal from the property, including without limitation, oil, gas, and all other hydrocarbons, coal, lignite, carbon dioxide and all other nonhydrocarbon gases, uranium and all other radioactive substances, and gold, silver, copper, iron and all other metallic substances or ores.

Mortgaged Property: The Land, Minerals, Fixtures, Improvements, Personalty, Contracts, Leases, and any interest of Grantor now owned or hereafter acquired in and to the Land, Minerals, Fixtures, Improvements, Personalty, Contracts and Leases, together with any and all other security and collateral of any nature whatsoever, now or hereafter given for the repayment of the Indebtedness or the performance and discharge of the Obligations. As used in this Deed of Trust, the term "Mortgaged Property" shall be expressly defined as meaning all or, where the context permits or requires, any portion of the above and all or, where the context permits or requires, any interest therein.

Note: That certain Line of Credit Promissory Note of even date herewith, incorporated herein by this reference, executed by Grantor and payable to the order of Beneficiary in the principal amount of TWELVE MILLION NINE HUNDRED FIFTY-FIVE THOUSAND NINE HUNDRED FORTY-FIVE AND 64/100 DOLLARS ($12,955,945.64), bearing interest as therein specified, containing an attorneys' fee clause, interest and principal being payable as therein specified, and secured by, among other things, this Deed of Trust; and any and all renewals, modifications, amendments, rearrangements, consolidations, reinstatements, enlargements, or extensions of such promissory note or of any promissory note or notes given in renewal, substitution or replacement therefor.

Obligations: Any and all of the covenants, conditions, warranties, representations, and other obligations (other than to repay the Indebtedness) made or undertaken by Grantor, or any other person or party to the Loan Documents to Beneficiary, Trustee, or others as set forth in the Loan Documents, the Leases, and in any deed, lease, sublease, or other form of conveyance, or any other agreement pursuant to which Grantor is granted a possessory interest in the Land.

Permitted Exceptions: The liens, easements, restrictions, security interests, and other matters (if any) as reflected on Exhibit "D" attached hereto and incorporated herein by reference and the liens and security interests created by the Loan Documents.

Personalty: All of the right, title, and interest of Grantor in and to (i) furniture, furnishings, equipment, machinery, goods (including, but not limited to, crops, farm products, timber and timber to be cut, and as extracted collateral); (ii) general intangibles, money, insurance proceeds, accounts, contract and subcontract rights, trademarks, trade

names, copyrights, chattel paper, instruments, investment property, letter of credit rights, inventory; (iii) all cash funds, fees (whether refundable, returnable or reimbursable), deposit accounts or other funds or evidences of cash, credit or indebtedness deposited by or on behalf of Grantor with any governmental agencies, boards, corporations, providers of utility services, public or private, including specifically, but without limitation, all refundable, returnable, or reimbursable tap fees, utility deposits, commitment fees and development costs, any awards, remunerations, reimbursements, settlements, or compensation heretofore made or hereafter to be made by any Governmental Authority pertaining to the Land, Improvements, Fixtures, Contracts, or Personalty, including but not limited to those for any vacation of, or change of grade in, any streets affecting the Land or the Improvements and those for municipal utility district or other utility costs incurred or deposits made in connection with the Land; and (iv) all other personal property of any kind or character as defined in and subject to the provisions of the Code (Article 9 - Secured Transactions); any and all of which are now owned or hereafter acquired by Grantor, and which are now or hereafter situated in, on, or about the Land or the Improvements, or used in or necessary to the complete and proper planning, development, construction, financing, use, occupancy, or operation thereof, or acquired (whether delivered to the Land or stored elsewhere) for use in or on the Land or the Improvements, together with all accessions, replacements, and substitutions thereto or therefor and the proceeds thereof.

Pledge and Security Agreement: That certain Pledge and Security Agreement entered between the Parties on even date herewith and securing the Note by that certain Collateral as therein defined.

Related Indebtedness: Any and all debt paid or payable by Grantor to Beneficiary pursuant to the Loan Documents or any other communication or writing by or between Grantor and Beneficiary related to the transaction or transactions that are the subject matter of the Loan Documents, except such debt which has been paid or is payable by Grantor to Beneficiary under the Note.

Subordinate Mortgage: Any mortgage, deed of trust, pledge, lien (statutory, constitutional, or contractual), security interest, encumbrance or charge, or conditional sale or other title retention agreement, covering all or any portion of the Mortgaged Property executed and delivered by Grantor, the lien of which is subordinate and inferior to the lien of this Deed of Trust.

Tax Code: The U.S. Internal Revenue Code of 1986, as amended, any and all U.S. Department of Treasury Regulations issued pursuant thereto in temporary or final form, and any and all federal, state, county, municipal and city rules and rulings, notices, requirements, statutes, regulations or laws governing or relating to taxes and/or taxation, and any and all successor statutes thereof.

Trustee: The individual described as Trustee in the initial paragraph of this Deed of Trust.

Deed of Trust- Page 8

Section 1.2  ADDITIONAL DEFINITIONS. As used herein, the following terms shall have the following meanings:

(a)  "Hereof," "hereby," "hereto," "hereunder," "herewith," and similar terms mean of, by, to, under and with respect to, this Deed of Trust or to the other documents or matters being referenced.

(b)  "Heretofore" means before, "hereafter" means after, and "herewith" means concurrently with, the date of this Deed of Trust.

(c)  All pronouns, whether in masculine, feminine or neuter form, shall be deemed to refer to the object of such pronoun whether same is masculine, feminine or neuter in gender, as the context may suggest or require.

(d)  "Including" means including, without limitation.

(e)  All terms used herein, whether or not defined in Section 1.1 hereof, and whether used in singular or plural form, shall be deemed to refer to the object of such term whether such is singular or plural in nature, as the context may suggest or require.

## ARTICLE II
## GRANT

Section 2.1  GRANT.  To secure the full and timely payment of the Indebtedness and the full and timely performance and discharge of the Obligations, Grantor has GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does GRANT, BARGAIN, SELL and CONVEY, unto Trustee, in trust, the Mortgaged Property (but expressly excluding Rents), subject, however, to the Permitted Exceptions, TO HAVE AND TO HOLD the Mortgaged Property (but expressly excluding Rents) unto Trustee, forever, and Grantor does hereby bind itself, its successors, and assigns to WARRANT AND FOREVER DEFEND the title to the Mortgaged Property unto Trustee against every person whomsoever lawfully claiming or to claim the same or any part thereof; provided, however, that if Grantor shall pay (or cause to be paid) the Indebtedness as and when the same shall become due and payable and shall fully perform and discharge (or cause to be fully performed and discharged) the Obligations on or before the date same are to be performed and discharged, then the liens, security interests, estates, and rights granted by the Loan Documents shall terminate, in accordance with the provisions hereof, otherwise same shall remain in full force and effect. A certificate or other written statement executed on behalf of Trustee or Beneficiary confirming that the Indebtedness has not been fully paid or the Obligations have not been fully performed or discharged shall be sufficient evidence thereof for the purpose of reliance by third parties on such fact.

## ARTICLE III
## WARRANTIES AND REPRESENTATIONS

Grantor hereby unconditionally warrants and represents to Beneficiary, as of the date hereof and at all times during the term of this Deed of Trust, as follows:

Deed of Trust- Page 9

Section 3.1 <u>ORGANIZATION AND POWER</u>. If Grantor or any Constituent Party is a corporation, limited liability company, general partnership, limited partnership, joint venture, trust, or other type of business association, as the case may be, Grantor and any Constituent Party, if any, (a) is either a corporation duly incorporated or limited liability company duly organized with a legal status separate from its affiliates, or a partnership or trust, joint venture or other type of business association duly organized, validly existing, and in good standing under the laws of the state of its formation or existence, and has complied with all conditions prerequisite to its doing business in the state in which the Mortgaged Property is located, and (b) has all requisite power and all governmental certificates of authority, licenses, permits, qualifications, and documentation to own, lease, and operate its properties and to carry on its business as now being, and as proposed to be, conducted.

Section 3.2 <u>VALIDITY OF LOAN DOCUMENTS</u>. The execution, delivery, and performance by Grantor of and under the Loan Documents, (a) if Grantor, or any signatory who signs on its behalf, is a corporation, general partnership, limited partnership, limited liability company, joint venture, trust, or other type of business association, as the case may be, are within Grantor's and each Constituent Party's powers and have been duly authorized by Grantor's and each Constituent Party's board of directors, shareholders, partners, members, managers, venturers, Trustees, or other necessary parties, and all other requisite action for such authorization has been taken, (b) have received any and all requisite prior governmental approvals in order to be legally binding and enforceable in accordance with the terms thereof, and (c) will not violate, be in conflict with, result in a breach of, or constitute (with due notice or lapse of time, or both) a default under or violation of any Legal Requirement or result in the creation or imposition of any lien, charge, or encumbrance of any nature whatsoever upon any of Grantor's and any Constituent Party's property or assets, except as contemplated by the provisions of the Loan Documents. The Loan Documents constitute the legal, valid, and binding obligations of Grantor and others obligated under the terms of the Loan Documents, enforceable in accordance with their respective terms.

Section 3.3 <u>INFORMATION</u>. All information, financial statements, reports, papers, and data given or to be given to Beneficiary with respect to Grantor, each Constituent Party, others obligated under the terms of the Loan Documents, or the Mortgaged Property are, or at the time of delivery will be, accurate, complete, and correct in all material respects and do not, or will not, omit any fact, the inclusion of which is necessary to prevent the facts contained therein from being materially misleading. Since the date of the financial statements of Grantor, any Constituent Party, or other party liable for payment of the Indebtedness or performance of the Obligations or any part thereof heretofore furnished to Beneficiary, no Material Adverse Effect has occurred, and except as heretofore disclosed in writing to Beneficiary, Grantor, each Constituent Party, or any other such party has not incurred any material liability, direct or indirect, fixed or contingent.

Section 3.4 <u>TITLE AND LIEN</u>. Grantor has good and indefeasible title to the Land (in fee simple, if the lien created hereunder be on the fee, or a first and prior leasehold estate, if it be created on the leasehold estate) and Improvements, and good and marketable title to the Fixtures and Personalty, free and clear of any liens, charges, rights of first refusal or first offer, encumbrances, security interests, claims, easements, restrictions, options, leases (other than the

Bk Vol Pg
237171 OR 457 436

Leases), covenants, and other rights, titles, interests, or estates of any nature whatsoever, except the Permitted Exceptions. This Deed of Trust constitutes a valid, subsisting first lien on the Land, the Improvements, the Leases and the Fixtures; a valid, subsisting first priority security interest in and to the Personalty, Contracts, and to the extent that the term Leases include items covered by the Code, in and to the Leases; all in accordance with the terms hereof, and all subject to the Permitted Exceptions.

Section 3.5 <u>BUSINESS PURPOSES</u>. The loan evidenced by the Note is solely for the purpose of carrying on or acquiring a business of Grantor, and is not for personal, family, household, or agricultural purposes. The Mortgaged Property forms no part of any property owned, used or claimed by Grantor as a residence or business homestead and is not exempt from forced sale under the laws of the State in which the Mortgaged Property is located. Grantor hereby disclaims and renounces each and every claim to all or any portion of the Mortgaged Property as a homestead.

Section 3.6 <u>TAXES</u>. Grantor and each Constituent Party have filed all federal, state, county, municipal, and city income and other tax returns required to have been filed by them (including, without limitation, those required under the Tax Code) and have paid all taxes and related liabilities which have become due pursuant to such returns or pursuant to any assessments received by them. Neither Grantor, nor Constituent Party, knows of any basis for any additional assessment in respect of any such taxes and related liabilities. Grantor and each Constituent Party believe that their respective tax returns properly reflect the income and taxes of Grantor and each Constituent Party for the periods covered thereby, subject only to reasonable adjustments required by the Internal Revenue Service or other applicable tax authority upon audit.

Section 3.7 <u>MAILING ADDRESS</u>. Grantor's mailing address, as set forth in the opening paragraph hereof or as changed pursuant to the provisions hereof, is true and correct.

Section 3.8 <u>RELATIONSHIP OF GRANTOR AND BENEFICIARY</u>. Notwithstanding any prior business or personal relationship between Grantor and Beneficiary, or any officer, director or employee of Beneficiary, the relationship between Grantor and Beneficiary is solely that of debtor and creditor, Beneficiary has no fiduciary or other special relationship with Grantor, Grantor and Beneficiary are not partners or joint venturers, and no term or condition of any of the Loan Documents shall be construed so as to deem the relationship between Grantor and Beneficiary to be other than that of debtor and creditor.

Section 3.9 <u>NO RELIANCE ON BENEFICIARY</u>. Grantor is experienced in the ownership and operation of properties similar to the Mortgaged Property, and Grantor and Beneficiary have and are relying solely upon Grantor's expertise and business plan in connection with the ownership and operation of the Mortgaged Property. Grantor is not relying on Beneficiary's expertise or business acumen in connection with the Mortgaged Property.

Section 3.10 <u>NO LITIGATION</u>. Except as disclosed in writing to Beneficiary, there are no (i) judicial, administrative, mediation or arbitration actions, suits, or proceedings, at law or in equity, before any Governmental Authority or arbitrator pending or threatened against or affecting Grantor or any Constituent Party or involving the Mortgaged Property; (ii) outstanding or unpaid

judgments against Grantor, or any Constituent Party, or the Mortgaged Property; or (iii) defaults by Grantor with respect to any order, writ, injunction, decree, or demand of any Governmental Authority or arbitrator.

Section 3.11 ERISA. Grantor is not an "employee benefit plan," as defined in Section 3(3) of ERISA, which is subject to Title I of ERISA and the assets of Grantor do not constitute "plan assets" of one or more such plans within the meaning of 29 C.F.R. Section 2510.3-101 (1998).

Section 3.12 NO BANKRUPTCY. No bankruptcy or insolvency proceedings are pending or contemplated by Grantor or, to the best knowledge, information and belief of Grantor, against Grantor or by or against any endorser, cosigner or guarantor of the Note.

Section 3.13 COMPLIANCE WITH LEGAL REQUIREMENTS. The Land and the Improvements and the intended use thereof by Grantor comply with all Legal Requirements, including, without limitation, all applicable restrictive covenants, zoning ordinances, subdivision and building codes, flood disaster laws, applicable health and environmental laws and regulations and all other ordinances, orders or requirements issued by any state, federal or municipal authorities having or claiming jurisdiction over the Mortgaged Property.

Section 3.14 SEPARATE TAX PARCEL; LEGAL LOT. The Mortgaged Property is taxed separately without regard to any other real estate and the Land constitutes a legally subdivided lot under all applicable Legal Requirements (or, if not subdivided, no subdivision or platting of the Land is required under applicable Legal Requirements), and for all purposes may be mortgaged, conveyed or otherwise dealt with as an independent parcel.

**ARTICLE IV**
**AFFIRMATIVE COVENANTS**

Grantor hereby unconditionally covenants and agrees with Beneficiary, until the entire Indebtedness shall have been paid in full and all of the Obligations shall have been fully performed and discharged as follows:

Section 4.1 PAYMENT AND PERFORMANCE. Grantor will pay the Indebtedness as and when specified in the Loan Documents, and will perform and discharge all of the Obligations, in full and on or before the dates same are to be performed.

Section 4.2 EXISTENCE. Grantor will and will cause each Constituent Party to preserve and keep in full force and effect its existence (separate and apart from its affiliates), good standing, rights, franchises, trade names, trademarks and other associated goodwill whether existing at common law or as a federal or state registration.

Section 4.3 COMPLIANCE WITH LEGAL REQUIREMENTS. Grantor will promptly and faithfully comply with, conform to, and obey all Legal Requirements, whether the same shall necessitate structural changes in, improvements to, or interfere with the use or enjoyment of, the Mortgaged Property.

Deed of Trust- Page 12

Section 4.4 <u>FIRST LIEN STATUS</u>. Grantor will protect and preserve the first lien and security interest status of this Deed of Trust and the other Loan Documents and will not permit to be created or to exist in respect of the Mortgaged Property or any part thereof any lien or security interest on a parity with, superior to, or inferior to any of the liens or security interests hereof, except for the Permitted Exceptions.

Section 4.5 <u>PAYMENT OF IMPOSITIONS</u>. Grantor will duly pay and discharge, or cause to be paid and discharged, the Impositions not later than the earlier to occur of (i) the due date thereof; (ii) the date any fine, penalty, interest, or cost may be added thereto or imposed; or (iii) the date prior to any date any lien may be filed for the nonpayment thereof (if such date is used to determine the due date of the respective item), and Grantor shall deliver to Beneficiary a written receipt evidencing the payment of the respective Imposition.

Section 4.6 <u>REPAIR</u>. Grantor will keep the Mortgaged Property in first-class order and condition and will make all repairs, replacements, renewals, additions, betterments, improvements, and alterations thereof and thereto, interior and exterior, structural and nonstructural, ordinary and extraordinary, foreseen and unforeseen, which are necessary or reasonably appropriate to keep same in such order and condition. Grantor will prevent any act, occurrence, or neglect which might impair the value or usefulness of the Mortgaged Property for its intended usage. In instances where repairs, replacements, renewals, additions, betterments, improvements, or alterations are required in and to the Mortgaged Property on an emergency basis to prevent loss, damage, waste, or destruction thereof, Grantor shall proceed to repair, replace, add to, better, improve, or alter same, or cause same to be repaired, replaced, added to, bettered, improved, or altered, notwithstanding anything to the contrary contained in <u>Section 5.2</u> hereof; provided, however, that in instances where such emergency measures are to be taken, Grantor will notify Beneficiary in writing of the commencement of same and the measures to be taken, and, when same are completed, the completion date and the measures actually taken.

Section 4.7 <u>INSPECTION</u>. Grantor will permit Trustee and Beneficiary, and their respective agents, representatives, and employees, to inspect the Mortgaged Property at all reasonable times, with or without prior notice to Grantor.

Section 4.8 <u>ENFORCEMENT OF LEASES</u>. Grantor shall (i) submit any and all proposed Leases to Beneficiary for approval prior to the execution thereof; (ii) duly and punctually perform and comply with any and all representations, warranties, covenants, and agreements expressed as binding upon the lessor under any Lease; (iii) maintain each of the Leases in full force and effect during the term thereof; (iv) appear in and defend any action or proceeding in any manner connected with any of the Leases; (v) deliver to Beneficiary true, correct and complete copies of all Leases; and (vi) deliver to Beneficiary such further information, and execute and deliver to Beneficiary such further assurances and assignments, with respect to the Leases as Beneficiary may from time to time request. Without Beneficiary's prior written consent, Grantor shall not (i) do or knowingly permit to be done anything to impair the value of any of the Leases, (ii) except for security or similar deposits, collect any of the rent more than one (1) month in advance of the time when the same becomes due under the terms of any Lease, (iii) discount any future accruing rents, or (iv) amend, modify, rescind, conceal, surrender, assign, or terminate any of the Leases.

Deed of Trust- Page 13

Section 4.9 <u>PAYMENT FOR LABOR AND MATERIALS</u>. Grantor will promptly pay all bills for labor, materials, and specifically fabricated materials incurred in connection with the Mortgaged Property and never permit to exist in respect of the Mortgaged Property or any part thereof any lien or security interest, even though inferior to the liens and security interests hereof, for any such bill, and in any event never permit to be created or exist in respect of the Mortgaged Property or any part thereof any other or additional lien or security interest on a parity with, superior, or inferior to any of the liens or security interests hereof, except for the Permitted Exceptions.

Section 4.10 <u>FURTHER ASSURANCES AND CORRECTIONS</u>. From time to time, at the request of Beneficiary, Grantor will (i) promptly correct any defect, error, or omission which may be discovered in the contents of this Deed of Trust or in any other Loan Document or in the execution or acknowledgment thereof; (ii) execute, acknowledge, deliver, record and/or file such further instruments (including, without limitation, further deeds of trust, security agreements, financing statements, continuation statements and assignments of rents) and perform such further acts and provide such further assurances as may be necessary, desirable, or proper, in Beneficiary's opinion, to carry out more effectively the purposes of this Deed of Trust and the Loan Documents and to subject to the absolute assignments, liens and security interests hereof and thereof any property intended by the terms hereof or thereof to be covered hereby or thereby, including without limitation, any renewals, additions, substitutions, replacements, or appurtenances to the Mortgaged Property; (iii) execute, acknowledge, deliver, procure, file, and/or record any document or instrument (including without limitation, any financing statement) deemed advisable by Beneficiary in Beneficiary's sole discretion to protect the liens and the security interests herein granted against the rights or interests of third persons; and (iv) pay all costs connected with any of the foregoing.

Section 4.11 <u>TAX ON DEED OF TRUST</u>. If at any time any law shall be enacted imposing or authorizing the imposition of any tax upon this Deed of Trust, or upon any rights, titles, liens, or security interests created hereby, or upon the Indebtedness or any part thereof (whether pursuant to the Tax Code or otherwise), Grantor will immediately pay all such taxes, provided that if such law as enacted makes it unlawful for Grantor to pay such tax, Grantor shall not pay nor be obligated to pay such tax. Nevertheless, if a law is enacted making it unlawful for Grantor to pay such taxes, then Grantor must prepay the Indebtedness in full within sixty (60) days after demand therefor by Beneficiary.

Section 4.12 <u>STATEMENT OF UNPAID BALANCE</u>. At any time and from time to time, Grantor will furnish promptly, upon the request of Beneficiary, a written statement or affidavit, in form satisfactory to Beneficiary, stating the unpaid balance of the Indebtedness and that there are no offsets or defenses against full payment of the Indebtedness and the terms hereof, or if there are any such offsets or defenses, specifying them.

Section 4.13 <u>EXPENSES</u>. Subject to the provisions of <u>Section 8.9</u> hereof, Grantor will pay on demand all reasonable and bona fide out-of-pocket costs, fees, and expenses and other expenditures, including, but not limited to, reasonable attorneys' fees and expenses, paid or incurred by Beneficiary or Trustee to third parties incident to this Deed of Trust or any other Loan

Deed of Trust- Page 14

Document (including without limitation, reasonable attorneys' fees and expenses in connection with the negotiation, preparation, and execution hereof and of any other Loan Document and any amendment hereto or thereto, any release hereof, any consent, approval or waiver hereunder or under any other Loan Document, the making of any advance under the Note, and any suit to which Beneficiary or Trustee is a party involving this Deed of Trust or the Mortgaged Property) or incident to the enforcement of the Indebtedness or the Obligations or the exercise of any right or remedy of Beneficiary under any Loan Document.

Section 4.14 ADDRESS. Grantor shall give written notice to Beneficiary and Trustee of any change of address of Grantor at least five (5) business days prior to the effective date of such change of address. Absent such official written notice of a change in address for Grantor, Beneficiary and Trustee shall be entitled for all purposes under the Loan Documents to rely upon Grantor's address as set forth in the initial paragraph of this Deed of Trust, as same may have been theretofore changed in accordance with the provisions hereof.

Section 4.15 DISCLOSURES. If at any time Grantor shall become aware of the existence or occurrence of any financial or economic conditions or natural disasters which might have a Material Adverse Effect, Grantor shall promptly notify Beneficiary of the existence or occurrence thereof and of Grantor's opinion as to what effect such may have on the Mortgaged Property or Grantor. Grantor shall also give prompt notice to Beneficiary of (i) the serious illness or death of any principal or key employee of Grantor; (ii) any litigation or dispute, threatened or pending against or affecting Grantor or the Mortgaged Property which could have a Material Adverse Effect; (iii) any Event of Default; (iv) any default by Grantor or any acceleration of any indebtedness owed by Grantor under any contract to which Grantor is a party; and (v) any change in the character of Grantor's business as it existed on the date hereof.

Section 4.16 ERISA. If and to the extent that Grantor is obligated under any plan governed by or subject to ERISA, Grantor shall fully discharge and satisfy all of its obligations and funding requirements under such plan, ERISA and the Tax Code. Furthermore, Grantor shall comply in all material respects with any and all applicable provisions of ERISA and the Tax Code and will not incur or permit to exist any unfunded liabilities to the Pension Benefit Guaranty Corporation ("PBGC") or to such plan under ERISA or the Tax Code. As soon as possible but in any event not later than 30 days after Grantor knows that any event which would constitute a reportable event under § 4043(b) of Title IV of ERISA with respect to any "employee plan" subject to ERISA has occurred, or that the PBGC has instituted or will institute proceedings under ERISA to terminate that plan, Grantor will deliver to Beneficiary a certificate of a responsible officer of Grantor setting forth details as to such reportable event and the action which Grantor or an affiliate of Grantor (as defined under ERISA), as the case may be, proposes to take with respect to same, together with a copy of any notice of such reportable event that may be required to be filed with the PBGC, or any notice delivered by the PBGC evidencing its intent to institute those proceedings or any notice to the PBGC that the plan is to be terminated, as the case may be.  For all purposes of this Section 4.16, Grantor is deemed to have all knowledge of all facts attributable to the plan administrator under ERISA.

Section 4.17 DELIVERY OF CONTRACTS. Grantor will deliver to Beneficiary a true, correct and complete copy of each Contract promptly after the execution of same by all parties thereto. Within twenty (20) days after a request by Beneficiary, Grantor shall prepare and deliver to Beneficiary a complete listing of all Contracts, showing date, term, parties, subject matter, concessions, whether any defaults exist, and other information specified by Beneficiary, of or with respect to each of such Contracts, together with a true, correct and complete copy thereof (if so requested by Beneficiary).

**ARTICLE V**
**NEGATIVE COVENANTS**

Grantor hereby unconditionally covenants and agrees with Beneficiary until the entire Indebtedness shall have been paid in full and all of the Obligations shall have been fully performed and discharged as follows:

Section 5.1 USE VIOLATIONS. Grantor will not use, maintain, operate, or occupy, or allow the use, maintenance, operation, or occupancy of, the Mortgaged Property in any manner which (i) violates any Legal Requirement; (ii) may be dangerous, unless safeguarded as required by law; (iii) constitutes a public or private nuisance.

Section 5.2 WASTE; ALTERATIONS. Grantor will not commit or permit any waste or impairment of the Mortgaged Property and will not (subject to the provisions of Sections 4.3 and 4.6 hereof), without the prior written consent of Beneficiary, make or permit to be made any alterations or additions to the Mortgaged Property of a material nature.

Section 5.3 REPLACEMENT OF FIXTURES AND PERSONALTY. Grantor will not, without the prior written consent of Beneficiary, permit any of the Fixtures or Personalty, specifically including, but not limited to the timber on the Mortgaged Property.

Section 5.4 CHANGE IN ZONING. Grantor will not (i) seek or acquiesce in a zoning reclassification, zoning variance or special exception to zoning of all or any portion of the Mortgaged Property; (ii) grant or consent to any easement, dedication, plat, or restriction (or allow any easement to become enforceable by prescription); or (iii) seek or acquiesce to any imposition of any addition of a Legal Requirement or any amendment or modification thereof, covering all or any portion of the Mortgaged Property, without Beneficiary's prior written consent.

Section 5.5 NO DRILLING. Grantor will not, without the prior written consent of Beneficiary, permit any drilling or exploration for or extraction, removal, or production of, any Minerals from the surface or subsurface of the Land regardless of the depth thereof or the method of mining or extraction thereof.

Section 5.6 NO DISPOSITION. Grantor will not make a Disposition without obtaining Beneficiary's prior written consent to the Disposition.

Section 5.7 NO SUBORDINATE MORTGAGES. Grantor will not create, place, or permit to be created or placed, or through any act or failure to act, acquiesce in the placing of, or allow to remain any Subordinate Mortgage regardless of whether such Subordinate Mortgage is expressly

Deed of Trust- Page 16

subordinate to the liens or security interests of the Loan Documents with respect to the Mortgaged Property, other than the Permitted Exceptions.

Section 5.8 ADDITIONAL OBLIGATIONS. Grantor shall not guarantee, endorse or otherwise become contingently liable in connection with any obligations of any other person or entity, and shall not create or incur any additional liability, whether contingent or non-contingent, with respect to either Grantor or the Mortgaged Property, except as specifically allowed or contemplated pursuant to the Loan Documents.

## ARTICLE VI
## EVENTS OF DEFAULT

The term "Event of Default," as used herein and in the Loan Documents, shall mean the occurrence or happening, at any time and from time to time, of any one or more of the following:

Section 6.1   PAYMENT OF INDEBTEDNESS. Grantor shall fail, refuse, or neglect to pay, in full, any installment or portion of the Indebtedness as and when the same shall become due and payable, whether at the due date thereof stipulated in the Loan Documents, upon acceleration or otherwise.

Section 6.2 PERFORMANCE OF OBLIGATIONS. Grantor shall fail, refuse or neglect or cause the failure, refusal, or neglect to comply with, perform and discharge fully and timely as and when required any of the Obligations.

Section 6.3 FALSE REPRESENTATION. Any representation, warranty, or statement made by Grantor, or others under or pursuant to the Loan Documents or any affidavit or other instrument executed or delivered with respect to the Loan Documents or the Indebtedness is determined by Beneficiary to be false or misleading in any material respect as of the date hereof or when made.

Section 6.4 DEFAULT UNDER OTHER LIEN DOCUMENT. Grantor shall default or commit an event of default under and pursuant to any other mortgage or security agreement which covers or affects any part of the Mortgaged Property.

Section 6.5   INSOLVENCY; BANKRUPTCY. Grantor (i) shall execute an assignment for the benefit of creditors or an admission in writing by Grantor of Grantor's inability to pay, or Grantor's failure to pay, debts generally as the debts become due; (ii) shall allow the levy against the Mortgaged Property or any part thereof, of any execution, attachment, sequestration or other writ which is not vacated within sixty (60) days after the levy; (iii) shall allow the appointment of a receiver, Trustee or custodian of Grantor or of the Mortgaged Property or any part thereof, which receiver, Trustee or custodian is not discharged within sixty days after the appointment; (iv) files as a debtor a petition, case, proceeding or other action pursuant to, or voluntarily seeks the benefit or benefits of any Debtor Relief Law, or takes any action in furtherance thereof; (v) files either a petition, complaint, answer or other instrument which seeks to effect a suspension of, or which has the effect of suspending any of the rights or powers of Beneficiary or Trustee granted in the Note, herein or in any Loan Document; or (vi) allows the filing of a petition, case, proceeding or other

Deed of Trust- Page 17

Bk Vol Pg
237171 OR 457 443

action against Grantor as a debtor under any Debtor Relief Law or seeks appointment of a receiver, Trustee, custodian or liquidator of Grantor or of the Mortgaged Property, or any part thereof, or of any significant portion of Grantor's other property; and (a) Grantor admits, acquiesces in or fails to contest diligently the material allegations thereof, or (b) the petition, case, proceeding or other action results in the entry of an order for relief or order granting the relief sought against Grantor, or (c) the petition, case, proceeding or other action is not permanently dismissed or discharged on or before the earlier of trial thereon or thirty (30) days next following the date of filing.

Section 6.6 <u>DISSOLUTION; DISABILITY</u>. Grantor or any Constituent Party shall die, dissolve, terminate or liquidate, or merge with or be consolidated into any other entity, or become permanently disabled.

Section 6.7 <u>NO FURTHER ENCUMBRANCES</u>. Grantor creates, places, or permits to be created or placed, or through any act or failure to act, acquiesces in the placing of, or allows to remain, any Subordinate Mortgage, regardless of whether such Subordinate Mortgage is expressly subordinate to the liens or security interests of the Loan Documents, with respect to the Mortgaged Property, other than the Permitted Exceptions.

Section 6.8 <u>DISPOSITION OF MORTGAGED PROPERTY OR BENEFICIAL INTEREST IN GRANTOR</u>. Grantor makes a Disposition, without the prior written consent of Beneficiary.

Section 6.9 <u>CONDEMNATION</u>. Any condemnation proceeding is instituted or threatened which would, in Beneficiary's sole judgment, materially impair the use and enjoyment of the Mortgaged Property for its intended purposes.

Section 6.10 <u>DESTRUCTION OF IMPROVEMENTS</u>. The Mortgaged Property is demolished, destroyed, or substantially damaged so that, in Beneficiary's sole judgment, it cannot be restored or rebuilt with available funds to the condition existing immediately prior to such demolition, destruction, or damage within a reasonable period of time.

Section 6.11 <u>MATERIAL ADVERSE CHANGE</u>. Beneficiary reasonably determines that any event shall have occurred that could be expected to have a Material Adverse Effect.

Section 6.12 <u>ABANDONMENT</u>. Grantor abandons or removes all or any portion of the Improvements, Personalty or Fixtures; or Grantor removes all or any portion of the timber on the Mortgaged Property.

Section 6.13 <u>DISCONTINUANCE OF OPERATIONS</u>. Grantor vacates, or discontinues operations of or from, any substantial portion of the Mortgaged Property.

Section 6.14 <u>EVENT OF DEFAULT IN LOAN DOCUMENTS</u>. An Event of Default as defined in any of the Loan Documents.

**ARTICLE VII**
**REMEDIES**

Section 7.1 <u>BENEFICIARY'S REMEDIES UPON DEFAULT</u>. Upon the occurrence of an Event of Default or any event or circumstance which, with the lapse of time, or the giving of notice, or both, would constitute an Event of Default, Beneficiary may, at Beneficiary's option, and by or through Trustee, by Beneficiary itself or otherwise, do any one or more of the following:

(a)    <u>Right to Perform Grantor's Covenants</u>. If Grantor has failed to keep or perform any covenant whatsoever contained in this Deed of Trust or the other Loan Documents, Beneficiary may, but shall not be obligated to any person to do so, perform or attempt to perform said covenant, and any payment made or expense incurred in the performance or attempted performance of any such covenant shall be and become a part of the Indebtedness, and Grantor promises, upon demand, to pay to Beneficiary, at the place where the Note is payable, all sums so advanced or paid by Beneficiary, with interest from the date when paid or incurred by Beneficiary at the Default Rate. No such payment by Beneficiary shall constitute a waiver of any Event of Default. In addition to the liens and security interests hereof, Beneficiary shall be subrogated to all rights, titles, liens, and security interests securing the payment of any debt, claim, tax, or assessment for the payment of which Beneficiary may make an advance, or which Beneficiary may pay.

(b)    <u>Right of Entry</u>. Beneficiary may, prior or subsequent to the institution of any foreclosure proceedings, enter upon the Mortgaged Property, or any part thereof, and take exclusive possession of the Mortgaged Property and of all books, records, and accounts relating thereto and to exercise without interference from Grantor any and all rights which Grantor has with respect to the management, possession, operation, protection, or preservation of the Mortgaged Property. If necessary to obtain the possession provided for above, Beneficiary may invoke any and all legal remedies to dispossess Grantor, including specifically one or more actions for forcible entry and detainer, trespass to try title, and restitution. In connection with any action taken by Beneficiary pursuant to this subsection, Beneficiary shall not be liable for any loss sustained by Grantor resulting from any failure to let the Mortgaged Property, or any part thereof, or from any other act or omission of Beneficiary in managing the Mortgaged Property unless such loss is caused by the willful misconduct of Beneficiary, nor shall Beneficiary be obligated to perform or discharge any obligation, duty, or liability under any Lease or under or by reason hereof or the exercise of rights or remedies hereunder. GRANTOR SHALL AND DOES HEREBY AGREE TO INDEMNIFY BENEFICIARY FOR, AND TO HOLD BENEFICIARY HARMLESS FROM, ANY AND ALL LIABILITY, LOSS, OR DAMAGE, WHICH MAY OR MIGHT BE INCURRED BY BENEFICIARY UNDER ANY SUCH LEASE OR UNDER OR BY REASON HEREOF OR THE EXERCISE OF RIGHTS OR REMEDIES HEREUNDER, AND FROM ANY AND ALL CLAIMS AND DEMANDS WHATSOEVER WHICH MAY BE ASSERTED AGAINST BENEFICIARY BY REASON OF ANY ALLEGED OBLIGATIONS OR UNDERTAKINGS ON ITS PART TO PERFORM OR DISCHARGE ANY OF THE TERMS, COVENANTS, OR AGREEMENTS CONTAINED IN ANY SUCH LEASE. Should Beneficiary incur any

Deed of Trust- Page 19

such liability, the amount thereof, including without limitation costs, expenses, and reasonable attorneys' fees, together with interest thereon from the date of expenditure until paid at the Default Rate, shall be secured hereby, and Grantor shall reimburse Beneficiary therefor immediately upon demand. Nothing in this subsection shall impose any duty, obligation, or responsibility upon Beneficiary for the control, care, management, leasing, or repair of the Mortgaged Property, nor for the carrying out of any of the terms and conditions of any such Lease; nor shall it operate to make Beneficiary responsible or liable for any waste committed on the Mortgaged Property by the tenants or by any other parties, or for any Hazardous Substance in, on or under the Mortgaged Property, or for any dangerous or defective condition of the Mortgaged Property or for any negligence in the management, leasing, upkeep, repair, or control of the Mortgaged Property resulting in loss or injury or death to any tenant, licensee, employee, or stranger. Grantor hereby assents to, ratifies, and confirms any and all actions of Beneficiary with respect to the Mortgaged Property taken under this subsection.

The remedies in this subsection are in addition to other remedies available to Beneficiary and the exercise of the remedies in this subsection shall not be deemed to be an election of nonjudicial or judicial remedies otherwise available to Beneficiary. The remedies in this Article VII are available under and governed by the real property laws of Texas and are not governed by the personal property laws of Texas, including but not limited to, the power to dispose of personal property in a commercially reasonable manner under Section 9.610 of the Code. No action by Beneficiary, taken pursuant to this subsection, shall be deemed to be an election to retain personal property under Section 9.620 of the Code. Any receipt of consideration received by Beneficiary pursuant to this subsection shall be immediately credited against the Indebtedness (in the inverse order of maturity) and the value of said consideration shall be treated like any other payment against the Indebtedness.

(c)     Right to Accelerate. Beneficiary may, without notice, demand, presentment, notice of nonpayment or nonperformance, protest, notice of protest, notice of intent to accelerate, notice of acceleration, or any other notice or any other action, all of which are hereby waived by Grantor and all other parties obligated in any manner whatsoever on the Indebtedness, declare the entire unpaid balance of the Indebtedness immediately due and payable, and upon such declaration, the entire unpaid balance of the Indebtedness shall be immediately due and payable. The failure to exercise any remedy available to Beneficiary shall not be deemed to be a waiver of any rights or remedies of Beneficiary under the Loan Documents, at law or in equity.

(d)     Foreclosure-Power of Sale. Beneficiary may request Trustee to proceed with foreclosure under the power of sale which is hereby conferred, such foreclosure to be accomplished in accordance with the following provisions:

(i)      Public Sale. Trustee is hereby authorized and empowered, and it shall be Trustee's special duty, upon such request of Beneficiary, to sell the Mortgaged Property, or any part thereof, at public auction to the highest bidder for cash, with or without having taken possession of same. Any such sale (including notice thereof) shall comply with the applicable requirements, at the time of the sale, of Section 51.002 of the Property Code or, if and to the extent such statute is not then in force, with the applicable requirements, at the time of the sale, of the successor statute or statutes, if any, governing sales of Texas real property under powers of sale conferred by deeds of trust. If there is no statute in force at the time of the sale governing sales of Texas real property under powers of sale conferred by deeds of trust, such sale shall comply with applicable law, at the time of the sale, governing sales of Texas real property under powers of sale conferred by deeds of trust.

(ii)      Right to Require Proof of Financial Ability and/or Cash Bid. At any time during the bidding, the Trustee may require a bidding party (A) to disclose its full name, state and city of residence, occupation, and specific business office location, and the name and address of the principal the bidding party is representing (if applicable), and (B) to demonstrate reasonable evidence of the bidding party's financial ability (or, if applicable, the financial ability of the principal of such bidding party), as a condition to the bidding party submitting bids at the foreclosure sale. If any such bidding party (the "Questioned Bidder") declines to comply with the Trustee's requirement in this regard, or if such Questioned Bidder does respond but the Trustee, in Trustee's sole and absolute discretion, deems the information or the evidence of the financial ability of the Questioned Bidder (or, if applicable, the principal of such bidding party) to be inadequate, then the Trustee may continue the bidding with reservation; and in such event (1) the Trustee shall be authorized to caution the Questioned Bidder concerning the legal obligations to be incurred in submitting bids, and (2) if the Questioned Bidder is not the highest bidder at the sale, or if having been the highest bidder the Questioned Bidder fails to deliver the cash purchase price payment promptly to the Trustee, all bids by the Questioned Bidder shall be null and void. The Trustee may, in Trustee's sole and absolute discretion, determine that a credit bid may be in the best interest of Grantor and Beneficiary, and elect to sell the Mortgaged Property for credit or for a combination of cash and credit; provided, however, that the Trustee shall have no obligation to accept any bid except an all cash bid. In the event the Trustee requires a cash bid and cash is not delivered within a reasonable time after conclusion of the bidding process, as specified by the Trustee, but in no event later than 3:45 p.m., Central Standard time, on the day of sale, then said contingent sale shall be null and void, the bidding process may be recommenced, and any subsequent bids or sale shall be made as if no prior bids were made or accepted.

(iii)      Sale Subject to Unmatured Indebtedness. In addition to the rights and powers of sale granted under the preceding provisions of this subsection, if default is made in the payment of any installment of the Indebtedness, Beneficiary may, at Beneficiary's option, at once or at any time thereafter while any matured installment

Deed of Trust- Page 21

remains unpaid, without declaring the entire Indebtedness to be due and payable, orally or in writing direct Trustee to enforce this trust and to sell the Mortgaged Property subject to such unmatured Indebtedness and to the rights, powers, liens, security interests, and assignments securing or providing recourse for payment of such unmatured Indebtedness, in the same manner, all as provided in the preceding provisions of this subsection. Sales made without maturing the Indebtedness may be made hereunder whenever there is a default in the payment of any installment of the Indebtedness, without exhausting the power of sale granted hereby, and without affecting in any way the power of sale granted under this subsection, the unmatured balance of the Indebtedness or the rights, powers, liens, security interests, and assignments securing or providing recourse for payment of the Indebtedness.

(iv)   Partial Foreclosure. Sale of a part of the Mortgaged Property shall not exhaust the power of sale, but sales may be made from time to time until the Indebtedness is paid and the Obligations are performed and discharged in full.  It is intended by each of the foregoing provisions of this subsection that Trustee may, after any request or direction by Beneficiary, sell not only the Land and the Improvements, but also the Fixtures and Personalty and other interests constituting a part of the Mortgaged Property or any part thereof, along with the Land and the Improvements or any part thereof, as a unit and as a part of a single sale, or may sell at any time or from time to time any part or parts of the Mortgaged Property separately from the remainder of the Mortgaged Property. It shall not be necessary to have present or to exhibit at any sale any of the Mortgaged Property.

(v)   Trustee's Deeds. After any sale under this subsection, Trustee shall make good and sufficient deeds, assignments, and other conveyances to the purchaser or purchasers thereunder in the name of Grantor, conveying the Mortgaged Property or any part thereof so sold to the purchaser or purchasers with general warranty of title by Grantor. It is agreed that in any deeds, assignments or other conveyances given by Trustee, any and all statements of fact or other recitals therein made as to the identity of Beneficiary, the occurrence or existence of any Event of Default, the notice of intention to accelerate, or acceleration of, the maturity of the Indebtedness, the request to sell, notice of sale, time, place, terms and manner of sale, and receipt, distribution, and application of the money realized therefrom, the due and proper appointment of a substitute Trustee, and without being limited by the foregoing, any other act or thing having been duly done by or on behalf of Beneficiary or by or on behalf of Trustee, shall be taken by all courts of law and equity as prima facie evidence that such statements or recitals state true, correct, and complete facts and are without further question to be so accepted, and Grantor does hereby ratify and confirm any and all acts that Trustee may lawfully do in the premises by virtue hereof.

(e)   Beneficiary's Judicial Remedies. Beneficiary, or Trustee, upon written request of Beneficiary, may proceed by suit or suits, at law or in equity, to enforce the payment of the Indebtedness and the performance and discharge of the Obligations in accordance with the terms hereof, of the Note, and the other Loan Documents, to foreclose

the liens and security interests of this Deed of Trust as against all or any part of the Mortgaged Property, and to have all or any part of the Mortgaged Property sold under the judgment or decree of a court of competent jurisdiction. This remedy shall be cumulative of any other nonjudicial remedies available to Beneficiary with respect to the Loan Documents. Proceeding with a request or receiving a judgment for legal relief shall not be or be deemed to be an election of remedies or bar any available nonjudicial remedy of Beneficiary.

(f)    Beneficiary's Right to Appointment of Receiver. Beneficiary, as a matter of right and without regard to the sufficiency of the security for repayment of the Indebtedness and performance and discharge of the Obligations, without notice to Grantor and without any showing of insolvency, fraud, or mismanagement on the part of Grantor, and without the necessity of filing any judicial or other proceeding other than the proceeding for appointment of a receiver, shall be entitled to the appointment of a receiver or receivers of the Mortgaged Property or any part thereof, and of the rents, and Grantor hereby irrevocably consents to the appointment of a receiver or receivers. Any receiver appointed pursuant to the provisions of this subsection shall have the usual powers and duties of receivers in such matters.

(g)    Beneficiary's Uniform Commercial Code Remedies. Beneficiary may exercise its rights of enforcement with respect to Fixtures and Personalty under the Code, and in conjunction with, in addition to or in substitution for the rights and remedies under the Code Beneficiary may and Grantor agrees as follows:

(i)    without demand or notice to Grantor, enter upon the Mortgaged Property to take possession of, assemble, receive, and collect the Personalty, or any part thereof, or to render it unusable;

(ii)    Beneficiary may require Grantor to assemble the Personalty and make it available at a place Beneficiary designates which is mutually convenient to allow Beneficiary to take possession or dispose of the Personalty;

(iii)    written notice mailed to Grantor as provided herein at least ten (10) days prior to the date of public sale of the Personalty or prior to the date after which private sale of the Personalty will be made shall constitute reasonable notice;

(iv)    any sale made pursuant to the provisions of this subsection shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the other Mortgaged Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personalty hereunder as is required for such sale of the other Mortgaged Property under power of sale, and such sale shall be deemed to be pursuant to a security agreement covering both real and personal property under Section 9.604 of the Code;

(v)    in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personalty and the other Mortgaged Property may, at the option of Beneficiary, be sold as a whole;

(vi)    it shall not be necessary that Beneficiary take possession of the Personalty, or any part thereof, prior to the time that any sale pursuant to the provisions of this subsection is conducted, and it shall not be necessary that the Personalty or any part thereof be present at the location of such sale;

(vii)    prior to application of proceeds of disposition of the Personalty to the Indebtedness, such proceeds shall be applied to the reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing and the like, and the reasonable attorneys' fees and legal expenses incurred by Beneficiary;

(viii)    after notification, Beneficiary may sell, lease, or otherwise dispose of the Personalty, or any part thereof, in one or more parcels at public or private sale or sales, at Beneficiary's offices or elsewhere, for cash, on credit, or for future delivery.  Grantor shall be liable for all expenses of retaking, holding, preparing for sale, or the like, and all attorneys' fees, legal expenses, and all other costs and expenses incurred by Beneficiary in connection with the collection of the Indebtedness and the enforcement of Beneficiary's rights under the Loan Documents. Beneficiary shall apply the proceeds of the sale of the Personalty against the Indebtedness in accordance with the provisions of Section 7.4(ii) of this Deed of Trust. Grantor shall remain liable for any deficiency if the proceeds of any sale or disposition of the Personalty are insufficient to pay the Indebtedness in full. Grantor waives all rights of marshalling in respect of the Personalty;

(ix) any and all statements of fact or other recitals made in any bill of sale or assignment or other instrument evidencing any foreclosure sale hereunder, the nonpayment of the Indebtedness, the occurrence of any Event of Default, Beneficiary having declared all or a portion of such Indebtedness to be due and payable, the notice of time, place, and terms of sale and of the properties to be sold having been duly given, or any other act or thing having been duly done by Beneficiary, shall be taken as prima facie evidence of the truth of the facts so stated and recited;

(x) Beneficiary may dispose of the Personalty or Fixtures in its then present condition, has no duty to repair or clean the Personalty or Fixtures prior to sale and may disclaim warranties of title, possession, quiet enjoyment and the like with respect to the Personalty or Fixtures, all without affecting the commercial reasonableness of the sale;

(xi)    Beneficiary may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Beneficiary, including the sending of notices and the conduct of the sale, but in the name and on behalf of Beneficiary; and

(xii)    Beneficiary shall have the right at any time to enforce Grantor's rights against account debtors and obligors.

Deed of Trust- Page 24

(h)    Beneficiary as Purchaser. Beneficiary may be the purchaser of the Mortgaged Property or any part thereof, at any sale thereof, whether such sale be under the power of sale herein vested in Trustee or upon any other foreclosure of the liens and security interests hereof, or otherwise, and Beneficiary shall, upon any such purchase, acquire good title to the Mortgaged Property so purchased, free of the liens and security interests hereof, unless the sale was made subject to an unmatured portion of the Indebtedness. Beneficiary, as purchaser, shall be treated in the same manner as any third party purchaser and the proceeds of Beneficiary's purchase shall be applied in accordance with Section 7.4 of this Deed of Trust.

Section 7.2 OTHER RIGHTS OF BENEFICIARY. Should any part of the Mortgaged Property come into the possession of Beneficiary, whether before or after default, Beneficiary may (for itself or by or through other persons, firms, or entities) hold, lease, manage, use, or operate the Mortgaged Property for such time and upon such terms as Beneficiary may deem prudent under the circumstances (making such repairs, alterations, additions, and improvements thereto and taking such other action as Beneficiary may from time to time deem necessary or desirable) for the purpose of preserving the Mortgaged Property or its value, pursuant to the order of a court of appropriate jurisdiction or in accordance with any other rights held by Beneficiary in respect of the Mortgaged Property. Grantor covenants to promptly reimburse and pay to Beneficiary on demand, at the place where the Note is payable, the amount of all reasonable expenses incurred by Beneficiary in connection with Beneficiary's custody, preservation, use, or operation of the Mortgaged Property, together with interest thereon from the date incurred by Beneficiary at the Default Rate; and all such expenses, costs, taxes, interest, and other charges shall be and become a part of the Indebtedness. It is agreed, however, that the risk of loss or damage to the Mortgaged Property is on Grantor, and Beneficiary shall have no liability whatsoever for decline in value of the Mortgaged Property, for failure to obtain or maintain insurance, or for failure to determine whether insurance in force is adequate as to amount or as to the risks insured. Possession by Beneficiary shall not be deemed an election of judicial relief, if any such possession is requested or obtained, with respect to any Mortgaged Property or collateral not in Beneficiary's possession.

Section 7.3 POSSESSION AFTER FORECLOSURE. If the liens or security interests hereof shall be foreclosed by power of sale granted herein, by judicial action, or otherwise, the purchaser at any such sale shall receive, as an incident to purchaser's ownership, immediate possession of the property purchased, and if Grantor or Grantor's successors shall hold possession of said property or any part thereof subsequent to foreclosure, Grantor and Grantor's successors shall be considered as tenants at sufferance of the purchaser at foreclosure sale (without limitation of other rights or remedies, at a reasonable rental per day, due and payable daily, based upon the value of the portion of the Mortgaged Property so occupied and sold to such purchaser), and anyone occupying such portion of the Mortgaged Property, after demand is made for possession thereof, shall be guilty of forcible detainer and shall be subject to eviction and removal, forcible or otherwise, with or without process of law, and all damages by reason thereof are hereby expressly waived.

Deed of Trust- Page 25

Section 7.4 <u>APPLICATION OF PROCEEDS</u>. The proceeds from any sale, lease, or other disposition made pursuant to this <u>Article VII</u>, or the proceeds from the surrender of any insurance policies pursuant hereto, or any rents collected by Beneficiary from the Mortgaged Property, or the reserve for Impositions and insurance premiums, if any, required by the provisions of this Deed of Trust or sums received pursuant to <u>Section 8.1</u> hereof, or proceeds from insurance which Beneficiary elects to apply to the Indebtedness pursuant to <u>Section 8.3</u> hereof, shall be applied by Trustee, or by Beneficiary, as the case may be, to the Indebtedness in the following order and priority: (i) to the payment of all expenses of advertising, selling, and conveying the Mortgaged Property or part thereof, and/or prosecuting or otherwise collecting rents, proceeds, premiums, or other sums including reasonable attorneys' fees and a reasonable fee or commission to Trustee, not to exceed five percent (5%) of the proceeds thereof or sums so received; (ii) to the remainder of the Indebtedness as follows: first, to the remaining accrued but unpaid interest, second, to the matured portion of principal of the Indebtedness, and third, to prepayment of the unmatured portion, if any, of principal of the Indebtedness applied to installments of principal in inverse order of maturity; (iii) the balance, if any and to the extent applicable, remaining after the full and final payment of the Indebtedness and full performance and discharge of the Obligations to the holder or Beneficiary of any inferior liens covering the Mortgaged Property, if any, in order of the priority of such inferior liens (Trustee and Beneficiary shall hereby be entitled to rely exclusively upon a commitment for title insurance issued to determine such priority); and (iv) the cash balance, if any, to Grantor. The application of proceeds of sale or other proceeds as otherwise provided herein shall be deemed to be a payment of the Indebtedness like any other payment. The balance of the Indebtedness remaining unpaid, if any, shall remain fully due and owing in accordance with the terms of the Note or the other Loan Documents.

Section 7.5 <u>ABANDONMENT OF SALE</u>. If a foreclosure hereunder is commenced by Trustee in accordance with <u>Subsection 7.1(d)</u> hereof, at any time before the sale, Trustee may abandon the sale, and Beneficiary may then institute suit for the collection of the Indebtedness and for the foreclosure of the liens and security interests hereof and of the Loan Documents. If Beneficiary should institute a suit for the collection of the Indebtedness and for a foreclosure of the liens and security interests, Beneficiary may, at any time before the entry of a final judgment in said suit, dismiss the same and require Trustee to sell the Mortgaged Property or any part thereof in accordance with the provisions of this Deed of Trust.

Section 7.6 <u>PAYMENT OF FEES</u>. If the Note or any other part of the Indebtedness shall be collected or if any of the Obligations shall be enforced by legal proceedings, whether through a probate or bankruptcy court or otherwise, or shall be placed in the hands of an attorney for collection after maturity, whether matured by the expiration of time or by an option given to Beneficiary to mature same, or if Beneficiary becomes a party to any suit where this Deed of Trust or the Mortgaged Property or any part thereof is involved, Grantor agrees to pay Beneficiary's attorneys' fees and expenses incurred, and such fees shall be and become a part of the Indebtedness and shall bear interest from the date such costs are incurred at the Default Rate.

Section 7.7   <u>MISCELLANEOUS</u>.

Deed of Trust- Page 26

(a)    <u>Discontinuance of Remedies</u>. In case Beneficiary shall have proceeded to invoke any right, remedy, or recourse permitted under the Loan Documents and shall thereafter elect to discontinue or abandon same for any reason, Beneficiary shall have the unqualified right so to do and, in such event, Grantor and Beneficiary shall be restored to their former positions with respect to the Indebtedness, the Loan Documents, the Mortgaged Property or otherwise, and the rights, remedies, recourses and powers of Beneficiary shall continue as if same had never been invoked.

(b)    <u>Other Remedies</u>. In addition to the remedies set forth in this Article, upon the occurrence of an Event of Default, Beneficiary and Trustee shall, in addition, have all other remedies available to them at law or in equity.

(c)    <u>Remedies Cumulative; Non-Exclusive; Etc</u>. All rights, remedies, and recourses of Beneficiary granted in the Note, this Deed of Trust, the other Loan Documents, any other pledge of collateral, or otherwise available at law or equity: (i) shall be cumulative and concurrent; (ii) may be pursued separately, successively, or concurrently against Grantor, the Mortgaged Property, or any one or more of them, at the sole discretion of Beneficiary; (iii) may be exercised as often as occasion therefor shall arise, it being agreed by Grantor that the exercise or failure to exercise any of same shall in no event be construed as a waiver or release thereof or of any other right, remedy, or recourse; (iv) shall be nonexclusive; (v) shall not be conditioned upon Beneficiary exercising or pursuing any remedy in relation to the Mortgaged Property prior to Beneficiary bringing suit to recover the Indebtedness or suit on the Obligations; and (vi) in the event Beneficiary elects to bring suit on the Indebtedness and/or the Obligations and obtains a judgment against Grantor prior to exercising any remedies in relation to the Mortgaged Property, all liens and security interests, including the lien of this Deed of Trust, shall remain in full force and effect and may be exercised at Beneficiary's option.

(d)    <u>Partial Release; Etc</u>. Beneficiary may release, regardless of consideration, any part of the Mortgaged Property without, as to the remainder, in any way impairing, affecting, subordinating, or releasing the lien or security interests evidenced by this Deed of Trust or the other Loan Documents or affecting the obligations of Grantor or any other party to pay the Indebtedness or perform and discharge the Obligations. For payment of the Indebtedness, Beneficiary may resort to any of the collateral therefor in such order and manner as Beneficiary may elect. No collateral heretofore, herewith, or hereafter taken by Beneficiary shall in any manner impair or affect the collateral given pursuant to the Loan Documents, and all collateral shall be taken, considered, and held as cumulative.

(e)    <u>Waiver and Release by Grantor</u>. Grantor hereby irrevocably and unconditionally waives and releases:  (i) all benefits that might accrue to Grantor by virtue of any present or future law exempting the Mortgaged Property from attachment, levy or sale on execution or providing for any appraisement, valuation, stay of execution, exemption from civil process, redemption, or extension of time for payment; (ii) all notices of any Event of Default or of Trustee's exercise of any right, remedy, or recourse provided

Deed of Trust- Page 27

237171    Bk    Vol    Pg
OR    457    453

for under the Loan Documents; and (iii) any right to a marshaling of assets or a sale in inverse order of alienation.

(f)    No Implied Covenants. Grantor and Beneficiary mutually agree that there are no, nor shall there be any, implied covenants of good faith and fair dealing or other similar covenants or agreements in this Deed of Trust and the other Loan Documents. All agreed contractual duties are set forth in this Deed of Trust, the Note, and the other Loan Documents.

(g)    Real Property Laws Govern. The remedies in this Article VII shall be available under and governed by the real property laws of Texas and shall not be governed by the personal property laws of Texas provided, Beneficiary elects to proceed as to the Fixtures and Personalty together with the other Mortgaged Property under and pursuant to the real property remedies of this Article VII.

Section 7.8    WAIYER OF DEFICIENCY STATUTE.

(a)    Waiver. In the event an interest in any of the Mortgaged Property is foreclosed upon pursuant to a judicial or nonjudicial foreclosure sale, Grantor agrees as follows: notwithstanding the provisions of Sections 51.003, 51.004, and 51.005 of the Property Code (as the same may be amended from time to time), and to the extent permitted by law, Grantor agrees that Beneficiary shall be entitled to seek a deficiency judgment from Grantor and any other party obligated on the Note equal to the difference between the amount owing on the Note and the amount for which the Mortgaged Property was sold pursuant to judicial or nonjudicial foreclosure sale. Grantor expressly recognizes that this section constitutes a waiver of the above-cited provisions of the Property Code which would otherwise permit Grantor and other persons against whom recovery of deficiencies is sought (even absent the initiation of deficiency proceedings against them) to present competent evidence of the fair market value of the Mortgaged Property as of the date of the foreclosure sale and offset against any deficiency the amount by which the foreclosure sale price is determined to be less than such fair market value. Grantor further recognizes and agrees that this waiver creates an irrebuttable presumption that the foreclosure sale price is equal to the fair market value of the Mortgaged Property for purposes of calculating deficiencies owed by Grantor and others against whom recovery of a deficiency is sought.

(b)    Alternative to Waiver. Alternatively, in the event the waiver provided for in subsection (a) above is determined by a court of competent jurisdiction to be unenforceable, the following shall be the basis for the finder of fact's determination of the fair market value of the Mortgaged Property as of the date of the foreclosure sale in proceedings governed by Sections 51.003, 51.004 and 51.005 of the Property Code (as amended from time to time): (i) the Mortgaged Property shall be valued in an "as is" condition as of the date of the foreclosure sale, without any assumption or expectation that the Mortgaged Property will be repaired or improved in any manner before a resale of the Mortgaged Property after foreclosure; (ii) the valuation shall be based upon an assumption that the foreclosure purchaser desires a resale of the Mortgaged Property for cash promptly

(but no later than twelve (12) months) following the foreclosure sale; (iii) all reasonable closing costs customarily borne by the seller in commercial real estate transactions should be deducted from the gross fair market value of the Mortgaged Property, including, without limitation, brokerage commissions, title insurance, a survey of the Mortgaged Property, tax prorations, attorneys' fees, and marketing costs; (iv) the gross fair market value of the Mortgaged Property shall be further discounted to account for any estimated holding costs associated with maintaining the Mortgaged Property pending sale, including, without limitation, utilities expenses, property management fees, taxes and assessments (to the extent not accounted for in (iii) above), and other maintenance, operational and ownership expenses; and (v) any expert opinion testimony given or considered in connection with a determination of the fair market value of the Mortgaged Property must be given by persons having at least five (5) years' experience in appraising property similar to the Mortgaged Property and who have conducted and prepared a complete written appraisal of the Mortgaged Property taking into consideration the factors set forth above.

## ARTICLE VIII
## SPECIAL PROVISIONS

Section 8.1 <u>CONDEMNATION PROCEEDS</u>. Beneficiary shall be entitled to receive any and all sums which may be awarded and become payable to Grantor for condemnation of the Mortgaged Property or any part thereof, for public or quasi-public use, or by virtue of private sale in lieu thereof, and any sums which may be awarded or become payable to Grantor for damages caused by public works or construction on or near the Mortgaged Property. All such sums are hereby assigned to Beneficiary, and Grantor shall, upon request of Beneficiary, make, execute, acknowledge, and deliver any and all additional assignments and documents as may be necessary from time to time to enable Beneficiary to collect and receipt for any such sums. Beneficiary shall not be, under any circumstances, liable or responsible for failure to collect, or exercise diligence in the collection of, any of such sums. Any sums received by Beneficiary as a result of condemnation shall be applied to the Indebtedness in accordance with the provisions of <u>Section 7.4</u> hereof.

Section 8.2 **<u>INDEMNITY</u>. GRANTOR SHALL INDEMNIFY, DEFEND, PROTECT AND HOLD HARMLESS BENEFICIARY AND TRUSTEE, THEIR RESPECTIVE PARENTS, SUBSIDIARIES, DIRECTORS, OFFICERS, EMPLOYEES, REPRESENTATIVES, AGENTS, SUCCESSORS, AND ASSIGNS FROM AND AGAINST ANY AND ALL LIABILITY, DAMAGE, LOSS, COST, OR EXPENSE (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' FEES AND EXPENSES), ACTION, PROCEEDING, CLAIM OR DISPUTE INCURRED OR SUFFERED BY THE FOREGOING PARTIES SO INDEMNIFIED <u>WHETHER OR NOT AS THE RESULT OF THE NEGLIGENCE OF ANY PARTY SO INDEMNIFIED</u>, WHETHER VOLUNTARILY OR INVOLUNTARILY INCURRED OR SUFFERED, IN RESPECT OF THE FOLLOWING: (i) ANY LITIGATION CONCERNING THIS DEED OF TRUST, THE OTHER LOAN DOCUMENTS OR THE MORTGAGED PROPERTY, OR ANY INTEREST OF GRANTOR OR BENEFICIARY THEREIN, OR THE RIGHT OF**

Deed of Trust- Page 29

OCCUPANCY THEREOF BY GRANTOR OR BENEFICIARY, WHETHER OR NOT ANY SUCH LITIGATION IS PROSECUTED TO A FINAL, NON-APPEALABLE JUDGMENT; (ii) ANY DISPUTE, INCLUDING DISPUTES AS TO THE DISBURSEMENT OF PROCEEDS OF THE NOTE NOT YET DISBURSED, AMONG OR BETWEEN ANY OF THE CONSTITUENT PARTIES OR OTHER PARTNERS OR VENTURERS OF GRANTOR IF GRANTOR IS A GENERAL OR LIMITED PARTNERSHIP, OR AMONG OR BETWEEN ANY EMPLOYEES, OFFICERS, DIRECTORS, SHAREHOLDERS, MEMBERS OR MANAGERS OF GRANTOR IF GRANTOR IS A CORPORATION OR LIMITED LIABILITY COMPANY, OR AMONG OR BETWEEN ANY MEMBERS, TRUSTEES OR OTHER RESPONSIBLE PARTIES IF GRANTOR IS AN ASSOCIATION, TRUST OR OTHER ENTITY; (iii) ANY ACTION TAKEN OR NOT TAKEN BY BENEFICIARY OR TRUSTEE WHICH IS ALLOWED OR PERMITTED UNDER THIS DEED OF TRUST OR ANY OF THE OTHER LOAN DOCUMENTS RELATING TO GRANTOR, THE MORTGAGED PROPERTY, ANY CONSTITUENT PARTIES OR OTHERWISE IN CONNECTION WITH THE LOAN DOCUMENTS, INCLUDING WITHOUT LIMITATION, THE PROTECTION OR ENFORCEMENT OF ANY LIEN, SECURITY INTEREST OR OTHER RIGHT, REMEDY OR RECOURSE CREATED OR AFFORDED BY THIS DEED OF TRUST OR THE OTHER LOAN DOCUMENTS; AND (iv) ANY ACTION BROUGHT BY BENEFICIARY OR TRUSTEE AGAINST GRANTOR UNDER THIS DEED OF TRUST OR THE OTHER LOAN DOCUMENTS, WHETHER OR NOT SUCH ACTION IS PROSECUTED TO A FINAL, NON-APPEALABLE JUDGMENT.

BENEFICIARY AND/OR TRUSTEE MAY EMPLOY AN ATTORNEY OR ATTORNEYS TO PROTEST OR ENFORCE ITS RIGHTS, REMEDIES AND RECOURSES UNDER THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS, AND TO ADVISE AND DEFEND BENEFICIARY AND/OR TRUSTEE WITH RESPECT TO ANY SUCH ACTIONS AND OTHER MATTERS. GRANTOR SHALL REIMBURSE BENEFICIARY AND/OR TRUSTEE FOR THEIR RESPECTIVE ATTORNEYS' FEES AND EXPENSES (INCLUDING EXPENSES AND COSTS FOR EXPERTS) IMMEDIATELY UPON RECEIPT OF A WRITTEN DEMAND THEREFOR, WHETHER ON A MONTHLY OR OTHER TIME INTERVAL, AND WHETHER OR NOT AN ACTION IS ACTUALLY COMMENCED OR CONCLUDED. ALL OTHER REIMBURSEMENT AND INDEMNITY OBLIGATIONS HEREUNDER SHALL BECOME DUE AND PAYABLE WHEN ACTUALLY INCURRED BY BENEFICIARY AND/OR TRUSTEE. ANY PAYMENTS NOT MADE WITHIN FIVE (5) DAYS AFTER WRITTEN DEMAND THEREFOR SHALL BEAR INTEREST AT THE DEFAULT RATE FROM THE DATE OF SUCH DEMAND UNTIL FULLY PAID. THE PROVISIONS OF THIS SECTION SHALL SURVIVE REPAYMENT OF THE INDEBTEDNESS AND PERFORMANCE OF THE OBLIGATIONS, THE RELEASE OF THE LIEN OF THIS DEED OF TRUST, ANY FORECLOSURE (OR ACTION IN LIEU OF FORECLOSURE), THE TRANSFER BY GRANTOR OF ANY OR ALL OF ITS RIGHT, TITLE AND INTEREST IN OR TO THE PROPERTY AND THE EXERCISE BY BENEFICIARY OF ANY AND ALL REMEDIES SET FORTH HEREIN OR IN THE LOAN DOCUMENTS.

Section 8.3 <u>WAIVER OF SUBROGATION</u>. Grantor hereby waives any and all right to claim, recover, or subrogation that arises or may arise in its favor and against Beneficiary or its officers, directors, employees, agents, attorneys, or representatives hereto for any and all loss of, or damage to, Grantor, the Mortgaged Property, Grantor's property, or the property of others under Grantor's control from any cause insured against or required to be insured against by the provisions of the Loan Documents. Said waiver shall be in addition to, and not in limitation or derogation of, any other waiver or release contained in this Deed of Trust with respect to any loss or damage to property of the parties hereto. Inasmuch as the above waivers preclude the assignment of any aforesaid claim by way of subrogation (or otherwise) to an insurance company (or any other person), Grantor hereby agrees to immediately give to each insurance company which has issued to it any such insurance policy whether or not it is required to be insured against by the provisions of the Loan Documents written notice of the terms of said waivers, and to have said insurance policies properly endorsed, if necessary, to prevent the invalidation of said insurance coverage by reason of said waiver.

Section 8.4 <u>WAIVER OF SETOFF</u>. The Indebtedness, or any part thereof, shall be paid by Grantor without notice, demand, counterclaim, setoff, deduction, or defense and without abatement, suspension, deferment, diminution, or reduction by reason of: (i) any damage to, destruction of, or any condemnation or similar taking of the Mortgaged Property; (ii) any restriction or prevention of or interference with any use of the Mortgaged Property; (iii) any title defect or encumbrance or any eviction from the Mortgaged Property by superior title or otherwise; (iv) any bankruptcy, insolvency, reorganization, composition, adjustment, dissolution, liquidation, or other like proceeding relating to Trustee, Beneficiary, or Grantor, or any action taken with respect to this Deed of Trust by any Trustee or receiver of Beneficiary or Grantor, or by any court, in any such proceeding; (v) any claim which Grantor has or might have against Trustee or Beneficiary; (vi) any default or failure on the part of Beneficiary to perform or comply with any of the terms hereof or of any other agreement with Grantor; or (vii) any other occurrence whatsoever, whether similar or dissimilar to the foregoing, whether or not Grantor shall have notice or knowledge of any of the foregoing. Except as expressly provided herein, Grantor waives all rights now or hereafter conferred by statute or otherwise to any abatement, suspension, deferment, diminution, or reduction of the Indebtedness.

Section 8.5 <u>SETOFF</u>. Beneficiary shall be entitled to exercise both the rights of setoff and banker's lien, if applicable, against the interest of Grantor in and to each and every account and other property of Grantor which are in the possession of Beneficiary to the full extent of the outstanding balance of the Indebtedness.

Section 8.6 <u>CONSENT TO DISPOSITION</u>. It is expressly agreed that Beneficiary may predicate Beneficiary's decision to grant or withhold consent to a Disposition on such terms and conditions as Beneficiary may require, in Beneficiary's sole discretion, including without limitation (i) consideration of the creditworthiness of the party to whom such Disposition will be made and its management ability with respect to the Mortgaged Property; (ii) consideration of whether the security for repayment of the Indebtedness and the performance and discharge of the Obligations, or Beneficiary's ability to enforce its rights, remedies, and recourses with respect to

Deed of Trust- Page 31

such security, will be impaired in any way by the proposed Disposition; (iii) an increase in the rate of interest payable under the Note or any other change in the terms and provisions of the Note and other Loan Documents; (iv) reimbursement of Beneficiary for all costs and expenses incurred by Beneficiary in investigating the creditworthiness and management or consulting ability of the party to whom such Disposition will be made and in determining whether Beneficiary's security will be impaired by the proposed Disposition; (v) payment to Beneficiary of a transfer fee to cover the cost of documenting the Disposition in its records; (vi) payment of Beneficiary's reasonable attorneys' fees in connection with such Disposition; (vii) the express assumption of payment of the Indebtedness and performance and discharge of the Obligations by the party to whom such Disposition will be made (with or without the release of Grantor from liability for such Indebtedness and Obligations); (viii) the execution of assumption agreements, modification agreements, supplemental loan documents, and financing statements, satisfactory in form and substance to Beneficiary; (ix) endorsements (to the extent available under applicable law) to any existing mortgagee title insurance policies insuring Beneficiary's liens and security interests covering the Mortgaged Property; and (x) requiring additional security for the payment of the Indebtedness and performance and discharge of the Obligations.

Section 8.7 <u>CONSENT TO SUBORDINATE MORTGAGE</u>. In the event of consent by Beneficiary to the granting of a Subordinate Mortgage, or in the event the right of Beneficiary to declare the Indebtedness to be immediately due and payable upon the granting of a Subordinate Mortgage without the prior written consent of Beneficiary is determined by a court of competent jurisdiction to be unenforceable under the provisions of any applicable law, Grantor will not execute or deliver any Subordinate Mortgage unless (i) it shall contain express covenants to the effect: (a) that the Subordinate Mortgage is in all respects unconditionally subject and subordinate to the lien and security interest evidenced by this Deed of Trust and each term and provision hereof; (b) that if any action or proceeding shall be instituted to foreclose the Subordinate Mortgage (regardless of whether the same is a judicial proceeding or pursuant to a power of sale contained therein), no tenant of any portion of the Mortgaged Property will be named as a party defendant, nor will any action be taken with respect to the Mortgaged Property which would terminate any occupancy or tenancy of the Mortgaged Property without the prior written consent of Beneficiary; (c) that the rents and profits, if collected through a receiver or by the holder of the Subordinate Mortgage, shall be applied first to the Indebtedness, next to the payment of the Impositions, and then to the performance and discharge of the Obligations; and (d) that if any action or proceeding shall be brought to foreclose the Subordinate Mortgage (regardless of whether the same is a judicial proceeding or pursuant to a power of sale contained therein), written notice of the commencement thereof will be given to Beneficiary contemporaneously with the commencement of such action or proceeding; and (ii) a copy thereof shall have been delivered to Beneficiary not less than ten (10) days prior to the date of the execution of such Subordinate Mortgage.

Section 8.8 <u>PAYMENT AFTER ACCELERATION</u>. If, following the occurrence of an Event of Default, and an acceleration of the Indebtedness or any part thereof but prior to a foreclosure sale of the Mortgaged Property, Grantor shall tender to Beneficiary the payment of an amount sufficient to satisfy the entire Indebtedness or the part thereof which has been accelerated, such tender shall be deemed a voluntary prepayment pursuant to the Indebtedness and,

Deed of Trust- Page 32

accordingly, Grantor, to the extent permitted by applicable law, shall also pay to Beneficiary the premium, if any, then required under the Indebtedness or the Loan Documents in order to exercise the prepayment privilege contained therein.

Section 8.9 MAXIMUM INTEREST. It is expressly stipulated and agreed to be the intent of Grantor and Beneficiary at all times to comply strictly with the applicable Texas law governing the maximum rate or amount of interest payable on the Note or the Related Indebtedness (or applicable United States federal law to the extent that it permits Beneficiary to contract for, charge, take, reserve or receive a greater amount of interest than under Texas law). If the applicable law is ever judicially interpreted so as to render usurious any amount (i) contracted for, charged, taken, reserved or received pursuant to the Note, any of the other Loan Documents or any other communication or writing by or between Grantor and Beneficiary related to the transaction or transactions that are the subject matter of the Loan Documents; (ii) contracted for, charged or received by reason of Beneficiary's exercise of the option to accelerate the maturity of the Note and/or the Related Indebtedness; or (iii) Grantor will have paid or Beneficiary will have received by reason of any voluntary prepayment by Grantor of the Note and/or the Related Indebtedness, then it is Grantor's and Beneficiary's express intent that all amounts charged in excess of the Maximum Lawful Rate shall be automatically canceled, ab initio, and all amounts in excess of the Maximum Lawful Rate theretofore collected by Beneficiary shall be credited on the principal balance of the Note and/or the Related Indebtedness (or, if the Note and all Related Indebtedness have been or would thereby be paid in full, refunded to Grantor), and the provisions of the Note and the other Loan Documents immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of the execution of any new document, so as to comply with the applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder; provided, however, if the Note has been paid in full before the end of the stated term of the Note, then Grantor and Beneficiary agree that Beneficiary shall, with reasonable promptness after Beneficiary discovers or is advised by Grantor that interest was received in an amount in excess of the Maximum Lawful Rate, either refund such excess interest to Grantor and/or credit such excess interest against the Note and/or any Related Indebtedness then owing by Grantor to Beneficiary. Grantor hereby agrees that as a condition precedent to any claim seeking usury penalties against Beneficiary, Grantor will provide written notice to Beneficiary, advising Beneficiary in reasonable detail of the nature and amount of the violation, and Beneficiary shall have sixty (60) days after receipt of such notice in which to correct such usury violation, if any, by either refunding such excess interest to Grantor or crediting such excess interest against the Note and/or the Related Indebtedness then owing by Grantor to Beneficiary. All sums contracted for, charged or received by Beneficiary for the use, forbearance or detention of any debt evidenced by the Note and/or the Related Indebtedness shall, to the extent permitted by applicable law, be amortized or spread, using the actuarial method, throughout the stated term of the Note and/or the Related Indebtedness (including any and all renewal and extension periods) until payment in full so that the rate or amount of interest on account of the Note and/or the Related Indebtedness does not exceed the Maximum Lawful Rate from time to time in effect and applicable to the Note and/or the Related Indebtedness for so long as debt is outstanding. In no event shall the provisions of Chapter 346 of the Texas Finance Code (which regulates certain revolving credit loan accounts and revolving triparty accounts) apply to the Note

Deed of Trust- Page 33

237171   Bk   Vol   Pg
OR   457   459

and/or the Related Indebtedness. Notwithstanding anything to the contrary contained herein or in any of the other Loan Documents, it is not the intention of Beneficiary to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration.

## ARTICLE IX
## SECURITY AGREEMENT

Section 9.1 <u>SECURITY INTEREST</u>. This Deed of Trust (a) shall be construed as a Deed of Trust on real property, and (b) shall also constitute and serve as a "Security Agreement" on personal property within the meaning of, and shall constitute until the grant of this Deed of Trust shall terminate as provided in Article II hereof, a first and prior security interest under the Code as to property within the scope thereof and in the state where the Mortgaged Property is located with respect to the Personalty, Fixtures, Contracts and Leases. To this end, Grantor GRANTS to, has GRANTED, BARGAINED, CONVEYED, ASSIGNED, TRANSFERRED, and SET OVER, and by these presents does GRANT, BARGAIN, CONVEY, ASSIGN, TRANSFER and SET OVER, unto Trustee and Beneficiary, a first and prior security interest and all of Grantor's right, title and interest in, to, under and with respect to the Personalty, Fixtures, Contracts and Leases to secure the full and timely payment of the Indebtedness and the full and timely performance and discharge of the Obligations. It is the intent of Grantor, Beneficiary, and Trustee that this Deed of Trust encumber all Leases and that all items contained in the definition of "Leases" which are included within the Code be covered by the security interest granted in this <u>Article IX</u>; and all items contained in the definition of "Leases" which are excluded from the Code be covered by the provisions of Article II hereof. Grantor will cooperate with Beneficiary in obtaining control with respect to portions of the Personalty that are either or both deposit accounts or letter of credit rights.

Section 9.2 <u>FINANCING STATEMENTS</u>. Grantor hereby agrees with Beneficiary to execute and deliver to Beneficiary, in form and substance satisfactory to Beneficiary, such "Financing Statements" and such further assurances as Beneficiary may, from time to time, reasonably consider necessary to create, perfect, and preserve Beneficiary's security interest herein granted, and Beneficiary may cause such statements and assurances to be recorded and filed, at such times and places as may be required or permitted by law to so create, perfect, and preserve such security interest. Grantor authorizes Beneficiary to file such "Financing Statements" describing such portions of the Mortgaged Property as Beneficiary may desire.

Section 9.3 <u>NO CHANGES</u>. Grantor will not change its principal place of business or chief executive office, or change the state of its organization or registration, or change its name, without in each instance the prior written consent of the Beneficiary, which consent shall not be unreasonably withheld or delayed. Beneficiary's consent will, however, be conditioned upon, among other things, the execution and delivery of additional financing statements, security agreements and other instruments which may be necessary to effectively evidence or perfect the Beneficiary's security interest in the Mortgaged Property as a result of such changes.

Section 9.4 <u>FIXTURE FILING</u>. This Deed of Trust shall also constitute a "fixture filing" for the purposes of the Code. All or part of the Mortgaged Property are or are to become fixtures;

information concerning the security interest herein granted may be obtained from either party at the address of such party set forth herein. For purposes of the security interest herein granted, the address of debtor (Grantor) is set forth in the first paragraph of this Deed of Trust and the address of the secured party (Beneficiary) is set forth in <u>Article I</u> hereof.

Section 9.5 PRINCIPAL PLACE OF BUSINESS. The Grantor will not change its principal place of business or chief executive office, or change the state of its organization or registration, or change its name, without in each instance, the prior written consent of the Beneficiary, which consent shall not be unreasonably withheld or delayed. Beneficiary's consent will, however, be conditioned upon, among other things, the execution and delivery of additional financing statements, security agreements, and other instruments which may be necessary to effectively evidence or perfect the Beneficiary's security interest in the Mortgaged Property as a result of such changes.

**ARTICLE X**
**CONCERNING THE TRUSTEE**

Section 10.1 <u>NO REQUIRED ACTION</u>. Trustee shall not be required to take any action toward the execution and enforcement of the trust hereby created or to institute, appear in, or defend any action, suit, or other proceeding in connection therewith where, in Trustee's opinion, such action would be likely to involve Trustee in expense or liability, unless requested so to do by a written instrument signed by Beneficiary and, if Trustee so requests, unless Trustee is tendered security and indemnity satisfactory to Trustee against any and all cost, expense, and liability arising therefrom.  Trustee shall not be responsible for the execution, acknowledgment, or validity of the Loan Documents, or for the proper authorization thereof, or for the sufficiency of the lien and security interest purported to be created hereby, and Trustee makes no representation in respect thereof or in respect of the rights, remedies, and recourses of Beneficiary.

Section 10.2 <u>CERTAIN RIGHTS</u>. With the approval of Beneficiary, Trustee shall have the right to take any and all of the following actions: (i) to select, employ, and advise with counsel (who may be, but need not be, counsel for Beneficiary) upon any matters arising hereunder, including the preparation, execution, and interpretation of the Loan Documents, and shall be fully protected in relying as to legal matters on the advice of counsel; (ii) to execute any of the trusts and powers hereof and to perform any duty hereunder either directly or through his agents or attorneys; (iii) to select and employ, in and about the execution of his duties hereunder, suitable accountants, engineers and other experts, agents and attorneys-in-fact, either corporate or individual, not regularly in the employ of Trustee, and Trustee shall not be answerable for any act, default, negligence, or misconduct of any such accountant, engineer or other expert, agent or attorney-in-fact, if selected with reasonable care, or for any error of judgment or act done by Trustee in good faith, or be otherwise responsible or accountable under any circumstances whatsoever, except for Trustee's gross negligence or bad faith; and (iv) any and all other lawful action as Beneficiary may instruct Trustee to take to protect or enforce Beneficiary's rights hereunder. Trustee shall not be personally liable in case of entry by Trustee, or anyone entering by virtue of the powers herein granted to Trustee, upon the Mortgaged Property for debts contracted

Deed of Trust- Page 35

for or liability or damages incurred in the management or operation of the Mortgaged Property. Trustee shall have the right to rely on any instrument, document, or signature authorizing or supporting any action taken or proposed to be taken by Trustee hereunder, believed by Trustee in good faith to be genuine. Trustee shall be entitled to reimbursement for expenses incurred by Trustee in the performance of Trustee's duties hereunder and to reasonable compensation for such of Trustee's services hereunder as shall be rendered. Grantor will, from time to time, pay the compensation due to Trustee hereunder and reimburse Trustee for, and save Trustee harmless against, any and all liability and expenses which may be incurred by Trustee in the performance of Trustee's duties.

Section 10.3 <u>RETENTION OF MONEY</u>. All moneys received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other moneys (except to the extent required by applicable law) and Trustee shall be under no liability for interest on any moneys received by Trustee hereunder.

Section 10.4 <u>SUCCESSOR TRUSTEES</u>. Trustee may resign by the giving of notice of such resignation in writing or verbally to Beneficiary. If Trustee shall die, resign, or become disqualified from acting in the execution of this trust, or if, for any reason, Beneficiary shall prefer to appoint a substitute Trustee or multiple substitute Trustees, or successive substitute Trustees or successive multiple substitute Trustees, to act instead of the aforenamed Trustee, Beneficiary shall have full power to appoint a substitute Trustee (or, if preferred, multiple substitute Trustees) in succession who shall succeed (and if multiple substitute Trustees are appointed, each of such multiple substitute Trustees shall succeed) to all the estates, rights, powers, and duties of the aforenamed Trustee. Such appointment may be executed by any authorized agent of Beneficiary, and if such Beneficiary be a corporation and such appointment be executed in its behalf by any officer of such corporation, such appointment shall be conclusively presumed to be executed with authority and shall be valid and sufficient without proof of any action by the board of directors or any superior officer of the corporation. Grantor hereby ratifies and confirms any and all acts which the aforenamed Trustee, or Trustee's successor or successors in this trust, shall do lawfully by virtue hereof. If multiple substitute Trustees are appointed, each of such multiple substitute Trustees shall be empowered and authorized to act alone without the necessity of the joinder of the other multiple substitute Trustees, whenever any action or undertaking of such substitute Trustees is requested or required under or pursuant to this Deed of Trust or applicable law.

Section 10.5 <u>PERFECTION OF APPOINTMENT</u>. Should any deed, conveyance, or instrument of any nature be required from Grantor by any Trustee or substitute Trustee to more fully and certainly vest in and confirm to the Trustee or substitute Trustee such estates, rights, powers, and duties, then, upon request by the Trustee or substitute Trustee, any and all such deeds, conveyances and instruments shall be made, executed, acknowledged, and delivered and shall be caused to be recorded and/or filed by Grantor.

Section 10.6 <u>SUCCESSION INSTRUMENTS</u>. Any substitute Trustee appointed pursuant to any of the provisions hereof shall, without any further act, deed, or conveyance, become vested with all the estates, properties, rights, powers, and trusts of its or his predecessor in the rights

Deed of Trust- Page 36

hereunder with like effect as if originally named as Trustee herein; but nevertheless, upon the written request of Beneficiary or of the substitute Trustee, the Trustee ceasing to act shall execute and deliver any instrument transferring to such substitute Trustee, upon the trusts herein expressed, all the estates, properties, rights, powers, and trusts of the Trustee so ceasing to act, and shall duly assign, transfer and deliver any of the property and moneys held by such Trustee to the substitute Trustee so appointed in the Trustee's place.

Section 10.7 <u>NO REPRESENTATION BY TRUSTEE OR BENEFICIARY</u>. By accepting or approving anything required to be observed, performed, or fulfilled or to be given to Trustee or Beneficiary pursuant to the Loan Documents, including without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, neither Trustee nor Beneficiary shall be deemed to have warranted, consented to, or affirmed the sufficiency, legality, effectiveness, or legal effect of the same, or of any term, provision, or condition thereof, and such acceptance or approval thereof shall not be or constitute any warranty or affirmation with respect thereto by Trustee or Beneficiary.

**ARTICLE XI**
**MISCELLANEOUS**

Section 11.1 <u>RELEASE</u>. If the Indebtedness is paid in full in accordance with the terms of this Deed of Trust, the Note, and the other Loan Documents, and if Grantor shall well and truly perform each and every of the Obligations to be performed and discharged in accordance with the terms of this Deed of Trust, the Note and the other Loan Documents, then this conveyance shall become null and void and be released at Grantor's request and expense, and Beneficiary shall have no further obligation to make advances under and pursuant to the provisions hereof or in the other Loan Documents.

Section 11.2 <u>PERFORMANCE AT GRANTOR'S EXPENSE</u>. Subject to the provisions of <u>Section 8.9</u> hereof, Grantor shall (i) pay all legal fees incurred by Beneficiary in connection with the preparation of the Loan Documents (including any amendments thereto or consents, releases, or waivers granted thereunder); (ii) reimburse Beneficiary, promptly upon demand, for all amounts expended, advanced, or incurred by Beneficiary to satisfy any obligation of Grantor under the Loan Documents, which amounts shall include (without limitation) all court costs, attorneys' fees (including, without limitation, for trial, appeal, or other proceedings), fees of auditors and accountants and other investigation expenses reasonably incurred by Beneficiary in connection with any such matters; and (iii) any and all other costs and expenses of performing or complying with any and all of the Obligations. Except to the extent that costs and expenses are included within the definition of "Indebtedness," the payment of such costs and expenses shall not be credited, in any way and to any extent, against any installment on or portion of the Indebtedness.

Section 11.3 <u>SURVIVAL OF OBLIGATIONS</u>. Each and all of the Obligations shall survive the execution and delivery of the Loan Documents and the consummation of the loan called for therein and shall continue in full force and effect until the Indebtedness shall have been paid in full; provided, however, that nothing contained in this Section shall limit the obligations of Grantor as otherwise set forth herein.

Deed of Trust- Page 37

Section 11.4 <u>RECORDING AND FILING</u>. Grantor will cause the Loan Documents requested by Beneficiary and all amendments and supplements thereto and substitutions therefor to be recorded, filed, re-recorded, and refiled in such manner and in such places as Trustee or Beneficiary shall reasonably request, and will pay all such recording, filing, re-recording and refiling taxes, documentary stamp taxes, fees, and other charges.

Section 11.5 <u>NOTICES</u>. All notices or other communications required or permitted to be given pursuant to this Deed of Trust shall be in writing and shall be considered as properly given if (i) mailed by first class United States mail, postage prepaid, registered or certified with return receipt requested; (ii) by delivering same in person to the intended addressee; (iii) by delivery to an independent third party commercial delivery service for same day or next day delivery and providing for evidence of receipt at the office of the intended addressee; or (iv) by prepaid telegram, telex, or telefacsimile to the addressee. Notice so mailed shall be effective upon its deposit with the United States Postal Service or any successor thereto; notice sent by such a commercial delivery service shall be effective upon delivery to such commercial delivery service; notice given by personal delivery shall be effective only if and when received by the addressee; and notice given by other means shall be effective only if and when received at the office or designated place or machine of the intended addressee. For purposes of notice, the addresses of the parties shall be as set forth herein; provided, however, that either party shall have the right to change its address for notice hereunder to any other location within the continental United States by the giving of thirty (30) days' notice to the other party in the manner set forth herein.

Section 11.6 <u>COVENANTS RUNNING WITH THE LAND</u>. All Obligations contained in this Deed of Trust and the other Loan Documents are intended by Grantor, Beneficiary, and Trustee to be, and shall be construed as, covenants running with the Mortgaged Property until the lien of this Deed of Trust has been fully released by Beneficiary.

Section 11.7 <u>SUCCESSORS AND ASSIGNS</u>. All of the terms of the Loan Documents shall apply to, be binding upon, and inure to the benefit of the parties thereto, their successors, assigns, heirs, and legal representatives, and all other persons claiming by, through, or under them.

Section 11.8 <u>NO WAIVER; SEVERABILITY</u>. Any failure by Trustee or Beneficiary to insist, or any election by Trustee or Beneficiary not to insist, upon strict performance by Grantor or others of any of the terms, provisions, or conditions of the Loan Documents shall not be deemed to be a waiver of same or of any other terms, provisions, or conditions thereof, and Trustee or Beneficiary shall have the right at any time or times thereafter to insist upon strict performance by Grantor or others of any and all of such terms, provisions, and conditions. The Loan Documents are intended to be performed in accordance with, and only to the extent permitted by, all applicable Legal Requirements. If any provision of any of the Loan Documents or the application thereof to any person or circumstance shall, for any reason and to any extent, be invalid or unenforceable, then neither the remainder of the instrument in which such provision is contained nor the application of such provision to other persons or circumstances nor the other instruments referred to herein shall be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

Deed of Trust- Page 38

Section 11.9 <u>COUNTERPARTS</u>. To facilitate execution, this Deed of Trust may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signature and acknowledgment of, or on behalf of, each party, or that the signature and acknowledgment of all persons required to bind any party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Deed of Trust to produce or account for more than a single counterpart containing the respective signatures and acknowledgment of, or on behalf of, each of the parties hereto. Any signature and acknowledgment page to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures and acknowledgments thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature and acknowledgment pages.

Section 11.10 <u>GOVERNING LAW</u>. This Deed of Trust is executed and delivered as an incident to a lending transaction negotiated and consummated in Live Oak County, Texas, and shall be governed by and construed in accordance with the laws of the State of Texas (including specifically, but without limitation, those matters set forth in Section 35.51(f) of the Texas Business & Commerce Code). Grantor, for itself and its successors and assigns, hereby irrevocably (i) submits to the nonexclusive jurisdiction of the state and federal courts in Texas; (ii) waives, to the fullest extent permitted by law, and objection that it may now or in the future have to the laying of venue of any litigation arising out of or in connection with any Loan Document brought in the District Court of Live Oak County, Texas; (iii) waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court or that such court is an inconvenient forum; and (iv) agrees that any legal proceeding against any party to any Loan Document arising out of or in connection with any of the Loan Documents may be brought in one of the foregoing courts. Grantor agrees that service of process upon it may be made by certified or registered mail, return receipt requested, at its address specified herein. Nothing herein shall affect the right of Beneficiary to serve process in any other manner permitted by law or shall limit the right of Beneficiary to bring any action or proceeding against Grantor or with respect to any of Grantor's property in courts in other jurisdictions. The scope of each of the foregoing waivers is intended to be all encompassing of any and all disputes that may be filed in any court and that relate to the subject matter of this transaction, including, without limitation, contract claims, tort claims, breach of duty claims, and all other common law and statutory claims. Grantor acknowledges that these waivers are a material inducement to Beneficiary's agreement to enter into agreements and obligations evidenced by the Loan Documents, that Beneficiary has already relied on these waivers and will continue to rely on each of these waivers in related future dealings. The waivers in this section are irrevocable, meaning that they may not be modified either orally or in writing, and these waivers apply to any future renewals, extensions, amendments, modifications, or replacements in respect of the applicable Loan Document. In connection with any litigation, this Deed of Trust may be filed as a written consent to a trial by the court.

Section 11.11 <u>CONTROLLING AGREEMENT</u>. In the event of any conflict between the provisions of this Deed of Trust and any of the other Loan Documents, it is the intent of the parties hereto that the provisions of this Deed of Trust shall control. The parties hereto acknowledge that they were represented by competent counsel in connection with the negotiation, drafting and

Deed of Trust- Page 39

BK   Vol   Pg
237171   OR   457   465

execution of the Loan Documents and that such Loan Documents shall not be subject to the principle of construing their meaning against the party which drafted same.

Section 11.12 <u>SUBROGATION</u>. If any or all of the proceeds of the Note have been used to extinguish, extend or renew any indebtedness heretofore existing against the Mortgaged Property, then, to the extent of such funds so used, Beneficiary shall be subrogated to all of the rights, claims, liens, titles, and interests existing against the Mortgaged Property heretofore held by, or in favor of, the holder of such indebtedness and such former rights, claims, liens, titles, and interests, if any, are not waived but rather are continued in full force and effect in favor of Beneficiary and are merged with the lien and security interest created herein as cumulative security for the repayment of the Indebtedness and the performance and discharge of the Obligations.

Section 11.13 <u>RIGHTS CUMULATIVE</u>. Beneficiary shall have all rights, remedies, and recourses granted in the Loan Documents and available at law or in equity (including, without limitation, those granted by the Code and applicable to the Mortgaged Property or any portion thereof), and the same (i) shall be cumulative and concurrent; (ii) may be pursued separately, successively, or concurrently against Grantor or others obligated for the Indebtedness or any part thereof, or against any one or more of them, or against the Mortgaged Property, at the sole discretion of Beneficiary; (iii) may be exercised as often as occasion therefor shall arise, it being agreed by Grantor that the exercise, discontinuance of the exercise of or failure to exercise any of the same shall in no event be construed as a waiver or release thereof or of any other right, remedy, or recourse; and (iv) are intended to be, and shall be, nonexclusive. All rights and remedies of Beneficiary hereunder and under the other Loan Documents shall extend to any period after the initiation of foreclosure proceedings, judicial or otherwise, with respect to the Mortgaged Property.

Section 11.14 <u>PAYMENTS</u>. Remittances in payment of any part of the Indebtedness other than in the required amount in funds immediately available at the place where the Note is payable shall not, regardless of any receipt or credit issued therefor, constitute payment until the required amount is actually received by Beneficiary in funds immediately available at the place where the Note is payable (or such other place as Beneficiary, in Beneficiary's sole discretion, may have established by delivery of written notice thereof to Grantor) and shall be made and accepted subject to the condition that any check or draft may be handled for collection in accordance with the practice of the collecting bank or banks. Acceptance by Beneficiary of any payment in an amount less than the amount then due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an Event of Default.

Section 11.15 <u>EXCEPTIONS TO COVENANTS</u>. Grantor shall not be deemed to be permitted to take any action or to fail to take any action with respect to any particular covenant or condition contained herein or in any of the Loan Documents if the action or omission would result in the breach of any other covenant or condition contained herein or in any of the Loan Documents which has not been specifically waived or consented to by Beneficiary, nor shall Beneficiary be deemed to have consented to any such act or omission if the same would provide cause for acceleration of the Indebtedness as a result of the breach of any other covenant or condition contained herein or in any of the Loan Documents which has not been specifically waived or consented to by Beneficiary.

Deed of Trust- Page 40

Section 11.16 <u>RELIANCE</u>. Grantor recognizes and acknowledges that in entering into the loan transaction evidenced by the Loan Documents and accepting this Deed of Trust, Beneficiary is expressly and primarily relying on the truth and accuracy of the foregoing warranties and representations set forth in Article III hereof without any obligation to investigate the Mortgaged Property and notwithstanding any investigation of the Mortgaged Property by Beneficiary; that such reliance exists on the part of Beneficiary prior hereto; that such warranties and representations are a material inducement to Beneficiary in making the loan evidenced by the Loan Documents and the acceptance of this Deed of Trust; and that Beneficiary would not be willing to make the loan evidenced by the Loan Documents and accept this Deed of Trust in the absence of any of such warranties and representations.

Section 11.17 <u>CHANGE OF SECURITY</u>. Any part of the Mortgaged Property may be released, regardless of consideration, by Beneficiary from time to time without impairing, subordinating, or affecting in any way the lien, security interest, and other rights hereof against the remainder. The lien, security interest, and other rights granted hereby shall not be affected by any other security taken for the Indebtedness or Obligations, or any part thereof. The taking of additional collateral, or the amendment, extension, renewal, or rearrangement of the Indebtedness or Obligations, or any part thereof, shall not release or impair the lien, security interest, and other rights granted hereby, or affect the liability of any endorser or guarantor or improve the right of any junior lienholder; and this Deed of Trust, as well as any instrument given to secure any amendment, extension, renewal, or rearrangement of the Indebtedness or Obligations, or any part thereof, shall be and remain a first and prior lien, except as otherwise provided herein, on all of the Mortgaged Property not expressly released until the Indebtedness is fully paid and the Obligations are fully performed and discharged.

Section 11.18 <u>HEADINGS</u>. The Article, Section, and Subsection entitlements hereof are inserted for convenience of reference only and shall in no way alter, modify, or define, or be used in construing the text of such Articles, Sections, or Subsections.

Section 11.19 <u>ENTIRE AGREEMENT; AMENDMENT</u>. THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS EMBODY THE FINAL, ENTIRE AGREEMENT AMONG THE PARTIES HERETO AND SUPERSEDE ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS, AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THE SUBJECT MATTER HEREOF AND THEREOF AND MAY NOT BE CONTRADICTED OR VARIED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OF THE PARTIES HERETO. THERE ARE NO ORAL AGREEMENTS AMONG THE PARTIES HERETO. The provisions hereof and the other Loan Documents may be amended or waived only by an instrument in writing signed by Grantor and Beneficiary.

Section 11.20 <u>WAIVER OF RIGHT TO TRIAL BY JURY</u>. GRANTOR HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, PROCEEDING, OR COUNTERCLAIM THAT RELATES TO OR ARISES OUT OF ANY OF THE LOAN DOCUMENTS OR THE ACTS OR FAILURE TO ACT

OF OR BY BENEFICIARY IN THE ENFORCEMENT OF ANY OF THE TERMS OR PROVISIONS OF THIS DEED OF TRUST OR THE OTHER LOAN DOCUMENTS.

Section 11.21 <u>COUNTING OF DAYS</u>. The term "days" when used herein shall mean calendar days. If any time period ends on a Saturday, Sunday or holiday officially recognized by the state within which the Land is located (whether legal or religious in nature), the period shall be deemed to end on the next succeeding business day. The term "business day" or "Business Day" when used herein shall mean a weekday, Monday through Friday, except a legal holiday or a day on which banking institutions in Lufkin, Texas are authorized by law to be closed.

Section 11.22 <u>CROSS COLLATERALIZATION   AND   CROSS-DEFAULT</u>.   The liens, assignments and security interests of the Deed of Trust and Loan documents shall secure all funds heretofore or hereafter advanced by Beneficiary to or for the benefit of Grantor, whether contemplated by any covenant or provision of the Deed of Trust and Loan Documents, and/or any renewal, increase, extension or modification of same, or by any new or previous note, loan or other evidence of indebtedness, whether such indebtedness is evidenced by note, open account, overdraft, endorsement, security agreement, guaranty or otherwise, it being contemplated that Grantor has previously and may hereafter become indebted to Beneficiary in a further sum or sums.

Any default in the payment of any indebtedness relating to the Deed of Trust and Loan Documents, without limitation, due to Beneficiary or any default in performance of any obligation by Grantor or any other party liable for the payment, whether as maker, endorser, guarantor, surety or otherwise, or by Grantor or any other party liable for the performance of the provisions of the Deed of Trust and Loan Documents shall constitute a default under this Deed of Trust, as well as any other Loan Document.

Section 11.23 <u>NO MERGER OF ESTATES</u>. So long as any part of the Indebtedness and the Obligations secured hereby remain unpaid and unperformed or undischarged, the fee and leasehold estates to the Mortgaged Property shall not merge but rather shall remain separate and distinct, notwithstanding the union of such estates either in Grantor, Beneficiary, any lessee, or any third party purchaser or otherwise.

[Balance of this Page Left Intentionally Blank]

Deed of Trust- Page 42

237171    Bk    Vol    Pg
OR    457    468

EXECUTED as of the date first above written.

**NOTICE OF INDEMNIFICATION:**
**GRANTOR HEREBY ACKNOWLEDGES**
**AND AGREES THAT THIS DEED OF**
**TRUST CONTAINS CERTAIN**
**INDEMNIFICATION PROVISIONS**
**(INCLUDING, WITHOUT LIMITATION,**
**THOSE CONTAINED IN**
**SECTIONS 7.1(B) AND 8.2 HEREOF)**
**WHICH, IN CERTAIN**
**CIRCUMSTANCES, COULD INCLUDE**
**AN INDEMNIFICATION BY GRANTOR**
**OF BENEFICIARY FROM CLAIS OR**
**LOSSES ARISING AS A RESULT OF**
**BENEFICIARY'S OWN NEGLIGENCE.**

**GRANTOR:**
Three Rivers Sand, LLC
a Texas limited liability company

By: Bazil Moore (Dec 6, 2021 10:46 EST)
Name: Bazil Moore
Its: Manager

STATE OF VIRGINIA §
                          §
COUNTY OF NORFOLK §

This forgoing instrument was ACKNOWLEDGED before me this _6_ day of December, 2021, by Three Rivers Sand, LLC a Texas limited liability company, by and through Bazil Moore, its Manager, on behalf of said entity.

> KETSIA MCCLEASE
> Electronic Notary Public
> Commonwealth of Virginia
> Registration No. 327724
> My Commission Expires Apr 30, 2023

_Ketsia McClease_
Notary Public, State of Virginia

This notarial act was performed online by way of
two-way audio/video communication technology.

237171    Bk   Vol   Pg
         OR   457   469

Filed for Record in:
Live Oak County
On: Mar 03,2022 at 11:45A
Document Number:      237171
Amount:           198.00
Receipt Number - 28217
        By,
Rebecca Gutierriez, Deputy
Ida Vasquez, County Clerk
Live Oak County

STATE OF TEXAS
COUNTY OF LIVE OAK
THIS IS TO CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT
COPY OF THE DOCUMENT ON FILE IN
MY OFFICE WITNESS MY HAND AND
OFFICIAL SEAL THIS ___3___ DAY OF

_____ Mar, 20 22
IDA VASQUEZ, COUNTY CLERK

BY _Rebecca_____
          DEPUTY

Ret:
Three Rivers Sands LLC
1715 University Dr
Nacogdoches Tx 75961