

Ross Tower
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Main  214.855.7500
Fax  214.855.7584
munsch.com

kjaksa@munsch.com

April 29, 2026

**BY ECF ONLY**

Honorable Michelle V. Larson
United States Bankruptcy Court
Earle Cabell Federal Building
1100 Commerce St., Room 1254
Dallas, TX 75242

  *Re:*   *In re FCI Sand Operations, LLC et al., Bankruptcy Case No. 25-80481-mvl-11*

Dear Judge Larson:

  I write this letter in advance of the Court's bench ruling on Friday, May 1, 2026.

  The definition of Repayment Fee set forth in the *Amended Final Order Granting Debtors' Motion for Interim and Final Approval of Superpriority and First Priority Secured Postpetition Financing* [Dkt. No. 140] (the "First DIP Order") was amended by the First Amendment to the Senior Secured, Superpriority Debtor-in-Possession Master Credit Agreement, dated December 12, 2025 (the "First Amendment").  The First Amendment defines the "Repayment Fee" as follows:

  The Final DIP Order shall provide that the DIP Lender shall be entitled to (i) payment of a repayment fee (the "Repayment Fee") under which the DIP Lender may purchase $9,000,000 worth of equity of the Debtors pursuant to a Plan of Reorganization for a purchase price of $3,000,000; or (ii) if a Plan of Reorganization that issues or reinstates equity is not confirmed, $6,000,000 subordinated to all allowed non-priority general unsecured claims.

First Amendment, §1(e)(b).  The Repayment Fee definition reflected in the First Amendment is not expressly set forth in either the First DIP Order or the *Order Approving the Debtors' Emergency Motion for Approval of Additional Postpetition Financing on First Priority, Priming Basis* [Dkt. No. 266] (the "Second DIP Order" and collectively with the First DIP Order, the "DIP Orders"); however, the Second DIP Order approved the First Amendment.

  In the context of the *Stalking Horse Asset Purchase Agreement* [Dkt. No. 448-1] ("Stalking Horse APA"), the Repayment Fee is defined by reference to the DIP Orders.  To clarify, the parties believe that the Repayment Fee defined in the First Amendment is the operative definition.  While the Repayment Fee may take one of two forms, any cash payment portion of the Repayment Fee will be subordinated to all allowed non-priority general unsecured claims.  Further, as expressly clarified in the Stalking Horse APA, the Repayment Fee shall not form part of GrayStreet Credit, LLC's ("GrayStreet") credit bid.

Honorable Michelle V. Larson
April 29, 2026
Page 2


      Additionally, GrayStreet has agreed that, should both a Break-Up Fee and the Repayment Fee become payable, any amounts payable as the Break-Up Fee will be credited against the Repayment Fee.

      The Debtors and GrayStreet agree that the foregoing is true and correct, as evidenced by the signatures of their respective counsel below.


Respectfully,


**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Edward A. Clarkson, III*
    David L. Curry, Jr.
    Texas Bar No. 24065107
    Edward A. Clarkson, III
    Texas Bar No. 24059118
    1113 Vine St., Suite 240
    Houston, Texas 77002
    Phone: (713) 228-4100
    Fax: (346) 247-7158
    eclarkson@okinadams.com


    *Counsel for GrayStreet Credit, LLC.*

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ J. Kyle Jaksa*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    J. Kyle Jaksa, Esq.
    Texas Bar No. 24120923
    500 N. Akard St., Ste. 4000
    Dallas, TX 75201
    Phone: (214) 855-7500
    drukavina@munsch.com
    kjaksa@munsch.com

    *Counsel for the Debtors*


KJ:


    Cc:    All counsel of record [via CMECF]